IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYLAND COLLINS, CANDY KELLY, AND ALVIN POLK | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| Plaintiffs | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| | * | |
| | * | |
| JOHN C BENTON d/b/a | * | MAGISTRATE: |
| Q & M MOTOR TRANSPORTS, | * | |
| MARK INGLE and | * | |
| NORTHLAND INSURANCE | * | |
| COMPANY | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, WAYLAND COLLINS, CANDY KELLY and ALVIN POLK, all persons of the full age of majority and residents of and domiciled in the Parish of Orleans, State of Louisiana, who respectfully submit the following Complaint:

1.

This cause of action arises out of a motor vehicle collision that occurred on or about August 9, 2017, in the Parish of Orleans, State of Louisiana.

### **THE DEFENDANTS**

2.

Made Defendants herein are:

A.  MARK INGLE ("Defendant Ingle") a person of the full age of the majority and resident of and domiciled in the County of Hazlehurst, State of Mississippi;

B.  JOHN C BENTON d/b/a Q & M MOTOR TRANSPORTS, (hereinafter, "Q & M Transport"), a foreign corporation upon information and belief, incorporated in the State of Indiana and having its principal place of business in the State of Mississippi, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the August 9, 2017, motor vehicle collision at issue and the entity that employed Defendant Ingle while he was driving in the course and scope of his employment at the time of the August 9, 2017, motor vehicle collision;

C.  NORTHLAND INSURANCE COMPANY, (hereinafter "NORTHLAND"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated a State, other than the State of Louisiana and having its principal place of business other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Ingle and owned by Q & M.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

5.

On or about August 9, 2017, Wayland Collins was operating a 2015 Nissan Juke, which was owned by Candy Kelly and traveling eastbound on Interstate 10 and turning off onto I-510 Southbound, when suddenly and without warning defendant, Mark Ingle, who was also making the turn misjudged his clearance and violently with full force of impact, struck the Collins vehicle.

6.

Plaintiffs, Candy Kelly and Alvin Polk, were passengers in the vehicle driven by Mr. Collins at the time of the August 9, 2017 crash.

7.

At the same date and time, Defendant Ingle, was driving a 2013 Peterbuilt 18-wheeler (VIN: 1NPWL49X5DD189891) Eastbound on I-10 in the middle lane.

8.

Defendant Ingle negligently failed to keep a proper lookout and attempted to change from the middle lane to the right lane and misjudged the turn, causing his vehicle to enter Plaintiffs' lane of travel and collide with Plaintiffs' vehicle.

9.

As a result of Defendant Ingle colliding with the Kelly vehicle, Wayland Collins, Candy

Kelly and Alvin Polk were violently jolted inside the vehicle.

10.

Defendant Ingle was cited by the New Orleans Police Department for improper lane change.

11.

The vehicle being driven by Defendant Ingle was owned by Q & M Transport, and Defendant Ingle was within the course and scope of his employment with Q & M Transport when he crashed into the vehicle containing Plaintiffs.

**FAULT OF MARK INGLE**

12.

The above described August 9, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Ingle, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## LIABILITY OF JOHN C BENTON d/b/a Q & M TRANSPORTS

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Q & M Transport is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Ingle.

## LIABILITY OF NORTHLAND INSURANCE

14.

Northland Insurance Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Q & M Transport, as owner, and Defendant Ingle, as operator of the insured vehicle, for his negligence in connection with the August 9, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Q & M Transport has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability

of Defendant Ingle and Q & M Transport.

## DAMAGES

15.

As a result of said August 9, 2017, motor vehicle collision, Mr. Wayland Collins suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

Mr. Wayland Collins' injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Ingle and his failure to operate his vehicle in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Mr. Wayland Collins suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

 a) Past, present, and future mental pain and suffering;

 b) Past, present, and future physical pain and suffering;

 c) Past, present, and future medical expenses;

 d) Loss of enjoyment of life;

 e) Past, present, and future lost earnings;

 f) Loss of earning capacity; and

 g) All damages allowed under Louisiana law which may be proven at the trial of

this matter.

18.

As a result of said August 9, 2017, motor vehicle collision, Mrs. Candy Kelly suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Mrs. Candy Kelly's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Ingle and his failure to operate his vehicle in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Mrs. Candy Kelly suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of

this matter.

21.

As a result of said August 9, 2017, motor vehicle collision, Mr. Alvin Polk suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

22.

Mr. Alvin Polk's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Ingle and his failure to operate his vehicle in a proper, prudent, and safe manner.

23.

As a result of the motor vehicle collision at issue, Mr. Alvin Polk suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost wages;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Wayland Collins, Candy Kelly and Alvin Polk pray that Defendants, JOHN C BENTON d/b/a Q & M TRANSPORTS, MARK INGLE and NORTHLAND INSURANCE COMPANY be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:     */s/Jason Baer*
**JASON M. BAER**, Bar No. 31609
**CASEY C. DEREUS**, Bar No. 37096
**JOSHUA A. STEIN,** Bar No. 37885
One Shell Square
701 Poydras Street, Suite 3950
New Orleans, LA  70139
Telephone:    (504) 313-3800
Facsimile:    (504) 313-3820
Email:        jstein@panditlaw.com
*Attorneys for Plaintiffs*

And

**MOTTA LAW FIRM, LLC**
**VANESSA MOTTA (# 36915)**
525 Clay Street
Kenner, LA 70062
Telephone: (504) 500-7246
Facsimile: (504) 513-3122
Email: Vanessa@mottalaw.com
*Counsel for Plaintiffs*

*[SERVICE INFORMATION ON NEXT PAGE]*

**PLEASE SERVE:**

**MARK INGLE**
Through Louisiana Long arm statute:
1068 Alderman Lane
Hazelhurst, MS 39083

**JOHN C BENTON d/b/a Q & M TRANSPORT**
Through its Louisiana Long arm statute:
John C. Benton
2141 Flowood Dr.
Flowood, MS 39208

**NORTHLAND INSURANCE COMPANY**
Through Louisiana Secretary of State Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809