**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WAYLAND COLLINS, CANDY KELLY AND ALVIN POLK**<br>**Plaintiffs** | **CIVIL ACTION** |
| | **NO. 2:18-CV-07465** |
| **VERSUS** | **JUDGE: NANNETTE JOLIVETTE BROWN** |
| **JOHN C. BENTON d/b/a Q&M MOTOR TRANSPORTS, MARK INGLE AND NORTHLAND INSURANCE COMPANY** | **MAGISTRATE: MICHAEL B. NORTH** |
| **Defendants** | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE COUNTERCLAIM**

**NOW INTO COURT,** through undersigned counsel, come Defendants John C. Benton d/b/a Q&M Motor Transports, Mark Ingle, and Northland Insurance Company who hereby submit this memorandum in support of Defendants' Motion for Leave of Court to amend and supplement their original responsive pleadings to include a counterclaim against Plaintiffs, Wayland Collins, Candy Kelly, and Alvin Polk.

**PROCEDURAL HISTORY AND BACKGROUND**

Plaintiffs, Wayland Collins, Candy Kelly, and Alvin Polk allege that on August 9, 2017, an accident occurred I-10 in Orleans Parish near the merge with I-510 southbound. *See* Doc. 1. Plaintiffs contend that an 18-wheeler owned by John C. Benton d/b/a Q&M Motor Transport and operated by Mark Ingle collided with the vehicle driven by Wayland Collins with Candy Kelly and Alvin Polk as passengers. *Id.* On August 7, 2018, Plaintiffs filed a Complaint alleging they suffered injuries as a result of the alleged August 9, 2017

accident, seeking damages from Defendants John C. Benton d/b/a Q&M Motor Transports, Mark Ingle and Northland Insurance Company. *Id.* On September 10, 2018, John C. Benton d/b/a Q&M Motor Transports and Northland Insurance Company filed an Answer to Plaintiffs' Complaint. *See* Doc. 7. On October 11, 2018, Mark Ingle filed an Answer to Plaintiffs' Complaint. *See* Doc. 15.

In the course of discovery and investigation, Defendants obtained information that supports that the August 9, 2017 accident did not occur as alleged by Plaintiffs. This information is outlined in the Law and Argument section of this memorandum. Defendants continue to investigate the veracity of Plaintiffs' claims to uncover additional information. Pursuant to the Court's scheduling order, all incidental demands, including counterclaims, must be filed by July 19, 2019. *See* Doc. 27. As required by Local Rule 7.6, prior to filing this motion, Defendants contacted Plaintiffs' counsel requesting consent to grant this motion for leave. Plaintiffs' counsel denied this request.

## LAW AND ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). Rule 15(a) evinces a favor of granting leave to amend. *See Stripling v. Jordan Prod.Co.* 234 F.3d 863, 872 (5th Cir. 2000). However, the district court has discretion to deny a motion to amend if the amended complaint fails to state a claim upon which relief could be granted. *Id.* To determine whether relief could be granted, courts apply the same standard of legal sufficiency as applied under Rule 12(b)(6)

– i.e. whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states a valid claim for relief. *Id; see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000). Other factors that Courts use to determine whether to grant a motion to amend include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993).

Defendants assert a valid claim of fraud in their counterclaim against Plaintiffs. The counterclaim made in good faith, will not cause undue delay, and will not create undue prejudice to the Plaintiffs.

**A. Defendants Set Forth Facts in The Counterclaim That Support A Valid Claim of Relief Made in Good Faith.**

Under Federal Rules of Civil Procedure 9(b), when alleging fraud, a party must state with particularity the circumstances constituting fraud. As asserted in their counterclaim against Plaintiffs, Defendants obtained information through their investigation that supports that the August 9, 2017 accident did not occur as alleged by Plaintiffs, was intentionally caused by Plaintiffs, and/or that Plaintiffs suffered no injury in the alleged accident.

In particular, the Police Crash Report, drafted by investigating officer Jack Kounlavong of the New Orleans Police Department, stated the time of the alleged accident on August 9, 2017 to be approximately 5:10 p.m. *See* Police Crash Report, attached as Exhibit A to Counterclaim. Phone records received through subpoena to the cell phone

carrier of Plaintiffs, Wayland Collins and Alvin Polk, show both Collins and Polk to be in contact with Cornelius Garrison within hours after the alleged accident. *See* Phone Records of Collins, attached as Exhibit B to Counterclaim; Phone Records of Polk, attached as Exhibit C to Counterclaim and Westlaw PeopleMap Report on Cornelius Garrison, attached as Exhibit D to Counterclaim. Cornelius Garrison has filed suit resulting from at least two side swipe accidents against an 18-wheeler and a Hotard bus, respectively, and made similar allegations as those asserted in Plaintiffs' Complaint in this case. *See* Garrison's Petitions attached as Exhibit E to Counterclaim.

Further, the phone records of Polk show that Polk was in contact with Sean Alfortish at 3:57 p.m. on August 9, 2017, approximately one hour before the alleged accident in question. *See* Exhibit C to Counterclaim and Westlaw Phone Records Search for Sean Alfortish, attached as Exhibit F to Counterclaim. Sean Alfortish is the fiancé of counsel for plaintiffs, Vanessa Motta, the Grantor of The J.A. Trust and the current/former principal of Total Medical Concepts, LLC. *See* Exhibit G attached to Counterclaim. Total Medical Concepts, LLC, a third-party funding company, is the guarantor on several Health Claim Forms submitted by medical providers who treated Collins and Polk for their alleged injuries resulting from this alleged accident. *See* Exhibit J attached to Counterclaim. Moreover, Total Medical Concepts, LLC operates out of the building owned by The J.A. Trust and located at 525 Clay Street in Kenner, Louisiana, the same address as counsel for plaintiffs. *See* Exhibits G, H, and I attached to Counterclaim.

Moreover, the phone records of Collins show that Collins was in contact with Raphus Adams and Ryan Harris numerous times within hours after the alleged accident on

August 9, 2017. *See* Exhibit B attached to Counterclaim, Westlaw PeopleMap Report for Raphus Adams, attached as Exhibit K to Counterclaim, and Westlaw Phone Records Search for Ryan Harris, attached as Exhibit L to Counterclaim. Both Raphus Adams and Ryan Harris are represented by Vanessa Motta in their respective lawsuits in which they claim personal injury resulting from similarly alleged accidents on the I-10 in Orleans Parish. See Exhibit M to Counterclaim.

Furthermore, on the Police Crash Report, the investigating officer marked that the extent of damage to the Q&M truck to be "very minor." *See* Exhibit A to Counterclaim. Similarly, the investigating officer marked that the extent of damage to Plaintiffs' vehicle to be "minor/moderate." *Id.* Despite the alleged accident being classified as a "minor" accident, all three plaintiffs, Wayland Collins, Candy Kelly and Alvin Polk, obtained surgical recommendations and had surgery for their alleged injuries. After this alleged August 9, 2017 accident, all three plaintiffs saw the same chiropractor, Dr. Michelle LeBlanc. Collins and Kelly treated with Dr. Lonseth for pain management. Then, Collins and Polk saw Dr. Liechty, who recommended surgery and performed those surgeries. All three plaintiffs have followed similar medical treatment regimen.

Collins and Polk were each recently seen by Defendant's expert, Dr. Everett G. Robert, for an Independent Medical Exam. Dr. Robert concluded that Polk "clearly had a cervical spinal issue a year prior to the aforementioned accident along with an MRI that showed a C3-4 herniated disc. Additionally, Dr. Robert concluded that there was no evidence that Collins sustained any anatomical trauma to his lumbar spine as a result of the alleged accident. Further, Dr. Robert concluded that Collins' October 9, 2017 cervical

MRI did not show any edema and/or hemorrhage to suggest any acute changes or acute pathology, thereby supporting his opinion that Collins did not sustain a disc injury as a result of the alleged accident in question.

Defendant, Mark Ingle, vehemently disputes that an accident occurred as alleged by Plaintiffs. Ingle was not even aware that the alleged accident had occurred. Collins and Polk both testified in their depositions that they chased down the driver of the 18-wheeler after the alleged accident.

Based on these facts, Defendants maintain that there was no accident or collision as alleged by the Plaintiffs and/or that it was staged or caused by Plaintiffs and/or that Plaintiffs suffered no injury as a result of the alleged accident. Defendants assert that any accident or collision, if one did occur, was intentionally caused by Plaintiffs. Plaintiffs' allegations are misrepresentations in accordance with Louisiana Civil Code article 1953. The material misrepresentations asserted in Plaintiffs' Complaint were used to deceive Defendants in forcing them to defend meritless claims and/or make payments for alleged injuries. As a result of Plaintiffs' fraudulent actions, Q&M has sustained damages, including, but not limited to, loss revenues, nonrenewal of insurance policy and increased policy premiums. In addition, Ingle has sustained damages, including, but not limited to, loss of income as he lost his job as a truck driver. Moreover, Defendants have and will continue to expend resources and expenses, including attorney's fees, in defending this fraudulent lawsuit. Therefore, Defendants assert a valid claim, made in good faith, in their Counterclaim against Plaintiffs.

**B. Defendants' Counterclaim Will Not Cause Undue Delay and Will Not Unduly Prejudice The Plaintiffs.**

Defendants have maintained that Plaintiffs sped up to cause the accident since the original Answer and Affirmative Defenses was filed on September 10, 2018. *See* Doc. 7. Defendants now have the evidence to support a Counterclaim for fraud. Therefore, Plaintiffs will not be unduly prejudiced by this Counterclaim as the claims asserted in the Counterclaim correspond to affirmative defenses of which Plaintiffs were already put on notice. Furthermore, Defendants' Counterclaim is timely filed in accordance with the Court's Scheduling Order. *See* Doc. 27. Thus, Defendants' Counterclaim will not cause undue delay.

## CONCLUSION

Defendants, John C. Benton d/b/a Q&M Motor Transports, Mark Ingle and Northland Insurance Company, assert a valid claim, made in good faith, in their Counterclaim against Plaintiffs. Defendants' Counterclaim asserts the facts with particularity that support their allegations of fraud. Further, Defendants' Counterclaim would not cause undue prejudice to the Plaintiffs or undue delay because it was timely filed in accordance with the Court's Scheduling Order. Therefore, Defendants, John C. Benton d/b/a Q&M Motor Transports, Mark Ingle and Northland Insurance Company pray that the motion be deemed good and sufficient and that leave to allege a counterclaim be granted.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: mwells@lpwsl.com
kfonte@lpwsl.com

**BY:** ***/s/ Morgan J. Wells, Jr.***
**MORGAN J. WELLS, JR. (#18499)**
**KRISTINA J. FONTE (#30910)**

**ATTORNEYS FOR DEFENDANTS, JOHN C. BENTON d/b/a Q&M MOTOR TRANSPORT, MARK INGLE, AND NORTHLAND INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly addressed and postage prepaid.

***/s/ Morgan J. Wells, Jr.***