UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's (collectively, "Plaintiffs") "First Motion for Extension of Deadline for Expert Reports."[1] In the motion, Plaintiffs request that this Court extend Plaintiffs' deadline to disclose their expert reports to Defendants Mark Ingle, Q & M Motor Transports, and Northland Insurance Company (collectively, "Defendants") from October 10, 2019 to November 10, 2019.[2] Having considered the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants in this Court, seeking recovery for injuries and property damages Plaintiffs allegedly sustained in an automobile accident.[3] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 and, while exiting onto Interstate 510, collided with an 18-

---

[1] Rec. Doc. 56.

[2] *Id.*

[3] Rec. Doc. 1 at 3.

1

wheeler driven by Defendant Mark Ingle.[4] Plaintiffs allege that Defendant Mark Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[5] Plaintiffs further allege that Defendant Mark Ingle was cited for an "improper lane change."[6] Plaintiffs bring a negligence claim against Defendant Mark Ingle and Defendant Q & M Transport, who is allegedly Defendant Mark Ingle's principal under the doctrine of respondeat superior.[7] Plaintiffs also bring claims against Defendant Northland Insurance Company, who purportedly insured the 18-wheeler operated by Defendant Mark Ingle.[8]

On November 13, 2018, the Court issued a Scheduling Order setting this case for trial on October 21, 2019.[9] On June 11, 2019, approximately 10 months after the filing of the Complaint, all parties jointly moved for a continuance of the October 21, 2019 trial date and accompanying deadlines because all of the Plaintiffs had recently undergone surgery and were in the process of being treated by several physicians.[10] On June 17, 2019, this Court granted the parties' request because Plaintiffs appeared to not have reached maximum medical recovery at that time.[11] Thereafter, the Court issued a new Scheduling Order setting this case for trial on January 8, 2020.[12] The Scheduling Order set October 10, 2019 as the deadline for Plaintiffs to disclose their

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.*

[9] Rec. Doc. 17.

[10] Rec. Doc. 23.

[11] Rec. Doc. 25.

[12] Rec. Doc. 27.

expert reports, and November 8, 2019 as the deadline for Defendants to disclose their expert reports.[13] The Scheduling Order further provides that any "[m]otions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than December 4, 2019."[14]

On October 16, 2019, Plaintiffs filed the instant motion requesting an extension of Plaintiffs' October 10, 2019 expert report deadline.[15] On October 28, 2019, Defendants filed an opposition to the instant motion.[16] On November 1, 2019, Plaintiffs filed a reply brief in further support of the instant motion.[17]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

In the instant motion, Plaintiffs seek an extension of time to have Lee Jackson and Larry Cole, purported experts on the Department of Transportation Regulations and the Federal Motor Carrier Safety Act Rules and Regulations, complete their expert reports.[18] Plaintiffs argue that good cause exists to extend their October 10, 2019 expert report deadline because the deposition transcripts of Defendants Mark Ingle and Q & M Motor Transports were not provided to Plaintiffs' counsel as of October 16, 2019,[19] and those deposition transcripts are necessary for

---

[13] *Id.* at 3.

[14] *Id.* at 2.

[15] Rec. Doc. 56.

[16] Rec. Doc. 57.

[17] Rec. Doc. 64.

[18] Rec. Doc. 56-1 at 1.

[19] *See id.*

Plaintiffs' experts to complete their findings and prepare their reports.[20] Plaintiffs argue that the Defendants were not made available for depositions until October 1, 2019, and the court reporter had not completed the deposition transcripts as of October 16, 2019, which is after the October 10, 2019 expert report deadline.[21] Plaintiffs also argue that Plaintiffs are "not asking for an unfettered deadline to bring in other experts," but instead are merely requesting the "Court grant an extension for the sole purpose of bringing in Lee Jackson and Larry Cole as qualified experts."[22]

### B. *Defendants' Arguments in Opposition of the Motion*

In opposition, Defendants first note that Plaintiffs seek an extension of the October 10, 2019 expert report deadline pursuant to a motion that was filed after Plaintiffs' expert report deadline passed.[23] Defendants also contend that Plaintiffs seek to submit a report from Larry Cole, who was not identified as an expert by Plaintiffs until after the October 10, 2019 deadline.[24]

Next, Defendants address Plaintiffs' implication that the delay was caused by Defendants Mark Ingle and Q & M Motor Transports.[25] Defendants contend that "Plaintiffs initially requested available dates for the corporate deposition of Q&M Motor Transports and of Mark Ingle on May 31, 2019."[26] In response, Defendants Mark Ingle and Q & M Motor Transports informed

---

[20] *See id.* at 1–2.

[21] *Id.*

[22] *Id.* at 2.

[23] Rec. Doc. 57 at 2.

[24] *Id.* at 1–2.

[25] *Id.* at 2.

[26] *Id.*

4

Plaintiffs' counsel that they were instead available on June 27, 2019.[27] According to Defendants, Plaintiffs next request to schedule the depositions of Mark Ingle and Q & M Motor Transports provided the dates of September 30, 2019, October 1, 2019, and October 2, 2019.[28] Defendants contend that they promptly selected the October 1, 2019 date and subsequently informed Plaintiffs' counsel.[29]

Finally, Defendants argue that Plaintiffs' instant request to continue the deadline for disclosure of expert reports to November 10, 2019 would affect other deadlines in this case.[30] Defendants point out that Defendants' expert report deadline is November 8, 2019.[31] Defendants also point out that Defendants "will have only six business days to take the depositions of plaintiffs' two additional experts, obtain the transcripts of these depositions, and prepare *Daubert* Motions before the November 19, 2019 deadline to do so."[32] Considering those deadline complications, Defendants request that this Court deny Plaintiffs' instant motion to extend Plaintiffs' expert report deadline.[33] Yet, if this Court grants Plaintiffs' instant motion, Defendants request this Court also adjust the remaining expert deadline for the Defendants' expert reports and the deadline to file *Daubert* motions.[34]

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

C. *Plaintiff's Arguments in Further Support of the Motion*

In reply, Plaintiffs further elaborate on Defendants' alleged delays in conducting the depositions of Defendants Mark Ingle and Q & M Motor Transport.[35] Plaintiffs argue that Defendants' counsel was unavailable for "a big portion of July with other matters for another trial" and "traveled in September for weeks [in] Europe."[36]

Next, Plaintiffs propose new dates for numerous deadlines in this Court's Scheduling Order, including the deadlines for discovery, *Daubert* motions, motions in limine, the final pretrial conference, and other matters.[37] Plaintiff asserts that Defendants are "agreeable to all dates except for the new expert report dates for plaintiff, contingent on the court's ruling for this extension."[38]

## III. Legal Standard

Federal district courts have the inherent power to enforce their scheduling orders.[39] Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[40] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[41] Courts employ a four-prong analysis to determine whether good cause exists for

---

[35] Rec. Doc. 64 at 2.

[36] *Id.*

[37] *Id.* at 3–4.

[38] *Id.* at 4.

[39] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006).

[40] Fed. R. Civ. P. 16(b)(4).

[41] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)); 6A Charles Alan Wright et al.,

an extension: "(1) the explanation for the failure to [designate the experts and produce reports]; (2) the importance of the [testimony]; (3) potential prejudice in allowing the [testimony]; and (4) the availability of a continuance to cure such prejudice."[42] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[43] Simply put, whether to grant or deny a continuance is within the sound discretion of the trial court.[44]

## IV. Analysis

Considering the first factor of the "good cause" analysis, Plaintiffs do not provide a sufficient explanation for their inability to provide their expert reports to Defendants by October 10, 2019. Plaintiffs argue that Mark Ingle and Q & M Motor Transport's deposition transcripts—purportedly necessary for Plaintiffs' expert reports—were not provided to Plaintiffs before the October 10, 2019 deadline. However, if Defendants' depositions were necessary for Plaintiffs' experts to complete their reports, Plaintiffs could have filed a motion to compel to set the depositions for an earlier date. Instead, Plaintiffs waited until after their expert report deadline passed to request an extension. Simply put, Plaintiffs have not been diligent in meeting the deadlines in this Court's Scheduling Order.

Second, Plaintiffs fail to explain why Larry Cole and Lee Jackson's expert reports are important in Plaintiffs' case. Indeed, Plaintiffs never even mention the importance of Larry

---

Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[42] *Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911–12 (5th Cir. 2015) (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546–47 (5th Cir. 2003)).

[43] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[44] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

7

Cole and Lee Jackson's expert reports in the instant motion.

Third, Defendants would be prejudiced by a continuance in multiple fashions. For example, Plaintiffs' current request for a November 10, 2019 deadline occurs after Defendants' November 8, 2019 expert report deadline. Moreover, Defendants would have only six business days to take the depositions of plaintiffs' two additional experts, obtain the transcripts of these depositions, and prepare *Daubert* motions before the November 19, 2019 deadline to file *Daubert* motions.[45] Additionally, Plaintiffs seek to submit an expert report by Larry Cole, who was not identified as an expert in Plaintiffs' initial disclosures to Defendants or in their responses to Defendants' interrogatories.

Finally, under the fourth factor, a continuance is not available to cure any prejudice to Defendants. If a continuance of the expert report deadline is granted, the Court would have to extend the deadline for filing *Daubert* motions. However, extending the deadline for filing *Daubert* motions would significantly impair the Court's ability to adequately consider all motions in advance of the pretrial conference and trial.[46] Furthermore, the Court has previously continued the trial date in this matter, and the Court will not grant a second continuance of the pretrial conference and trial dates to accommodate Plaintiffs' lack of diligence in prosecuting their case.

## V. Conclusion

Based on the foregoing, Plaintiffs have not demonstrated good cause to extend the expert report deadline. Accordingly,

---

[45] Rec. Doc. 57 at 3.

[46] *See Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

**IT IS HEREBY ORDERED** that Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's "First Motion for Extension of Deadline for Expert Reports" is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this \_\_15th\_\_ day of November, 2019.

                                  _Nannette Jolivette Brown_
                                  **NANNETTE JOLIVETTE BROWN**
                                  **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**