UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYLAND COLLINS, CANDY KELLY, and ALVIN POLK,<br>Plaintiffs<br><br>VERSUS<br><br>JOHN C. BENTON d/b/a Q&M MOTOR TRANSPORTS, MARK INGLE, and NORTHLAND INSURANCE COMPANY,<br>Defendants | CIVIL ACTION NO. 18-7465<br><br>SECTION: G(5)<br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE JUDGE MICHAEL NORTH |

### MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT FOR FAILURE OF LOGAN & DIETZE SPINE SPECIALISTS, LLC TO ADEQUATELY RESPOND TO SUBPOENA DUCES TECUM AND TO COMPEL PRODUCTION OF DOCUMENTS

**MAY IT PLEASE THE COURT:**

Defendants, John C. Benton d/b/a Q&M Motor Transports, Mark Ingle, and Northland Insurance Company (collectively referred to as "Defendants"), respectfully submit this Memorandum in Support of their Motion for Contempt for Failure of Logan & Dietze Spine Specialists, LLC ("L&D") to Adequately Respond to Subpoena Duces Tecum and to Compel Production of Documents, and respectfully represent as follows:

### SUBPOENA DUCES TECUM ISSUED TO LOGAN & DIETZE SPINE SPECIALISTS, LLC AND RESPONSE TO SUBPOENA

Defendants served a Notice of Deposition for Records Production Only pursuant to Federal Rule of Civil Procedure 30(b)(2) and (6) and a Subpoena Duces Tecum on Logan & Dietze Spine Specialists, LLC on October 10, 2019, requiring a return on the Subpoena by October 30, 3019. (See **Exhibit 1**.)

In response to the Notice of Deposition for Records Production Only and Subpoena Duces Tecum, counsel for Logan & Dietze Spine Specialists, LLC responded with various objections and to "see patient's medical records," in response to Subpoena Duces Tecum Requests 51-55. (**Exhibit 2** - correspondence from counsel for Logan & Dietze dated October 23, 2019.)  Although MD Medical Services, LLC (purportedly on behalf of Logan & Dietze Spine Specialists, LLC) produced various billing records of Candy Kelly, it did not provide a copy of the contract with MedPort, the purported funding facility for this provider or of any payment records to L&D.

## LAW AND ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure permits the discovery of documents and other tangible things from non-parties through the issuance and service of a Subpoena Duces Tecum by an attorney as an officer of the court.  See Federal Rule of Civil Procedure 45(a)(3); *United States Sec. v. Hyatt,* 621 F.3d 687, 693 (7th Cir. 2010).  Therefore, Subpoena Duces Tecum are issued by attorneys with the power of the court and are handled as a Court Order.

Additionally, Rule 45(g) governs the court's ability to hold a non-compliant recipient of a properly served Subpoena in contempt.  It provides that the "issuing court … may hold in contempt a person who, having been served, fails without adequate excuse to obey the Subpoena." Fed.R.Civ.P. 45(g).  The failure to produce required documents pursuant to a valid Subpoena, or to offer an adequate excuse for such non-production, may be considered a contempt of court. *Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 555 L. Ed. 771 (1911); *Sec. Inv'r Prot. Corp., v. Exec. Sec. Corp.,* 433 F.Supp. 470 (S.D. N.Y. 1977).  Failure to substantially comply with a Subpoena prior to the deadline without a good faith reason for such non-compliance constitutes contempt.  *Food Lion, Inc. v. United Food Commercial Workers Int'l Union*, *AFL-CIO-CLC,* 103 F.3d 1007 (D.C. Cir. 1977).

The requested payment information from L&D is clearly discoverable and proportional to the needs of the case in this matter as such information and documentation are: (1) non-privileged; (2) relevant to the defenses asserted; and (3) are within the applicable proportionality limits as set forth in Fed. R.C.P. 26(b)(1).

The arguments in support of this Motion were set forth in more detail in a similar Motion filed by defendants against Crescent View Surgery Center, LLC (R.Doc. 65) and supporting Memorandum (R.Doc. 65-1), which defendants adopt and reference in support of this Motion as if set forth herein *in extenso.* As this court is aware, a Minute Entry/Order was issued against CVSC compelling that entity to produce unredacted copies of its records reflecting the dollar amounts it received in payment of its medical bills, including the specific dollar amounts paid to it by MedPort, as well as the identity or identities of the individual(s) who made such payments. (R.Doc. 86.) CVSC also was ordered to provide defendants with an Affidavit from an appropriate corporate official attesting to the specific dollar amounts paid by MedPort to CVSC. This court also ordered CVSC to produce a copy of the contract (Master Payment Agreement) between CVSC and MedPort, subject to a Protective Order regarding production of that contract. Defendants seek a similar ruling from the court in this matter. Specifically, defendants request a complete, unredacted copy of any and all records reflecting payment to Logan & Dietze Spine Specialists, LLC of its medical bills, the identity of the individual or individuals who made such payments, an Affidavit from a corporate official of Logan & Dietze Spine Specialists, LLC of the specific dollar amounts paid by MedPort (or any other person or entity) of its medical bills in this matter, and a copy of any contracts between L&D and MedPort or any other billing funding entity, and between L&D and counsel for plaintiffs in this matter.

## CONCLUSIONS

Considering the above, defendants respectfully request this Honorable Court to issue an Order compelling Dietz & Logan Spine Specialists, LLC to produce a complete and unredacted copy of any and all records of payments made to it by any entity in connection with its medical bills issued to or on behalf of Candy Kelly in this matter, as well as a complete, unredacted copy of any and all contracts with MedPort LA, LLC or any other medical funding facility, or with counsel for plaintiff in this matter, subject to a Protective Order.

Defendants further request this Honorable Court to award defendants reasonable attorneys' fees and costs for filing this motion, and for all other relief to which they are entitled.

Respectfully submitted,

**LARZELERE PICOU WELLS
 SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: mwells@lpwsl.com
 egodofsky@lpwsl.com

**BY:**   */s/ Morgan J. Wells, Jr.*
**MORGAN J. WELLS, JR. (#18499)
EVAN J. GODOFSKY (#32471)**

**ATTORNEYS FOR DEFENDANTS,
JOHN C. BENTON d/b/a Q&M MOTOR
TRANSPORTS, MARK INGLE, AND
NORTHLAND INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly addressed and postage prepaid.

*/s/ Morgan J. Wells, Jr.*