UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, CANDY KELLY and ALVIN POLK,**<br>　　　　　　**Plaintiffs**<br><br>**VERSUS**<br><br>**JOHN C. BLENTON d/b/a Q&M MOTOR TRANSPORTS, MARK INGLE, and NORTHLAND INSURANCE COMPANY,**<br>　　　　　　**Defendants** | **CIVIL ACTION NO. 18-7465**<br><br>**SECTION G (5)**<br><br>**JUDGE NANNETTE JOLIVETTE BROWN**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH** |

**MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR CONTEMPT TO DIETZE & LOGAN SPINE
SPECIALIST, L.L.C.**

**NOW INTO COURT,** through undersigned counsel, comes, Defendant in rule and non-party Defendant, Dietze & Logan Spine Specialists, L.L.C. ("Spine Specialists"), who responds to John C. Benton, d/b/a Q&M Transport, Mark Ingle, and Northland Insurance, ("Defendants") Motion for Contempt which suggests that Spine Specialists' prior response to Defendants' Subpoena Duces Tecum was somehow inadequate and/or its timely objection was inappropriate.

**MAY IT PLEASE THE COURT:**

　　Defendants served a 77-part Notice of Deposition for Records for Production pursuant to Federal Rule of Civil Procedure (30)(2)(6) and Subpoena Duces Tecum on non-party Spine Specialists on October 10, 2019 requiring return of production of documents before October 30, 2019 (Attached as Exhibit "1"). The undersigned counsel is a Certified Health Law Specialist and has never seen, in thirty years practice, such a lengthy, exhaustive, and more obnoxious subpoena, which appear to be intended to confuse and intimidate the nonparty healthcare

provider Spine Specialists. These doctors had to hire undersigned counsel just to timely object to same because they had never seen such a request and did not know how to respond (attached as Exhibit "2"). The undersigned spent considerable time reading though, much less drafting a response to, the grossly over inclusive 77-part subpoena. In an attempt to cooperate despite how they were being treated, Spine Specialists sent the Medical records and bills they ordinarily produce in these matters with the letter of objection even though the Defendants incorrectly named Spine Specialists as the treating practice as the patient in question was *actually* treated by Freedom Spine LLC.

In response, Defendants have filed an "Emergency" Motion to Compel admitting that the only item they are *actually* seeking (of the 77) is the Medport contract to which Spine Specialists is not a signatory.

I.  LAW AND ARGUMENT

While it is true that Rule 45 of Federal Rule of Civil Procedure can request the discovery of documents and other tangible things from known parties by issuance and service of Subpoena Duces Tecum by an attorney, the rule also *tempers* the issuance of subpoenas upon the non-party. It states quite clearly that a nonparty is entitled to special consideration and the filing entity is to observe the fact that non-parties are entitled under the law to avoid unnecessary, overly burdensome, and/or obnoxious filings that parties and litigants sometimes "hurl" at one another. Non party medical providers that should be focusing on patient care rather than intrusive, irrelevant requests for production from Defendants. See *Hume v. Consol. Grain & Barge, Inc.,* CV 15-935, 2016 WL 7385699, at *1 (E.D. La. Dec. 21, 2016)*,* setting parameters of nonparty discovery. The *Hume* court discussed at length the parameters of permissible

discovery issued to non-parties such as the medical providers here. In *Hume*, the mover, who was a proffered expert in the case, faced requests which sought for his practice to provide significant and detailed billing and other records much like the 77-topic subpoena here.

Further Rule 45(d)(2)(B)(ii)'s requirement that a court must protect a person who is a nonparty from "significant expense resulting from compliance," by allowing the award of costs and fee where the court detects abuse and thereby attempt to avoid abusive behavior. The rule even mandates the reprinting of the rule on the subpoena itself to inform the recipient that relief is available for the abuse of the power it grants, when misused. This court may just see such abuse in the 77 separate requests where 2 requests (records and bills) are normally the full extent of what is appropriate when subpoenas are directed at a medical provider regarding medical services to a personal injury plaintiffs.

It now appears crystal clear that the Defendants were *only* looking for *one* other document not previously produced and have filed this emergency motion to obtain same. The court, the undersigned and more importantly, the physicians in question, wants to ask a single question of Morgan J. Wells and Kristina J. Fonte . . . "Why did you not ask for the document that you want, rather than asking for 76 other documents?" This Subpoena is the kind of Subpoena that gives lawyers a bad name in the medical community, it is the kind of Subpoena that is unnecessary, and it is a poster child for violation of both Rules of Professional Responsibility and Conduct. In its vast breath and never-ending scope, it asks for content that is patently, not available and clearly overly broad and absolutely overly burdensome, all in contravention of Rule 45. The Subpoena was thereafter served on the wrong party who, nonetheless, attempted cooperation, provided the typical documents provided in these matters,

namely the billing and medical records, but how now finds himself the subject of this "emergency" filing.

Because of the scope of the Subpoena, undersigned counsel took several hours to draft a very lengthy objections to items that this court, would never allow to be discovered, not the least of which is contracts with hospitals and other internal and proprietary matters. Both Judge North and Judge Roby regularly ruled that documents such as these will never be provided without there being a clear assertion of relevancy or assertion of something other than a typical personal injury claim. Ultimately, the issue is most easily resolved by virtue of the fact that the patient in question was not treated by Dietze & Logan Spine Specialists, L.L.C. but rather by the same physicians that currently do business and/or incorporated under the L.L.C. known as Freedom Spine, L.L.C.

**WHEREFORE**, the non-party in rule Spine Specialists suggests that its objections be upheld. In addition, Spine Specialists assert that the Subpoena is overly broad and legitimately objectionable, and that it has no documents that are responsive beyond the previously submitted medical records and bills. Spine Specialists further suggests that attorney fees and other costs incurred by Spine Specialists be awarded under rule 45(d)(2)(B)(ii)'s requirement that a court protect a person who is a nonparty from "significant expense resulting from compliance," as the 77 part subpoena was a clearly abusive and overly burdensome subpoena and for responding to this Emergency Motion to Compel particularly in light of the fact that the only document ACTUALLY desired was <u>buried</u> in between 76 other requests.

Respectfully submitted:

  */s/ Paul A. Lea, Jr.*
**PAUL A. LEA, JR. (# 1863**7**)**
PAUL A. LEA, JR., APLC
724 E. Boston Street
Covington, LA 70433
Telephone: (985) 292-2300
Facsimile: (985) 249-6006
Email: paul@paullea.com
***Attorney for Dietze & Logan***
***Spine Specialists, L.L.C.***

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing on all counsel of record by electronic filing, facsimile transmission, hand-delivery, and/or by mailing same by United States Mail, properly addressed and first-class postage prepaid, on this 4th day of December, 2019.

  */s/ Paul A. Lea, Jr.*