UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants John C. Benton d/b/a Q & M Motor Transports, Mark Ingle, and Northland Insurance Company's (collectively, "Defendants") "Motion to Stay Proceedings or, in the Alternative, Motion to Continue Trial."[1] In the motion, Defendants request that this Court stay the entire case pending the outcome of an alleged ongoing criminal investigation.[2] Alternatively, Defendants request that this Court continue the trial of this matter until the criminal investigation has concluded.[3] Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[4] Having considered the motion, the memorandum in support and in opposition, the arguments made during oral argument, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants in this Court, seeking

---

[1] Rec. Doc. 109.

[2] Rec. Doc. 109-1 at 10.

[3] *Id.* at 10–11.

[4] Rec. Doc. 113.

1

recovery for injuries and property damages Plaintiffs allegedly sustained in an automobile accident.[5] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 and, while exiting onto Interstate 510, collided with an 18-wheeler driven by Defendant Mark Ingle.[6] Plaintiffs allege that Defendant Mark Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[7] Plaintiffs further allege that Defendant Mark Ingle was cited for an "improper lane change."[8] Plaintiffs bring a negligence claim against Defendant Mark Ingle and Defendant Q & M Transport, who is allegedly Defendant Mark Ingle's principal under the doctrine of respondeat superior.[9] Plaintiffs also bring claims against Defendant Northland Insurance Company, who purportedly insured the 18-wheeler operated by Defendant Mark Ingle.[10]

On November 13, 2018, the Court issued a Scheduling Order setting this case for trial on October 21, 2019.[11] On June 11, 2019, approximately 10 months after the filing of the Complaint, all parties jointly moved for a continuance of the October 21, 2019 trial date and accompanying deadlines because all of the Plaintiffs had recently undergone surgery and were in the process of being treated by several physicians.[12] On June 17, 2019, this Court granted the parties' request

---

[5] Rec. Doc. 1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 5.

[10] *Id.*

[11] Rec. Doc. 17.

[12] Rec. Doc. 23.

because Plaintiffs appeared to not have reached maximum medical recovery at that time.[13] Thereafter, the Court issued a new Scheduling Order setting this case for trial on January 27, 2020.[14]

On July 19, 2019, Defendants filed a Motion for Leave of Court to File Counterclaim, seeking leave of Court to file a fraud claim against Plaintiffs,[15] and a Motion for Leave of Court to File Supplemental and Amending Answer and Affirmative Defenses, seeking to amend their Answer to assert the affirmative defense of conspiracy to commit fraud.[16] These motions were referred to the Magistrate Judge for decision pursuant to Local Rule 72.1. Plaintiffs opposed both motions.[17] On August 21, 2019, the Magistrate Judge denied the Motion for Leave of Court to File Counterclaim, finding that Defendants had not pleaded fraud with particularity.[18] The Magistrate Judge granted Defendants leave to amend the Answer to conform the pleading to the evidence developed during the course of discovery, including the following allegations: (1) Plaintiffs conspired to stage the alleged subject accident and that the alleged subject accident in this case was intentionally caused and/or staged by the Plaintiffs, and that Plaintiffs suffered no injury due to the fault of the Defendants; (2) certain Plaintiffs were in cellphone contact with Cornelius Garrison, Raphus Adams, and Ryan Harris within the hours after the alleged accident and that these three individuals are former and/or current clients of Plaintiffs' counsel in this

---

[13] Rec. Doc. 25.

[14] Rec. Doc. 27.

[15] Rec. Doc. 31.

[16] Rec. Doc. 32.

[17] Rec. Doc. 43.

[18] Rec. Doc. 50 at 1.

matter in cases involving alleged accidents similar to those alleged in this matter; (3) Garrison's cellphone number has appeared on several other Plaintiffs' phone records near the time of their respective alleged accidents in over 20 different cases; (4) Plaintiff Polk was in cellphone contact with Plaintiffs' counsel's fiancé, Sean Alfortish, approximately one hour before the alleged subject accident; and (5) Mr. Alfortish is a principal of Total Medical Concepts, LLC., a third-party funding company that is the guarantor on several Health Claim Forms submitted by medical providers who treated Plaintiffs, Collins and Polk, for their alleged injuries resulting from this alleged accident and which operates out of the building located at 525 Clay Street in Kenner, Louisiana, the same address used by counsel for Plaintiffs at the time this lawsuit was filed.[19] Neither party sought review of the Magistrate Judge's ruling by this Court.

On October 16, 2019, Plaintiffs filed a motion requesting an extension of Plaintiffs' October 10, 2019 expert report deadline.[20] On October 28, 2019, Defendants filed an opposition to the motion.[21] On November 1, 2019, Plaintiffs filed a reply brief in further support of the motion.[22] On November 15, 2019, the Court denied Plaintiffs' motion because Plaintiffs had not demonstrated that there was good cause to extend the expert report deadline.[23]

On November 26, 2019, Defendants filed the instant motion requesting that the case be stayed pending the outcome of an ongoing criminal investigation.[24] The same day, Plaintiffs filed

---

[19] *Id.* at 2.

[20] Rec. Doc. 56.

[21] Rec. Doc. 57.

[22] Rec. Doc. 64.

[23] Rec. Doc. 75.

[24] Rec. Doc. 109.

an opposition to the motion.[25] On December 3, 2019, with leave of Court, Plaintiffs filed a supplemental memorandum in further opposition to the motion.[26] On December 3, 2019, the Court granted an expedited hearing on the motion, and set the motion for oral argument on December 4, 2019 at 10:00 a.m.[27]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion*

In the instant motion, Defendants request that this Court stay the entire case pending the outcome of an ongoing criminal investigation.[28] Alternatively, Defendants request that this Court continue the trial of this matter until the criminal investigation has concluded.[29]

Defendants assert that they "have become aware of more than 30 other accidents with similar factual scenarios to the accident at issue."[30] According to Defendants, "[e]ach of these accidents involves an 18-wheeler and an alleged side-swipe or impact while the 18-wheeler was changing lanes."[31] Defendants contend that "[i]n many of the cases, the truck driver is unaware that he/she was allegedly involved in an accident."[32] Defendants aver that Mark Ingle was similarly unaware that his 18-wheeler impacted the vehicle driven by Plaintiff Wayland Collins.[33]

---

[25] Rec. Doc. 113.

[26] Rec. Doc. 128.

[27] Rec. Docs. 131, 133.

[28] Rec. Doc. 109-1 at 10.

[29] *Id.* at 10–11.

[30] *Id.* at 2.

[31] *Id.*

[32] *Id.*

[33] *Id.*

Defendants cite cellphone records obtained in this matter, showing that within hours of the accident, Plaintiff Wayland Collins was in contact with Cornelius Garrison, Raphus Adams and Ryan Harris, all of whom were allegedly involved in accidents similar to the accident in question, and who also are current or former clients of Plaintiffs' counsel, Vanessa Motta.[34] Additionally, Defendants assert that Plaintiff Alvin Polk spoke to Vanessa Motta's fiancé, Sean Alfortish, approximately one hour before the accident.[35]

Defendants argue that "[t]his information, at a minimum, casts suspicion over the allegations made by [P]laintiffs in this matter."[36] Defendants contend that "[i]t is illogical and beyond coincidence that [P]laintiffs in this matter were involved in almost identical accidents to [P]laintiffs involved in numerous other alleged accidents, including plaintiffs in other cases with whom Collins spoke repeatedly within a short time after the accident in question."[37] Moreover, Defendants assert that it "is not credible that all of these individuals who are acquainted with one another were injured in accidents which occurred in almost exactly the same manner."[38] "Defendants submit that the accident in question did not occur as alleged by [P]laintiffs and believe that the accident was staged and instigated by [P]laintiffs."[39]

In support, Defendants cite eight cases involving similar factual allegations that were stayed by district judges in the Eastern District of Louisiana pending an ongoing criminal investigation.[40]

---

[34] *Id.* at 2–4.

[35] *Id.* at 4.

[36] *Id.* at 6.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at 7–8.

6

Defendants assert that five individuals have been charged in the Eastern District of Louisiana with a conspiracy "to devise a scheme and artifice to defraud and to obtain money and property from insurance companies and interstate trucking companies by means of materially false and fraudulent pretenses, representations, and promises, by use of interstate wire transmissions, in violation of Title 18, United States Code, Section 1343."[41] On information and belief, Defendants assert that the investigation by the United States Attorney for the Eastern District of Louisiana is ongoing.[42]

Defendants assert that it would be prejudicial for this case to proceed to trial pending the outcome of the criminal investigation.[43] According to Defendants "[t]he ongoing criminal investigation encompasses persons who may be called as witnesses at the trial of this matter, as well as counsel for plaintiffs."[44] Additionally, "[i]f a criminal investigation concludes that these accidents are staged and that [P]laintiffs are guilty of fraud," Defendants contend that "allowing this case to move forward to judgment could result in prejudice to [D]efendants."[45] Therefore, Defendants assert that "it is in the best interest of the parties, the court and the public to stay this proceeding pending the conclusion of the criminal investigation."[46] Alternatively, Defendants request that this Court continue the trial of this matter until the criminal investigation has concluded.[47]

---

[41] *Id.* at 9 (citing *United States of America v. Damian K. Lebeaud, et al*, Criminal Action No. 19-219).

[42] *Id.* at 10.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 10–11.

### B. Plaintiffs' Arguments in Opposition of the Motion

In opposition, Plaintiffs assert that the motion should be denied because it is based on "conclusory allegations, scandalous insinuations, and tenuous and unsubstantiated connections between members of the New Orleans East community."[48] According to Plaintiffs, "Defendants attempt to turn basic friendships, business relationships, and other common acquaintances and coincidences within a tight-knit community into something sinister."[49] Plaintiffs contend that "[d]efense counsel has personally acted in bad faith in the filing of this Motion and attaching cases that have no nexus of relationship to this case whatsoever and has made allegations which should be sanctioned to the highest degree possible by this Honorable Court."[50] Plaintiffs argue that "Defendant makes conclusory allegations but fails to tie in any factual or credible evidence . . . about this accident which would require the draconian measure of allowing a Stay less then [sic] two months prior to trial."[51]

Plaintiffs assert that there is no connection between the cases that have been stayed and this pending case.[52] According to Plaintiffs, the only fraud "involved in this case is from the Defendants who have placed numerous frivolous defenses in this matter and done all they can to avoid their liability and culpability in this matter."[53] Plaintiff contends that the claimants involved in other trucking collisions are irrelevant and immaterial to the claims in this case.[54] Plaintiffs

---

[48] Rec. Doc. 113 at 1–2.

[49] *Id.* at 2.

[50] *Id.* at 4.

[51] *Id.* at 5.

[52] *Id.* at 7.

[53] *Id.* at 8.

[54] *Id.* at 10.

argue that these unrelated acts are insufficient to state a claim of fraud.[55]

Additionally, Plaintiffs assert that the fact that Wayland Collins is an acquaintance of Raphus Adams, Ryan Harris, and Cornelius Garrison has no bearing on the claims pending before this Court.[56] Plaintiffs contend that Defendants should not be rewarded for speculating on the nature of these relationships and phone conversations.[57] Plaintiffs note that during Wayland Collins' deposition, Defendants did not ask Mr. Collins any questions about these relationships or the phone calls with these individuals.[58] Moreover, Plaintiffs assert that Plaintiff Alvin Polk is an acquaintance of Sean Alfortish, and he contacted Mr. Alfortish on the day of the accident to obtain the phone number of a lawyer who is representing Mr. Polk in an unrelated matter.[59] To support this assertion, Plaintiffs point to phone records showing that Mr. Polk called the attorney immediately after the phone conversation with Mr. Alfortish.[60] Plaintiffs assert that "the defense is making a concerted attack against minority clients and alleging that they are guilty by association that they have been involved in an auto accident so there must be fraud!"[61] Because there is no proof of fraud on the part of Plaintiffs in this case, Plaintiffs argue that the motion to stay should be denied.[62]

---

[55] *Id.* at 11.

[56] *Id.* at 11–13.

[57] *Id.* at 12.

[58] *Id.* at 12, 14.

[59] *Id.* at 15.

[60] *Id.*

[61] *Id.* at 17.

[62] *Id.* at 19.

C.  *Plaintiffs' Arguments in Further Opposition of the Motion*

Plaintiffs filed the supplemental opposition to clarify that Plaintiffs also oppose Defendants' request that the trial be continued.[63]

### III. Legal Standard

A.  *Legal Standard on a Motion to Stay*

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[64] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[65] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[66] Although it is not required to do so, a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding,"[67] or "until the criminal case or the likelihood of a criminal case is ended."[68] Therefore, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[69] a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[70]

---

[63] Rec. Doc. 128.

[64] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[65] In re *Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[66] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[67] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[68] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[69] *First Fin. Grp.*, 659 F.2d at 667.

[70] *Kordel*, 391 U.S. at 8–9.

Whether to stay a civil action pending resolution of a related criminal proceeding is a matter left to the court's discretion,[71] and the Fifth Circuit has determined that such a stay may be warranted where "special circumstances" exist such that a party would suffer substantial and irreparable prejudice otherwise.[72] The "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[73] The burden to show that a stay is warranted rests on the movant,[74] and in determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[75] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

5. The interests of the courts; and

---

[71] *Id.* at 12 n.27.

[72] *First Fin. Grp.*, 659 F.2d at 668; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[73] *In re Ramu Corp.*, 903 F.2d at 320.

[74] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[75] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. 13-366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (Brown, J.) (citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted)).

6.  The public interest.[76]

B. *Legal Standard on a Motion to Continue Trial*

Federal district courts have the inherent power to enforce their scheduling orders.[77] Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[78] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[79] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[80] Simply put, whether to grant or deny a continuance is within the sound discretion of the trial court.[81]

## IV. Analysis

In the motion, Defendants request that this Court stay the entire case pending the outcome of an ongoing criminal investigation.[82] Alternatively, Defendants request that this Court continue the trial of this matter until the criminal investigation has concluded.[83] Plaintiffs oppose both

---

[76] *Id.* (internal citation omitted).

[77] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006).

[78] Fed. R. Civ. P. 16(b)(4).

[79] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[80] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[81] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

[82] Rec. Doc. 109-1 at 10.

[83] *Id.* at 10–11.

requests.[84] Therefore, the Court will address each of these issues in turn.

A. *Whether Defendants Have Established that a Stay is Warranted*

As discussed above, courts analyze six factors to determine whether a civil action should be stayed due to a criminal matter. The Court addresses each of these factors to determine whether a stay is appropriate in this case.

   1. **Extent of Overlap between Civil and Criminal Cases**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[85] Indeed, some courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[86] Overlap between the civil and criminal proceedings is an important factor specifically because such overlap increases the risk of a defendant's self-incrimination in civil proceedings.[87]

Defendants seek a stay of this matter because they contend that a criminal investigation by the U.S. Attorney's Office into allegedly fraudulent motor vehicle claims is ongoing.[88] According to Defendants, they "have become aware of more than 30 other accidents with similar factual scenarios to the accident at issue."[89] Defendants assert that five individuals have been charged in the Eastern District of Louisiana with a conspiracy "to devise a scheme and artifice to

---

[84] Rec. Doc. 113.

[85] *Id.* (internal citation omitted).

[86] *Id.* (quoting *Dominguez v. Hartford Fin. Servs. Grp.*, 530 F.Supp.2d 902, 906–07 (S.D. Tex. 2008)).

[87] *Id.* (internal citation omitted).

[88] Rec. Doc. 109-1 at 2.

[89] *Id.* at 2.

13

defraud and to obtain money and property from insurance companies and interstate trucking companies by means of materially false and fraudulent pretenses, representations, and promises, by use of interstate wire transmissions, in violation of Title 18, United States Code, Section 1343."[90] On information and belief, Defendants assert that the investigation by the United States Attorney for the Eastern District of Louisiana is ongoing.[91] However, Defendants present no evidence to show that Plaintiffs are under investigation by the U.S. Attorney's Office or that Plaintiffs are associated in any way with the defendants in the pending criminal case.

As support for the instant motion, Defendants rely primarily on phone records showing that within hours of the accident, Plaintiff Wayland Collins was in contact with Cornelius Garrison, Raphus Adams and Ryan Harris, all of whom were allegedly involved in accidents similar to the accident in question, and who also are current or former clients of Plaintiffs' counsel, Vanessa Motta.[92] Additionally, Defendants assert that Plaintiff Alvin Polk spoke to Vanessa Motta's fiancé, Sean Alfortish, approximately one hour before the accident.[93] Defendants argue that "[t]his information, at a minimum, casts suspicion over the allegations made by [P]laintiffs in this matter."[94] Defendants contend that "[i]t is illogical and beyond coincidence that [P]laintiffs in this matter were involved in almost identical accidents to [P]laintiffs involved in numerous other alleged accidents, including plaintiffs in other cases with whom Collins spoke repeatedly within

---

[90] *Id.* at 9 (citing *United States of America v. Damian K. Lebeaud, et al*, Criminal Action No. 19-219).

[91] *Id.* at 10.

[92] *Id.* at 2–4.

[93] *Id.* at 4.

[94] *Id.* at 6.

a short time after the accident in question."[95] Defendants do not offer any evidence to show that Plaintiffs or any of the aforementioned individuals are under investigation by the U.S. Attorney's Office. Speculation and conjecture are insufficient to meet Defendants' burden of showing an overlap between this civil proceeding and any alleged criminal investigation. Therefore, this factor does not weigh in favor of granting a stay.

2. **Status of Criminal Proceedings**

Generally, a stay of a civil case is most appropriate when a party to the civil action has already been indicted for the same conduct.[96] Here, Defendants have not presented any evidence to show that the plaintiffs in this case are being investigated by the U.S. Attorney's Office. Defendants merely speculate that Plaintiffs could be implicated in the investigation because on the date of the accident they communicated with other individuals who were involved in similar accidents and may be implicated in criminal conduct. At this time, neither Plaintiffs nor their counsel have been indicted for conduct at issue in this litigation. Additionally, the U.S. Attorney has not attempted to intervene in this case or moved to stay these proceedings. Thus, this factor weighs against the grant of a stay.

3. **Plaintiffs' Interest**

Defendants assert that it would be prejudicial for this case to proceed to trial pending the outcome of the criminal investigation because that investigation involves individuals who may be called as witnesses to testify at trial and Plaintiffs' counsel.[97] Plaintiffs contend that they would be prejudiced by an indeterminate delay because they are entitled to a speedy resolution of this

---

[95] *Id.*

[96] *See Tajonera*, 2015 WL 893447, at *9 (internal citation omitted).

[97] Rec. Doc. 109-1 at 10.

matter and their chances of recovery will decrease if they are forced to wait until the criminal investigation has been resolved before pursuing this civil action.[98] Defendants' requested stay presents a high risk of prejudice to Plaintiffs, who have a strong interest in resolution of this matter. At this point, it is unclear whether Plaintiffs are implicated in any criminal investigation, how long any criminal proceedings may last, and when the proceedings may be resolved. Therefore, this factor does not weigh in favor of granting a stay.

### 4. Defendant's Interest

According to Defendants, allowing this case to move forward to judgment could prejudice Defendants if a criminal investigation concludes that these accidents are staged and that Plaintiffs are guilty of fraud.[99] Defendants do not explain how they would be prejudiced if this case proceeds to judgment. If Plaintiffs were in fact found guilty of fraud arising from conduct in this case, Defendants may be able to recover any judgment rendered in favor of Plaintiffs as restitution in the criminal case. However, Defendants would bear the expense of trial, and recovery of the full amount of any judgment via restitution may not be guaranteed. Thus, this factor may be neutral or weigh slightly in favor of granting a stay.

### 5. The Court's Interest

The Court has interests in judicial economy and expediency.[100] "Further, before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"[101]

---

[98] Rec. Doc. 113 at 4.

[99] Rec. Doc. 109-1 at 10.

[100] *See Tajonera*, 2015 WL 893447, at *10 (internal citation and quotation marks omitted).

[101] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*,

The Court has an interest in moving this case forward in an efficient manner. It is possible that any criminal proceedings could last for an extended period of time, thus delaying the efficient administration of the Court's docket. Moreover, because Defendants have only speculated that Plaintiffs could be implicated by this criminal investigation and present no evidence to show that they are actually being investigated by the U.S. Attorney's Office, the Court's interests are best served by proceeding with the instant action. Therefore, this factor does not weigh in favor of granting a stay.

6. **The Public Interest**

Although the public interest in law enforcement sometimes weighs in favor of prioritizing criminal proceedings over civil matters,[102] the public also has an interest in the prompt resolution of civil cases. Here, it does not appear that the public interest would be disserved by moving forward with the civil case, and Defendants have not offered any specific reason as to why the public has an interest in staying the civil case pending the outcome of any criminal proceeding. Plaintiffs and their counsel have the right to a presumption of innocence until they are proven guilty beyond a reasonable doubt at a criminal trial. Thus, this factor also weighs against a stay.

Based on the foregoing, the Court denies the instant motion because five factors weigh against staying this civil action, and only one factor is neutral or weighs slightly in favor of granting a stay.

***B. Whether Defendants Have Established that a Continuance of the Trial is Warranted***

As an alternative ground for relief, Defendants request that this Court continue the trial of

---

607 F.2d 477, 479 (5th Cir. 1982) (vacating an indefinite and protracted stay where the court had not weighed competing interests in ordering the stay)).

[102] *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

this matter until the criminal investigation has concluded.[103] However, Defendants have not shown that good cause exists to warrant an indefinite continuance of the trial date. As discussed above, Defendants present no evidence to show that Plaintiffs are under investigation by the U.S. Attorney's Office or that Plaintiffs are associated in any way with the defendants in the pending criminal case. Therefore, because Defendants have not shown that the criminal investigation even implicates the parties involved in this case, Defendants have not demonstrated that the trial date should be continued until the criminal investigation has concluded.

## V. Conclusion

Based on the foregoing, the Court denies the motion to stay because five factors weigh against staying this civil action, and only one factor is neutral or weighs slightly in favor of granting a stay. Additionally, Defendants have not demonstrated good cause to continue the trial of this matter. Accordingly,

**IT IS HEREBY ORDERED** that Defendants John C. Benton d/b/a Q & M Motor Transports, Mark Ingle, and Northland Insurance Company's "Motion to Stay Proceedings or, in the Alternative, Motion to Continue Trial"[104] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this  11th  day of December, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[103] Rec. Doc. 113 at 10–11.

[104] Rec. Doc. 109.