UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendants John C. Benton d/b/a Q & M Motor Transports, Mark Ingle, and Northland Insurance Company's (collectively, "Defendants") "Motion for Extension of Discovery Deadline."[1] In the motion, Defendants request that this Court extend the discovery deadline for the sole purpose of taking the depositions of the treating ER physician and the treating obstetrician of Plaintiff Candy Kelly.[2] Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[3] Having considered the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants in this Court, seeking recovery for injuries and property damages Plaintiffs allegedly sustained in an automobile

---

[1] Rec. Doc. 106.

[2] *Id.* at 1.

[3] Rec. Doc. 114.

1

accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 and, while exiting onto Interstate 510, collided with an 18-wheeler driven by Defendant Mark Ingle.[5] Plaintiffs allege that Defendant Mark Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs further allege that Defendant Mark Ingle was cited for an "improper lane change."[7] Plaintiffs bring a negligence claim against Defendant Mark Ingle and Defendant Q & M Transport, who is allegedly Defendant Mark Ingle's principal under the doctrine of respondeat superior.[8] Plaintiffs also bring claims against Defendant Northland Insurance Company, who purportedly insured the 18-wheeler operated by Defendant Mark Ingle.[9]

On November 13, 2018, the Court issued a Scheduling Order setting this case for trial on October 21, 2019.[10] On June 11, 2019, approximately 10 months after the filing of the Complaint, all parties jointly moved for a continuance of the October 21, 2019 trial date and accompanying deadlines because all of the Plaintiffs had recently undergone surgery and were in the process of being treated by several physicians.[11] On June 17, 2019, this Court granted the parties' request because Plaintiffs appeared to not have reached maximum medical recovery at that time.[12]

---

[4] Rec. Doc. 1 at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 17.

[11] Rec. Doc. 23.

[12] Rec. Doc. 25.

Thereafter, the Court issued a new Scheduling Order setting this case for trial on January 27, 2020.[13] The Scheduling Order set November 27, 2019 as the deadline for the parties to complete all discovery.[14]

On October 16, 2019, Plaintiffs filed a motion requesting an extension of Plaintiffs' October 10, 2019 expert report deadline.[15] On October 28, 2019, Defendants filed an opposition to the instant motion.[16] On November 1, 2019, Plaintiffs filed a reply brief in further support of the instant motion.[17] On November 15, 2019, the Court denied Plaintiffs' motion because Plaintiffs had not demonstrated good cause to extend the expert report deadline.[18]

On November 26, 2019, Defendants filed the instant motion requesting an extension of the discovery deadline.[19] The same day, Plaintiffs filed an opposition to the motion.[20]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion*

In the instant motion, Defendants seek an extension of the discovery deadline from November 27, 2019 to December 20, 2019, for the sole purpose of taking the depositions of Plaintiff Candy Kelly's treating ER physician, Dr. Tara Oden, and treating obstetrician, Dr.

---

[13] Rec. Doc. 27.

[14] *Id.* at 4.

[15] Rec. Doc. 56.

[16] Rec. Doc. 57.

[17] Rec. Doc. 64.

[18] Rec. Doc. 75.

[19] Rec. Doc. 106.

[20] Rec. Doc. 114.

3

Kristin Green.[21] Defendants assert that they have been attempting to schedule the depositions of Drs. Oden and Green since October 2, 2019 but, on each of the dates that Drs. Oden and Green were available, Plaintiff's counsel was unavailable.[22] According to Defendants, Dr. Green is available to provide her deposition testimony on December 18, 2019. Defendants request that this Court allow Defendants to take the deposition on that date.[23] Finally, Defendants contend that this extension will not affect the current trial date.[24]

### B.  *Plaintiffs' Arguments in Opposition of the Motion*

In opposition, Plaintiffs note that Defendants objected to Plaintiffs' request to extend the expert report deadline, and this Court denied Plaintiffs' request.[25] Plaintiffs assert that Defendants seek identical assistance that they previously objected to when Plaintiffs requested an extension of the expert report deadline.[26] Plaintiffs contend that Defendants received the records of both physicians in April 2019, but Defendants waited until the last minute to attempt to depose these physicians.[27] Plaintiffs argue that "[f]undamental fairness dictates that Defendant[s] be treated with the same adherence to court deadlines as Plaintiff[s] and their request to extend the discovery cutoff [be] denied."[28]

---

[21] *Id.* at 1.

[22] Rec. Doc. 106-1 at 1–2.

[23] *Id.* at 2.

[24] *Id.*

[25] Rec. Doc. 114 at 1.

[26] *Id.* at 2.

[27] *Id.*

[28] *Id.*

## III. Legal Standard

Federal district courts have the inherent power to enforce their scheduling orders.[29] Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[30] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[31] Courts employ a four-prong analysis to determine whether good cause exists for an extension: "(1) the explanation for the failure to [meet the discovery deadline]; (2) the importance of the [discovery]; (3) potential prejudice in allowing the [discovery]; and (4) the availability of a continuance to cure such prejudice."[32] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[33] Simply put, whether to grant or deny a continuance is within the sound discretion of the trial court.[34]

## IV. Analysis

In the instant motion, Defendants do not provide a sufficient explanation for their inability to conduct the depositions before the discovery deadline. Defendants argue that the depositions

---

[29] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006).

[30] Fed. R. Civ. P. 16(b)(4).

[31] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[32] *Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 911–12 (5th Cir. 2015) (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546–47 (5th Cir. 2003)).

[33] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

[34] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

did not occur within the time frame because, on each of the dates that Drs. Oden and Green were available, Plaintiff's counsel was unavailable. However, despite receiving the records of both physicians in April 2019, Defendants waited until October 2, 2019 to attempt to schedule the depositions. Furthermore, if Defendants believed these depositions were necessary to adequately prepare for trial, Defendants could have filed a motion to compel to set the depositions for an earlier date. Instead, Defendants waited until the day before the discovery deadline to request an extension. Simply put, Defendants have not been diligent in meeting the deadlines in this Court's Scheduling Order.

Second, Defendants fail to explain the importance of these depositions. Indeed, Defendants never even mention the importance of the depositions in the instant motion. Third, Plaintiffs would be prejudiced by a continuance because it would require them to continue with discovery in the weeks leading up to trial, rather than preparing for trial. Finally, under the fourth factor, a continuance is not available to cure any prejudice to Plaintiffs. The Court has previously continued the trial date in this matter to allow the parties additional time to conduct discovery, and the Court will not grant a second continuance to accommodate Defendants' lack of diligence.

## **V. Conclusion**

Based on the foregoing, the Court denies the instant motion because Defendants have not demonstrated good cause to extend the discovery deadline. Accordingly,

**IT IS HEREBY ORDERED** that Defendants John C. Benton d/b/a Q & M Motor Transports, Mark Ingle, and Northland Insurance Company's "Motion for Extension of Discovery Deadline"[35] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 11th day of December, 2019.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[35] Rec. Doc. 106.