**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| WAYLAND COLLINS, CANDY KELLY AND ALVIN POLK<br><br>                              **Plaintiffs**<br><br>VERSUS<br><br>JOHN C. BENTON d/b/a Q&M MOTOR TRANSPORTS, MARK INGLE AND NORTHLAND INSURANCE COMPANY<br><br>                              **Defendants** | CIVIL ACTION<br><br>NO. 2:18-CV-07465<br><br>JUDGE: NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE: MICHAEL B. NORTH |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
EX PARTE MOTION TO ENLARGE THE TIME FOR
FILING AMENDED PLEADINGS, MOTION TO JOIN
ADDITIONAL PARTIES, AND MOTION FOR SANCTIONS**

**NOW INTO COURT,** through undersigned counsel, come defendants, John C. Benton d/b/a Q&M Motor Transports, Mark Ingle, and Northland Insurance Company, and submit this Memorandum in Opposition to Plaintiffs' Motion to Enlarge the Time for Filing Amended Pleadings, Motion to Joint Additional Parties, and Motion for Sanctions.

**OVERVIEW**

Initially, and although reluctant to specifically comment on the tone and tenor of an opposing party's motion, undersigned counsel finds it necessary to object to the statements and comments made by counsel for plaintiffs in the underlying Motion, particularly because the comments are without merit, are unsupported by the evidence, and are unprofessional. Undersigned counsel has refrained from responding in such a manner to plaintiffs' prior Motions, which likewise may have warranted such commentary, but the tone and tenor of plaintiffs' most recent Motion clearly warrants this response.

## INFORMATION CONCERNING THE EXISTENCE OF AN EXCESS OR UMBRELLA POLICY WITH GENERAL STAR INDEMNITY COMPANY

In the underlying Motion, counsel for plaintiffs stated that "Defendant purposely misled and did not disclose the existence of an excess or umbrella policy of insurance with General Star Indemnity Company until a denial letter was sent to Plaintiff counsel, after discovery ended." Counsel for plaintiffs further stated "Defendants knew of this information well prior to any discovery cut-off and purposely withheld the information." Counsel for plaintiffs further suggested that defendants misled plaintiffs throughout the discovery process.

It is quite apparent based on a thorough review of plaintiffs' Motion and Memorandum that counsel for plaintiffs implies that she was never made aware of the existence of General Star Indemnity Company until General Star issued a denial of coverage letter to Q&M Motor Transports on December 13, 2019. (R.Doc. 164_7_Exhibit_E.) What counsel for plaintiffs failed to disclose to the Court is the attached e-mail exchange with Ms. Lauren Fynskov (of Northland Insurance Company) on August 29 and 30, 2018, in which counsel for plaintiffs inquired about the existence of any excess coverage prior to counsel for plaintiffs making a deposit on a surgical procedure which one of her clients apparently was scheduled to undergo on August 31, 2018. In response to counsel for plaintiffs' specific inquiry to this effect, Ms. Fynskov advised "**my insured has a $2 million umbrella policy through PSG-General Star Insurance, Policy No., IXG423409**." (See **Exhibit 1** – Emphasis supplied**.**) This was the policy referenced by General Star in its denial of coverage letter to Q&M Motor Transports dated December 13, 2019. Therefore, counsel for plaintiffs was aware of the existence of an umbrella policy issued by General Star Indemnity Company, as well as the General Star policy number, as early as August 30, 2018.

2

Although counsel for plaintiffs contends that defendants misrepresented the existence of the policy, defendants' discovery requests were clearly related to the identity of any and all insurers "providing any type of coverage for the vehicle involved on the date of the subject collision …" (R.Doc._164-Exhibit B and C – Emphasis supplied.)  What counsel for plaintiffs overlooks, and as set forth clearly in General Star Indemnity Company's denial of coverage letter, General Star does not provide coverage for the alleged accident made the basis of this litigation.   This information is consistent with the information provided to undersigned counsel by John Benton of Q&M Motor Transports.  Specifically, the General Star policy applies only to services performed by one particular client of Q&M (U. S. Auto Logistics, LLC) and not to other clients of Q&M, such as Hertz (for which Q&M and  Mark Ingle were transporting automobiles on the day of the alleged accident in question).  Unlike U. S. Auto Logistics, LLC (which requires Q&M to obtain $3 million in coverage for services performed for it), the remainder of Q&M's clients requires only $1 million in insurance coverage.  Consequently, the Northland Insurance Company policy containing limits of $1 million is the only policy issued to Q&M Motor Transports (and covering Mark Ingle) that applies to this claim.

Additionally, counsel for plaintiffs took the corporate deposition of Q&M Motor Transports through John Benton on October 1, 2019.  Attached is the Notice of Corporate Deposition containing the list of subject areas for the corporate deposition of Q&M Motor Transports.  (See **Exhibit 2.**)  Counsel for plaintiffs questioned Mr. Benton in detail concerning various issues throughout the deposition, but she failed to inquire whether any excess coverage was applicable to his claim above the Northland policy with a limit of $1 million.  (See transcript of corporate deposition of Q&M Motor Transports through its corporate representative, John Benton - **Exhibit 3.**)

Pretermitting the above, and in an effort to determine whether excess coverage existed for this claim (despite the information provided by Mr. Benton), undersigned counsel sent various e-mails to the agent for Q&M Motor Transports (Southern Insurance) inquiring whether any excess insurer had been placed on notice of the claim and, if so, to identify that insurer.  (See **Exhibit 4** – E-mails from MJW to Southern Insurance dated September 30, 2019 (with the amounts of plaintiffs' settlement demands and defendants' offers redacted), October 18, 2019, November 20, 2019, December 2, 2019, and December 3, 2019.)

Despite these inquiries, and based on the denial of coverage letter issued by General Star Indemnity Company, it does not appear as though Southern Insurance placed General Star on notice of the claim until December 3, 2019, which prompted a review of the claim and the subsequent denial of coverage letter issued by General Star to John Benton of Q&M Motors on December 13, 2019.  Consequently, the information provided by Mr. Benton that no excess policy is applicable to this claim was verified by the response from General Star.  Upon receipt of the denial of coverage letter from General Star, undersigned counsel immediately forwarded a copy of the letter to counsel for plaintiffs.  Therefore, the information provided in defendants' discovery responses to plaintiffs that the only applicable policy to plaintiffs' alleged accident is the Northland policy is accurate.

### EMPLOYMENT OF MARK INGLE

Defendants acknowledge that plaintiffs' discovery requests concerning the employment of Mark Ingle was addressed to Ingle and Q&M Motor Transports.  The basis of the objections to plaintiff's Request for Admission concerned the fact that Mark Ingle denies that an accident occurred as alleged by plaintiffs, and that he was unaware that an alleged incident occurred until being flagged down by either one of the plaintiffs or by another motorist after the accident.

Moreover, Q&M Motor Transports submits that it does not own any tractor-trailer rigs, but it leases them from other entities.  Nonetheless, Q&M Motor Transports is required to secure insurance coverage for the benefit of the owners and operators of the tractor-trailers leased by Q&M and is obligated to have the owners named as an additional insured in the policies secured by Q&M.  Such was the case here.

Q&M holds the DOT licenses, and the tractor-trailer rigs it leases are operated under the Q&M license.  Benton has a separate company named Innovative Transport Solution, Inc., which employs the individuals who operate the tractor-trailers leased by Q&M Motor Transports.   In turn, Q&M secures insurance coverage for the benefit of the owners and operators of the rigs. Importantly, Northland provides coverage to Q&M and Mark Ingle for the claims asserted by plaintiffs in this matter.

Additionally, undersigned counsel provided numerous documents to counsel for plaintiffs on September 30, 2019, in advance of the personal deposition of Mark Ingle and of the corporate deposition of Q&M Motor Transports scheduled for October 1, 2019.  (See **Exhibit 5** – E-mail from Kristine J. Fonte to Vanessa Motta dated September 30, 2019, with itemized listing of documents produced by defendants to plaintiffs.)  Included in those records were various paystubs reflecting payment to Mark Ingle (which were identified as Benton-0044-Benton-0182).  The paystub that included the date of the alleged accident in question (August 9, 2017) was Bates stamped as Benton-0144 – see **Exhibit 6**.)  As reflected on that paystub, payment was issued to Mr. Ingle by Innovative Transport Solution, Inc.  At no time during either the deposition of Mr. Ingle or John Benton did counsel for plaintiffs ask a single question about why payment was issued to Ingle by Innovative Transport Solution, Inc.  As further reflected on the attached paystub identified as **Exhibit 6,** John C. Benton d/b/a Q&M Motors is also identified on the paystub.

## PLAINTIFFS' REQUEST FOR SANCTIONS

Considering the above, undersigned counsel respectfully submits that plaintiffs' request for sanctions is wholly without merit and unwarranted. To the contrary, counsel for plaintiffs should not be rewarded for failing to inquire and for failing to obtain pertinent information concerning the issues made the basis of plaintiffs' Motion when she had the opportunity to do so during the depositions of Ingle and Benton. Counsel for plaintiffs also failed to disclose to this Court that she was aware of the existence of the General Star policy as far back as August of 2018, but nonetheless failed to pursue a claim or seek information from General Star.

## CONCLUSION

Considering the above, defendants, John C. Benton d/b/a Q&M Motor Transports, Mark Ingle, and Northland Insurance Company, respectfully request this Honorable Court to deny plaintiffs' Motion to Enlarge the Time for Amending Plaintiffs' Pleadings, for Additional Time to Join Additional Parties to this Matter, and for Sanctions. Plaintiffs clearly had all available information to them concerning the General Star Indemnity Company umbrella policy (which does not provide coverage for this claim) and concerning the issuance of payment to Mark Ingle, but she failed to question Ingle or Benton when she had the opportunity to do so. Therefore, defendants respectfully submit that plaintiffs' Motion should be denied.

Respectfully submitted,

**LARZELERE PICOU WELLS
      SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: mwells@lpwsl.com
         egodofsky@lpwsl.com

BY:   */s/ Morgan J. Wells, Jr.*
     **MORGAN J. WELLS, JR. (#18499)**
     **EVAN J. GODOFSKY (#32471)**

     **ATTORNEYS FOR DEFENDANTS,
JOHN C. BENTON d/b/a Q&M MOTOR
TRANSPORTS, MARK INGLE, AND
NORTHLAND INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of January, 2020, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing

to all counsel registered for electronic service.  I further certify that I have served a copy of the

foregoing pleading on counsel for plaintiff and all parties to this proceeding not registered for

electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly

addressed and postage prepaid.


     */s/ Morgan J. Wells, Jr.*