UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Pending before the Court is Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's (collectively, "Plaintiffs") "Motion in Limine and Daubert Motion [to] Exclude Louis Fey's Testimony or Limit his Testimony at Trial."[1] In the instant motion, Plaintiffs seek to exclude Louis Fey ("Fey"), an insurance professional, from providing expert testimony at trial.[2] Defendants John C. Benton, Mark Ingle, and Northland Insurance Company (collectively, "Defendants") oppose the motion.[3] The Court held oral argument on the motion via video conference on July 29, 2020.[4]

The Court has comprehensively considered the instant motion,[5] the memoranda in support

---

[1] Rec. Doc. 96.

[2] *See id.*; Rec. Doc. 99-1.

[3] Rec. Doc. 100.

[4] *See* Rec. Doc. 230.

[5] Rec. Doc. 96.

1

and in opposition,[6] the record, the arguments made during oral argument,[7] and the applicable law.[8] With those considerations in mind, the Court grants the instant motion in part and denies the motion in part. The Court grants the motion to the extent it requests that Fey be precluded from providing expert testimony about (1) medical causation, (2) the reasonable value of medical bills, and (3) accident reconstruction. The Court also grants the motion to the extent it requests that Fey be precluded from (4) stating the word "fraud" in any instance and (5) providing any legal conclusions.

First, medical causation is outside of Fey's expertise because he is an insurance professional.[9] Fey lacks any experience whatsoever in the medical field.[10] Second, medical bill auditing is both outside of Fey's expertise and duplicative of other expert testimony in this case.[11] Third, accident reconstruction is also both outside of Fey's expertise and duplicative of other expert testimony in this case.[12]

Fourth, with respect to fraud, the Magistrate Judge has already precluded Defendants from asserting a fraud claim in this case.[13] Defendants may not offer Fey's testimony to opine on "fraud indicators" in the insurance industry. Nor may Defendants mention the word "fraud" in any instance. Yet, as Defendants pointed out in oral argument, the Magistrate Judge allowed

---

[6] *Id.*; Rec. Doc. 100; Rec. Doc. 226; Rec. Doc. 229.

[7] *See* Rec. Doc. 230.

[8] *See, e.g.*, 18-7465, *Collins et al v. Benton et al*, Rec. Doc. 222 at 9–11.

[9] Rec. Doc. 100-1.

[10] *Id.*

[11] *Id.*; Rec. Doc. 223.

[12] Rec. Doc. 100-1; Rec. Doc. 222.

[13] *See* Rec. Doc. 50.

Defendants to plead that Plaintiffs staged and/or intentionally caused the subject accident.[14] Defendants may offer Fey's expert testimony—regarding red flags in the insurance industry—to the extent such flags in the insurance industry indicate that an automobile accident was staged or intentionally caused.

Fifth, Fey is precluded from providing legal conclusions. It is the Court's role to instruct the jury on the law, and the jury will apply that law as instructed to the facts proved at trial. Finally, the Court notes that Fey's testimony is relevant because it will help the jury determine indicia of a staged accident. Plaintiffs' remaining objections to Fey's testimony affect the weight to be assigned to the testimony—not whether the testimony is admissible.[15] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[16] Accordingly,

---

[14] *Id.*

[15] *See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[16] *Id.*

**IT IS HEREBY ORDERED** that Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's "Motion in Limine and Daubert Motion [to] Exclude Louis Fey's Testimony or Limit his Testimony at Trial"[17] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent it requests that Fey be precluded from testifying about (1) medical causation, (2) the reasonable value of medical bills, (3) accident reconstruction, (4) "fraud" in any instance, and (5) legal conclusions.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA,** this  4th  day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[17] Rec. Doc. 96.