UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-7465** |
| **JOHN C. BENTON ET AL.** | **SECTION: "G"(5)** |

## ORDER

The Court is in receipt of Plaintiffs' Request for Oral Argument[1] in connection with Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability,[2] Plaintiffs' Motion for Partial Summary Judgment on the Issue of Medical Causation as to Plaintiff Candy Kelly,[3] and Plaintiffs' Motion to Strike Exhibits Attached to Defendants' Opposition to the Motion for Partial Summary Judgment.[4] Also pending before the Court is Plaintiffs' Motion for Expedited Hearing, in which Plaintiffs request that the Court expedite the March 10, 2021 submission date on the motion to strike filed by Plaintiffs[5] to February 24, 2021.[6]

Plaintiffs' request for oral argument on the pending motions for partial summary judgment filed by Plaintiffs is untimely. Pursuant to Local Rule 78.1, "[a]ny party seeking oral argument must file either contemporaneously with the filing of the motion or opposition memorandum to a motion, or within three days after receipt of the opposition memorandum to a motion, a separate

---

[1] Rec. Doc. 289.

[2] Rec. Doc. 275.

[3] Rec. Doc. 274.

[4] Rec. Doc. 288.

[5] *Id.*

[6] Rec. Doc. 290.

written request for oral argument." Under Local Rule 78.1, Plaintiffs' deadline to submit a request for oral argument on the pending motions for partial summary judgment was February 19, 2021.[7] Therefore, the Court denies the request for oral argument on the pending motions for summary judgment.

The Court also denies Plaintiffs' Motion for Expedited Hearing. Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[8] After the 2010 amendments to Rule 56, "[t]here is no need to make a separate motion to strike" inadmissible evidence.[9] According to the comments following the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted to the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated . . . .[10]

The Fifth Circuit has held that it is therefore proper for motions to strike evidence, presented in support or in opposition to a motion for summary judgment, to be treated as objections to the evidence.[11] Accordingly, the Court will convert Plaintiffs' Motion to Strike Exhibits Attached to Defendants' Opposition to the Motion for Partial Summary Judgment into an objection to the exhibits attached to Defendants' Opposition to the Motion for Partial Summary Judgment. The Court will also provide Defendants with an opportunity to provide supplemental briefing in

---

[7] Rec. Doc. 274; Rec. Doc. 275.

[8] Fed. R. Civ. P. 56(c)(2).

[9] Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[10] *Id.*

[11] *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (adopting a district court opinion treating a motion to strike an affidavit as an objection).

response to Plaintiffs' objection to the exhibits. Therefore, Plaintiffs' Motion for Expedited Hearing is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Request for Oral Argument is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Exhibits Attached to Defendants' Opposition to the Motion for Partial Summary Judgment[12] is converted into an objection to the exhibits attached to Defendants' Opposition to the Motion for Partial Summary Judgment.

**IT IS FURTHER ORDERED** that Defendants are granted leave to file a supplemental brief in response to Plaintiffs' objection to the exhibits attached to Defendants' Opposition to the Motion for Partial Summary Judgment by March 2, 2021.

**IT IS FURTHER ORDERED** that the Motion for Expedited Hearing is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this __23rd__ day of February, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[12] Rec. Doc. 288.