UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYLAND COLLINS, et al.                          CIVIL ACTION

VERSUS                                           NO. 18-7465

JOHN C. BENTON, et al.                           SECTION: "G"(5)

## ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's (collectively, "Plaintiffs") "Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Twelfth Affirmative Defense in their Amended Answer of 'Intentional Acts' of the Plaintiff."[2] Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), Innovative Transport Solution, Inc. ("Innovative Transport"), Automotive Transport Services, Inc. ("Automotive Transport"), and Northland Insurance Company ("Northland") (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On August 7, 2018, Plaintiffs filed a complaint against Ingle, Q&M Motor, and Northland

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 282. Plaintiffs incorrectly label this motion as a motion for leave of Court to file the instant motion. *Id.* The Court already granted Plaintiffs leave to file the instant motion. Rec. Doc. 281.

[3] Rec. Doc. 306.

1

in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who Plaintiffs allege is Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On September 10, 2018, Ingle, Q&M Motor, and Northland filed an answer to the Complaint.[10] On October 10, 2019, Ingle, Q&M Motor, and Northland filed an amended answer to the Complaint.[11] In the Amended Answer, Ingle, Q&M Motor, and Northland asserted the following additional affirmative defense:

> Defendants plead the affirmative defense that Plaintiffs conspired to stage the alleged subject accident and that the alleged subject accident in this case was intentionally [caused] and/or staged by the Plaintiffs, and that Plaintiffs suffered no injury due to the fault of the Defendants.[12]

---

[4] Rec. Doc. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 7.

[11] Rec. Doc. 54.

[12] *Id.* at 2.

On January 15, 2020, Plaintiffs filed a first supplemental and amending complaint.[13] In the Amended Complaint, Plaintiffs name General Star, Innovative Transport Solution, Inc. ("Innovative"), ABC Insurance Company, Automotive Transport Services, Inc. ("Automotive Transport"), Def Insurance Company, US AutoLogistics, LLC ("US AutoLogistics"), GHI Insurance Company, The Hertz Corporation d/b/a Hertz Rent-A-Car ("Hertz"), and XYZ Insurance Company as additional defendants to the instant action.[14] Plaintiffs subsequently dismissed the claims against US AutoLogistics and Hertz.[15]

With leave of Court,[16] Plaintiffs filed the instant motion to strike on February 17, 2021.[17] On March 2, 2021, Defendants filed an opposition to the instant motion.[18] On March 5, 2021, with leave of Court, Plaintiffs filed a reply memorandum in further support of the instant motion to strike.[19]

## II. Parties' Arguments

### A.  *Plaintiffs' Arguments in Support of the Motion to Strike*

Plaintiffs move the Court to strike the twelfth affirmative defense from the Amended Answer filed by Ingle, Q&M Motor, and Northland.[20] Plaintiffs claim that the twelfth affirmative

---

[13] Rec. Doc. 180.

[14] *Id.* at 1–4.

[15] Rec. Doc. 219; Rec. Doc. 221.

[16] Rec. Doc. 281.

[17] Rec. Doc. 282.

[18] Rec. Doc. 306.

[19] Rec. Doc. 308-1. Plaintiffs incorrectly label the reply memorandum as an "additional reply to Plaintiff's sur-reply to Defendant's opposition to motion to strike . . . ." *Id.*

[20] Rec. Doc. 282. Plaintiffs incorrectly label this motion as a motion for leave of Court to file the instant

defense alleging that the accident in this case was "intentionally caused and/or staged by the Plaintiffs" actually constitutes a defense of fraud subject to the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b).[21] Plaintiffs contend that the Amended Answer does not meet the heightened pleading requirements.[22]

Specifically, Plaintiffs argue that the allegations "fail to state what specific misrepresentations were made that were relied upon to exhibit any type of fraud."[23] Plaintiffs contend that discovery has shown that Ingle, Q&M Motor, and Northland "never had any evidence to support [their] 'intentional act' theory."[24] Plaintiffs point to the deposition of Ingle and the Rule 30(b)(6) deposition of Q&M Motor in support of this assertion.[25] Plaintiffs also point to a phone call made by Plaintiff Alivn Polk to Sean Alfortish, the fiancé of Plaintiffs' counsel Vanessa Motta, to argue that the defendants "enjoyed slandering Plaintiff Polk and Alforitsh by insinuating that either of these parties committed some nefarious activity simply because they happened to speak to each other on the date of this accident."[26]

**B.    *Defendants' Arguments in Opposition to the Motion to Strike***

Defendants first point out that the proper vehicle to strike a defense is Federal Rule of Civil Procedure 12(f), not Rule 12(b)(6).[27] Second, Defendants argue that Plaintiffs seek to "re-

---

motion. *Id.* The Court already granted Plaintiffs leave to file the instant motion. Rec. Doc. 281.

[21] Rec. Doc. 282-1 at 6–7.

[22] *Id.* at 7.

[23] *Id.* at 9.

[24] *Id.* at 10.

[25] *Id.*

[26] *Id.* at 10–11.

[27] Rec. Doc. 306 at 14.

define" the affirmative defense at issue "from one of an intentional act to one of fraud."[28] Defendants claim that an intentional acts defense and a fraud defense are distinguishable in that an intentional acts defense is not subject to heightened pleading requirements but instead subject to the general pleading requirements of Rule 8(b).[29] Defendants also note that "[t]his Court has already held that defendants' defense that the accident in question was staged and/or intentionally caused is not synonymous with fraud."[30]

## C.   Plaintiffs' Arguments in Further Support of the Motion to Strike

In reply, Plaintiffs argue that "the allegations contained in the [twelfth affirmative defense]" do not give Defendants a right of action to state that Plaintiffs committed fraud or intentional acts.[31] Plaintiffs note that Defendants "cannot rely on their experts" to defeat the instant Rule 12(b)(6) motion to dismiss.[32] Plaintiffs also contend that Defendants "do[] not have a single witness who has testified that there is any fraud, intentional act or staging by Plaintiffs."[33]

## III. Law & Analysis

As an initial matter, Plaintiffs refer to the instant motion as a Rule 12(b)(6) motion to dismiss Defendants' "intentional act" affirmative defense.[34] However, it is well-recognized that a Rule 12(b)(6) motion is not proper to dismiss a defendant's affirmative defense. Rather, a

---

[28] *Id.* at 15–16.

[29] *Id.* at 18–19.

[30] *Id.* at 16.

[31] Rec. Doc. 308-1 at 9.

[32] *Id.* at 5.

[33] *Id.* at 8.

[34] *See generally* Rec. Doc. 282-1.

motion to strike pursuant to Rule 12(f) provides the proper vehicle to strike a defense.[35] Therefore, this Court will construe the instant motion as a Rule 12(f) motion to strike Defendants' affirmative defense.[36]

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[37] Ordinarily, the Fifth Circuit advises courts to be wary of striking defenses pursuant to Rule 12(f), although it has said that such a motion is proper when the defense is insufficient as a matter of law.[38] Still, "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[39]

Here, Plaintiffs allege that Ingle, Q&M Motor, and Northland have failed to adequately plead the affirmative defense of "conspiracy to commit fraud."[40] Generally, an affirmative defense is subject to pleading requirements set out in Federal Rule of Civil Procedure 8(c). Under Rule 8(c), defendants must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[41] However,

---

[35] *See Campmed Cas. & Indem. Co., Inc. v. Specialists on Call, Inc.*, No. 4:16-CV-00452, 2017 WL 373463, at *3 (E.D. Tex. Jan. 26, 2017).

[36] *Id.*

[37] Fed. R. Civ. P. 12(f).

[38] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[39] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[40] Rec. Doc. 282-1 at 8–9.

[41] *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 2289495, at *5 (E.D. La. May 28, 2019) (Vance, J.) (quoting *Woodfield v. Bowman*, 192 F.3d 354, 362 (5th Cir. 1999)).

"[n]otwithstanding this typical pleading standard, affirmative defenses of fraud must be pleaded with the particularity required by Rule 9(b)."[42]

The affirmative defense at issue reads as follows:

> Defendants plead the affirmative defense that Plaintiffs conspired to stage the alleged subject accident and that the alleged subject accident in this case was intentionally cause and/or staged by the Plaintiffs, and that Plaintiffs suffered no injury due to the fault of the Defendants.[43]

Despite the fact that the affirmative defense makes no mention whatsoever of fraud, Plaintiffs devote the majority of the instant motion to arguing that the defense is really a fraud defense and is therefore subject to heightened pleading requirements under Rule 9(b).[44] Plaintiffs contend that Ingle, Q&M Motor, and Northland have not met these heightened requirements.[45] In opposition, Defendants reiterate that the affirmative defense at issue contends that Plaintiffs intentionally caused the alleged accident, which is legally distinct from a defense of fraud.[46]

In a prior Order in this case, this Court recognized that "the Magistrate Judge has already precluded Defendants from asserting a fraud claim in this case."[47] Specifically, the Magistrate Judge denied Ingle, Q&M Motor, and Northland's motion to amend the Answer to assert the affirmative defense of conspiracy to commit fraud and instead permitted Defendants to amend the Answer to "plead that Plaintiffs conspired to stage the alleged subject accident and that the alleged subject accident in this case was intentionally caused and/or staged by the

---

[42] *Id.* at *5.

[43] Rec. Doc. 54 at 2.

[44] *See generally* Rec. Doc. 282-1.

[45] *Id.* at 7.

[46] *See generally* Rec. Doc. 306.

[47] Rec. Doc. 231 at 2.

Plaintiffs. . . ."[48] Yet Plaintiffs continue to incorrectly label the "intentional acts" affirmative defense as "conspiracy to commit fraud."[49]

An "intentional acts" defense is not an allegation of fraud, but instead is "simply a defense to [the plaintiff's] negligence claim" that is "akin to illegality and contributory negligence," both defenses listed under Rule 8(c).[50] Therefore, an "intentional acts" defense is not subject to heightened pleading standards of Rule 9(b) but must instead meet only Rule 8(c)'s "fair notice" standard.[51]

Under Rule 8(c), Ingle, Q&M Motor, and Northland have adequately pleaded the intentional acts affirmative defense. In the Amended Answer, Ingle, Q&M Motor, and Northland clearly allege that "the alleged subject accident in this case was intentionally caused and/or staged by the Plaintiffs, and th[e] Plaintiffs suffered no injury due to the fault of the Defendants."[52] In addition, Ingle, Q&M Motor, and Northland allege several cell phone calls following the time of the alleged accident in support of the "intentional acts" affirmative defense.[53] The Amended Answer thus "provide[s] [Plaintiff with 'fair notice' of the nature of the defense and what arguments they will make at trial,"[54] and is therefore sufficient under Rule 8(c).

Because the affirmative defense meets the pleading requirements set out in Federal Rule of Civil Procedure 8(c), Plaintiffs have not shown that there is any basis to strike the defense under

---

[48] Rec. Doc. 50 at 1–2.

[49] *See generally* Rec. Doc. 282-1.

[50] *See Thomas*, 2019 WL 2289495, at *5–*6.

[51] *See id.* at *6.

[52] Rec. Doc. 54 at 2.

[53] *Id.*

[54] *Thomas*, 2019 WL 2289495, at *6.

Rule 12(f).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Strike and/or Dismiss Under FRCP 12(b)(6) Defendant's Twelfth Affirmative Defense in their Amended Answer of 'Intentional Acts' of the Plaintiff"[55] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 7th   day of April, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 282.