**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Candy Kelly's ("Kelly") "Motion for Federal Rule of Civil Procedure 56, Partial Summary Judgment on the Issue of Medical Causation as to Candy Kelly."[1] In the instant motion, Kelly urges this Court to grant partial summary judgment in her favor, finding that Kelly's injuries and medical treatment were caused by the August 9, 2017 automobile accident at issue in this litigation.[2] Defendants Mark Ingle ("Ingle") John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), Innovative Transport Solution, Inc. ("Innovative Transport"), Automotive Transport Services, Inc. ("Automotive Transport"), and Northland Insurance Company ("Northland") (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs Kelly, Wayland Collins ("Collins"), and Alvin Polk ("Polk")

---

[1] Rec. Doc. 274.

[2] Rec. Doc. 274-1 at 1–2.

[3] Rec. Doc. 280.

(collectively, "Plaintiffs") filed a complaint against Ingle, Q&M Motor, and Northland in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Collins was operating a vehicle with passengers Kelly and Polk on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who Plaintiffs allege is Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring negligence claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On January 15, 2020, Plaintiffs filed a first supplemental and amending complaint.[10] In the Amended Complaint, Plaintiffs name Innovative Transport and Automotive Transport as additional defendants to the instant action.[11]

On February 9, 2021, Kelly filed the instant motion for partial summary judgment on the issue of medical causation.[12] Defendants filed an opposition to the instant motion on February

---

[4] Rec. Doc. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 180.

[11] *Id.* at 1–4.

[12] Rec. Doc. 274.

16, 2021.[13] On February 25, 2021, with leave of Court, Kelly filed a reply memorandum in further support of the instant motion.[14] Also on February 25, 2021, with leave of Court, Defendants filed a supplemental memorandum in opposition to the instant motion.[15]

## II. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[18] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[19] The nonmoving party may not rest upon the pleadings.[20] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that

---

[13] Rec. Doc. 280.

[14] Rec. Doc. 299. Plaintiffs' reply memorandum is incorrectly labeled as a sur-reply memorandum.

[15] Rec. Doc. 301.

[16] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[18] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[19] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

3

evidence establishes a genuine issue for trial.[21]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[22] Where the nonmovant bears the burden of proof at trial, "the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[23] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[24]

However, "where the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial.'"[25] "The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[26]

---

[21] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[22] *Celotex*, 477 U.S. at 323.

[23] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[24] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[25] *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

[26] *Ridgeway v. Pfizer, Inc.*, No. CIVA 09-2794, 2010 WL 1729187, at *1 (E.D. La. Apr. 27, 2010) (Vance, J.).

### III. Analysis

In this litigation, Plaintiffs brings negligence claims against Defendants.[27] Plaintiffs bear the burden of proving all elements of their negligence claims, including causation, at trial. Therefore, in order to succeed on the instant motion for summary judgment, Kelly "must establish beyond peradventure" that the alleged accident at issue caused her injuries.[28] Under Louisiana law, "[t]he test for determining the causal relationship between the accident and subsequent injury is whether the plaintiffs prove through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[29] If Kelly meets her initial burden, "the burden shifts to [Defendants] to establish an issue of fact that warrants trial."[30]

Kelly argues that summary judgment is appropriate on the issue of causation because Kelly has provided affidavits from three medical experts who claim that Kelly's injuries resulted from the alleged accident while Defendants have failed to provide any contradictory expert testimony.[31] In response, Defendants argue that summary judgment is inappropriate because a genuine issue of material fact exists as to whether Kelly was injured in the accident at issue in this litigation.[32] In support of their argument that a genuine issue of material fact precludes summary judgment on the issue of causation, Defendants point to testimony of New Orleans EMS EMT Erik Hernandez, Kelly's medical records, and Kelly's deposition testimony.[33]

---

[27] Rec. Doc. 1.

[28] *Lyons*, 964 F.3d at 302.

[29] *Ridgeway*, 2010 WL 1729187, at *2.

[30] *Id.*

[31] *See* Rec. Doc. 274-1.

[32] *See* Rec. Doc. 280.

[33] *Id.* at 3–8. Defendants also challenge the credibility of Kelly's treating physicians. *Id.* at 8–11.

As an initial matter, Kelly's argument that Defendants' failure to procure an expert to testify means that "the testimony on causation from expert opinions must be deemed uncontradicted"[34] is incorrect. Expert testimony is required to establish causation only when "the question of medical causation is complex and not within the knowledge of an ordinary lay person."[35] Plaintiffs' theory of causation in the instant case "is not so complex as to be outside the knowledge of lay factfinders" and therefore Defendants do not need a medical expert to testify on their behalf.[36] Thus, Kelly's prior medical reports can be used by Defendants to establish the existence of a factual question as to the issue of causation.

Moreover, the Court finds that a genuine disputed issue of fact exists as to whether Kelly was injured in the alleged accident at issue in this case. Defendants point to the testimony of New Orleans EMS EMT Erik Hernandez who evaluated Kelly at the accident scene and later testified that Kelly denied neck and back pain immediately after the accident,[37] which contradicts Kelly's deposition testimony that she began experiencing back pain immediately following the accident.[38] In addition, Defendants point to evidence that Kelly's treating physicians have a financial interest in the outcome of this lawsuit,[39] presenting an issue of credibility to be decided by a jury in this case.

Drawing all reasonable inferences in favor of Defendants, the Court finds that summary

---

[34] Rec. Doc. 274-1 at 5.

[35] *Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. 12-1341, 2014 WL 3401095, at *2 (E.D. La. July 11, 2014) (Engelhardt, J.).

[36] *Bratkowski v. Aspen Ins. UK, Ltd.*, No. CV 15-294, 2016 WL 2901655, at *4 (E.D. La. May 18, 2016) (Feldman, J.).

[37] Rec. Doc. 280-2.

[38] Rec. Doc. 280-3 at 4.

[39] Rec. Doc. 280 at 9–11; Rec. Doc. 285 at 17–18.

judgment on the issue of medical causation as to Kelly is inappropriate in light of the record in this case.

**IV. Conclusion**

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Candy Kelly's "Motion for Federal Rule of Civil Procedure 56, Partial Summary Judgment on the Issue of Medical Causation as to Candy Kelly"[40] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this __14th__ day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[40] Rec. Doc. 274.