UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYLAND COLLINS, et al.                          CIVIL ACTION

VERSUS                                           NO. 18-7465

JOHN C. BENTON, et al.                           SECTION: "G"(5)

## ORDER AND REASONS

Before the Court is "Plaintiffs' Rule 56 Motion for Partial Summary Judgment on the Issue of Liability."[1] In the instant motion, Plaintiffs Wayland Collins ("Collins"), Candy Kelly ("Kelly"), and Alvin Polk ("Polk") (collectively, "Plaintiffs") urge this Court to grant partial summary judgment in their favor, finding that Defendant Mark Ingle ("Ingle") was at fault in the vehicular accident at issue in this litigation.[2] Ingle, Innovative Transport Solution, Inc. ("Innovative Transport"), Automotive Transport Services, Inc. ("Automotive Transport"), and Northland Insurance Company ("Northland") (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Ingle, Q&M Motor, and Northland in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained

---

[1] Rec. Doc. 275.

[2] *Id.*

[3] Rec. Doc. 279.

1

in an automobile accident.[4] According to the Complaint, on August 9, 2017, Collins was operating a vehicle on Interstate 10 with Polk and Kelly as passengers when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who Plaintiffs allege is Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring negligence claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On January 15, 2020, Plaintiffs filed a first supplemental and amending complaint.[10] In the Amended Complaint, Plaintiffs name Innovative Transport and Automotive Transport as additional defendants to the instant action.[11]

On February 9, 2021, Plaintiffs filed the instant motion for partial summary judgment on the issue of liability.[12] Defendants filed an opposition to the instant motion on February 16, 2021.[13] On February 25, 2021, with leave of Court, Plaintiffs filed a reply memorandum in further

---

[4] Rec. Doc. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 180.

[11] *Id.* at 1–4.

[12] Rec. Doc. 274.

[13] Rec. Doc. 279.

support of the instant motion.[14] Plaintiffs also filed objections to several exhibits offered by Defendants in opposition to the instant motion.[15] Defendants filed a response to Plaintiff's objections on March 2, 2021.[16] On March 5, 2021, Plaintiff moved for leave to file a reply to Defendants' response to Plaintiffs' objections.[17]

## II. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[20] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[21] The nonmoving party may not rest upon the pleadings.[22] Instead, the nonmoving

---

[14] Rec. Doc. 297. Plaintiffs' reply memorandum is incorrectly labeled as a sur-reply memorandum.

[15] Rec. Doc. 288.

[16] Rec. Doc. 305.

[17] Rec. Doc. 309. Plaintiffs' response memorandum is incorrectly labeled as a sur-reply memorandum.

[18] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[20] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[21] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[23]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[24] Where the nonmovant bears the burden of proof at trial, "the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[25] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[26]

However, "where the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial.'"[27] "The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[28]

---

[23] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[24] *Celotex*, 477 U.S. at 323.

[25] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[26] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[27] *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

[28] *Ridgeway v. Pfizer, Inc.*, No. CIVA 09-2794, 2010 WL 1729187, at *1 (E.D. La. Apr. 27, 2010) (Vance, J.).

### III. Analysis

In this litigation, Plaintiffs brings negligence claims against Defendants arising out of an alleged motor vehicle collision involving an 18-wheeler allegedly driven by Ingle.[29] In the instant motion, Plaintiffs seeks to establish that Ingle is liable as a matter of law for the alleged motor vehicle accident.[30] Plaintiffs bear the burden of proving all elements of their negligence claims, including causation of the alleged motor vehicle accident.[31] Therefore, in order to succeed on the instant motion for summary judgment, Plaintiffs "must establish beyond peradventure" that Ingle caused the alleged accident at issue.[32] If Plaintiffs meet this burden, the "burden then shifts to [Defendants] to establish an issue of fact that warrants trial."[33] Additionally, under Louisiana law, "[o]rdinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to questions of comparative fault as well."[34]

Plaintiffs argue that they are entitled to judgment as a matter of law on the issue of causation of the alleged accident is appropriate here because "[a]ll competent and admissible sworn testimony clearly shows that [Ingle] was completely at fault in making an improper left

---

[29] Rec. Doc. 1.

[30] *See* Rec. Doc. 275.

[31] *Saden v. Kirby*, 94-0854 (La. 9/5/95), 660 So. 2d 423, 427 ("Under the duty-risk approach to determining tort liability, the court first determines whether the defendant's conduct was a cause-in-fact of the plaintiff's damages.").

[32] *Lyons*, 964 F.3d at 302.

[33] *Id.*

[34] *Freeman v. Teague,* 37,932, p. 4 (La. App. 2 Cir. 12/10/03), 862 So.2d 371, 373 (internal citation omitted).

turn and directly [sic] into [Plaintiffs'] lane of travel."[35] In support, Plaintiffs point to the testimony of Collins, investigating officer Jack Kounlavong ("Officer Kounlavong"), Polk, Kelly, Ingle, and Ingle's employer John Benton.[36] Plaintiff also points to the "guilty plea of [Ingle]" in support of the instant motion for partial summary judgment.[37] In response, Defendants argue that disputed issues of material fact exist regarding causation and fault that preclude summary judgment.[38] Specifically, Defendants argue that physical evidence, footage from Officer Kounlavong's bodycam, Ingle's testimony, and testimony from Defendants' "accident reconstruction/biomechanical engineer" expert Dr. Richard Baratta ("Dr. Baratta") will "confirm that [P]laintiffs caused the accident in question" by intentionally speeding up as Ingle was changing lanes in order to cause the alleged accident.[39]

In the Complaint, Plaintiffs allege that Collins was operating a Nissan vehicle that was struck by a Peterbilt 18-wheeler driven by Ingle when "Ingle negligently failed to keep a proper lookout and attempted to change from the middle lane to the right lane and misjudged the turn, causing his vehicle to enter Plaintiffs' lane of travel and collide with Plaintiffs' vehicle."[40] Louisiana Revised Statute 32:79 provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."[41]

---

[35] Rec. Doc. 275-1 at 4.

[36] *Id.* at 4–12.

[37] *Id.* at 11–12.

[38] *See* Rec. Doc. 279 at 20.

[39] *Id.* at 20–21.

[40] Rec. Doc. 1 at 3.

[41] La. Rev. Stat. § 32:79.

In the instant motion, Plaintiffs point to facts indicating that Plaintiffs' Nissan was driving in the right lane on Interstate 10 when the Peterbilt driven by Ingle—which was allegedly travelling in the lane to the left of Plaintiffs' vehicle—sped up and moved into Plaintiffs' lane, thereby causing the accident at issue. In opposition, Defendants point to several pieces of evidence in support of their theory of liability that Plaintiffs' vehicle intentionally sped up as Ingle was changing lanes. For example, the expert report of Dr. Baratta indicates that the accident occurred when Plaintiffs' Nissan was driving at a higher speed than the Peterbilt driven by Ingle. Dr. Baratta's expert report pertinently states:

> The damage to the Nissan is consistent with a sideswipe accident with the inclusion of panel snagging between the two vehicles. The folding back of the fender, as well as the rear-directed distortion of the leading edge of the left-front door panel, indicate that, at the time of contact, the Nissan was traveling faster than the Peterbilt.[42]

Considering the conflicting evidence in the record, the Court finds that a genuine issue of material fact exists regarding the relative speeds of the vehicles involved in the alleged accident and consequently whether Plaintiffs or Ingle caused the alleged accident at issue in this litigation. Drawing all reasonable inferences in favor of Defendants, the Court concludes that judgment as a matter of law for Plaintiffs on the issue of liability is inappropriate in light of the record in this case.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Reply to

---

[42] Rec. Doc. 279-28 at 6. Although Defendants initially submit an unsigned version of Dr. Baratta's affidavit, Defendants, with leave of Court, subsequently substituted a signed version of Dr. Baratta's affidavit into the record. Rec. Doc. 302. In addition, the testimony of Dr. Baratta offered here does not contravene this Court's July 2, 2020 Order which excluded Dr. Baratta's testimony regarding medical causation only. Rec. Doc. 222.

Defendants' response to Plaintiffs' objection to Defendants' opposition exhibits[43] is **GRANTED**. The arguments set forth in the reply brief were considered by the Court in deciding the instant motion.

 **IT IS FURTHER ORDERED** that "Plaintiffs' Rule 56 Motion for Partial Summary Judgment on the Issue of Liability"[44] filed by Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk is **DENIED**.

 **NEW ORLEANS, LOUISIANA,** this _____ 17th day of May, 2021.

         **NANNETTE JOLIVETTE BROWN**
         **CHIEF JUDGE**
         **UNITED STATES DISTRICT COURT**

---

[43] Rec. Doc. 309.

[44] Rec. Doc. 275.