UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk's (collectively, "Plaintiffs") "Motion for Reconsideration of District Court [Order] Denying Plaintiffs' FRCP 12(b)(6)."[2]

On April 7, 2021, this Court issued an Order denying Plaintiffs' motion to strike the twelfth affirmative defense asserted by Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), Innovative Transport Solution, Inc. ("Innovative Transport"), Automotive Transport Services, Inc. ("Automotive Transport"), and Northland Insurance Company ("Northland") (collectively, "Defendants").[3] In the April 7, 2021 Order, the Court found that Defendants twelfth affirmative defense of "intentional acts" was subject to the pleading requirements set out in Federal Rule of Civil Procedure 8(c) and satisfied the Rule 8(c) requirements.[4] In reaching its conclusion, the Court rejected Plaintiffs' argument that the "intentional acts" defense was an allegation of fraud that would be subject to the heightened

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 319.

[3] Rec. Doc. 316.

[4] *See* Rec. Doc. 316.

1

pleading requirements under Rule 9(b). Therefore, the Court denied Plaintiffs' motion to strike Defendants' twelfth affirmative defense.[5]

In the instant motion, Plaintiffs seek reconsideration of the Court's April 7, 2021 Order.[6] Plaintiffs argue that because Defendants' eighth affirmative defense of "conspiracy to commit fraud" contains an allegation of fraud, this Court should reconsider its ruling that Defendants' twelfth affirmative defense of "intentional acts" was not an allegation of fraud.[7] Notably, the eighth affirmative defense appears in Defendants' February 5, 2020 Answer to Plaintiffs' Amended Complaint while the twelfth affirmative defense appears in Defendants' October 10, 2019 Amended Answer and Affirmative Defenses.[8]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[9] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[10] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[11] This Court's discretion is further bounded by

---

[5] *Id.*

[6] Rec. Doc. 319.

[7] Rec. Doc. 319-1 at 2.

[8] Rec. Docs. 54, 183.

[9] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[10] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[11] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[12] with relief being warranted only when the basis for relief is "clearly establish[ed]."[13] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)  the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)  the movant presents newly discovered or previously unavailable evidence;

(3)  the motion is necessary in order to prevent manifest injustice; or

(4)  the motion is justified by an intervening change in controlling law.[14]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[15] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[16] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[17] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[18]

---

[12] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[13] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[14] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4  (citations omitted).

[15] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[16] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[17] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[18] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely

Here, no manifest error of law or fact, newly discovered evidence, risk of manifest injustice, or intervening change in controlling law warrants reconsideration of the Court's April 7, 2021 Order. In Plaintiffs' motion to strike, Plaintiffs specifically requested that this Court strike the twelfth affirmative defense presented in Defendants' October 10, 2019 Amended Answer and Affirmative Defenses. Now, Plaintiffs ask the Court to consider the eighth affirmative defense presented in Defendants' February 5, 2020 Answer to Plaintiffs' Amended Complaint—an entirely different defense in an entirely different pleading—as grounds for reconsideration. Moreover, on May 7, 2021, the Magistrate Judge granted Defendants leave to amend their February 5, 2020 Answer to remove any mention of fraud because the allegation of "fraud" was inadvertently included in the pleading.[19] Thus, the motion for reconsideration is moot because any allegation of "fraud" has been removed from the responsive pleadings. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Reconsideration of District Court [Order] Denying Plaintiffs' FRCP 12(b)(6) " is **DENIED AS MOOT**.[20]

**NEW ORLEANS, LOUISIANA,** this _8th_ day of June, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[19] Rec. Doc. 328. Defendants were previously directed by the Magistrate Judge that they could not include allegations of fraud in their responsive pleadings. *See* Rec. Doc. 50.

[20] Rec. Doc. 319.