UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYLAND COLLINS, et al.**                               **CIVIL ACTION**

**VERSUS**                                                **NO. 18-7465**

**JOHN C. BENTON, et al.**                                **SECTION: "G"(5)**

### ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Defendant General Star Indemnity Company's ("General Star") "Re-Urged Motion to Dismiss."[2] Plaintiffs Wayland Collins, Candy Kelly, and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion to dismiss.

### I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a/ Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Company ("Northland") in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 295.

[3] Rec. Doc. 307.

[4] Rec. Doc. 1.

1

9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who Plaintiffs allege is Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On December 30, 2019, Plaintiffs moved to extend the time to amend pleadings in order to add several defendants to this litigation.[10] On January 9, 2020, the Court granted Plaintiffs' motion to extend the time to amend pleadings.[11] On January 15, 2020, Plaintiffs filed a first supplemental and amending complaint (the "Amended Complaint").[12] In the Amended Complaint, Plaintiffs name General Star, Innovative Transport Solution, Inc., ABC Insurance Company, Automotive Transport Services, Inc., Def Insurance Company, US AutoLogistics, LLC ("US AutoLogistics"), GHI Insurance Company, The Hertz Corporation d/b/a Hertz Rent-A-Car ("Hertz"), and XYZ Insurance Company as additional defendants.[13]

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 164.

[11] Rec. Doc. 178.

[12] Rec. Doc. 180.

[13] *Id.* at 1–4.

In the Amended Complaint, Plaintiffs allege the following with respect to General Star:

> General Star Indemnity Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage of excess and/or umbrella coverage in favor of defendants, John Benton, d/b/a Q & M Transport, Defendant Ingle and/or U.S. AutoLogistics, LLC, as the permissive operator of the insured vehicle, for his negligence in connection with the August 9, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, General Star Indemnity Company has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability.[14]

Plaintiffs subsequently dismissed the claims against US AutoLogistics and Hertz.[15]

General Star then filed a "Motion to Dismiss or, Alternatively, Motion for More Definite Statement."[16] On January 26, 2021, the Court issued an Order requiring Plaintiffs to file a more definite statement of the claims against General Star pursuant to Federal Rule of Civil Procedure 12(e).[17] On February 9, 2021, Plaintiffs filed a response to the Court's January 26, 2021 Order.[18] On February 24, 2021, General Star filed the instant re-urged motion to dismiss.[19] Plaintiffs filed an opposition to the instant motion on March 4, 2021.[20]

## II. Parties' Arguments

### A. *General Star's Arguments in Support of the Re-Urged Motion to Dismiss*

General Star urges the Court to dismiss Plaintiffs' claims against General Star pursuant to

---

[14] *Id.* at 7.

[15] Rec. Doc. 219; Rec. Doc. 221.

[16] Rec. Doc. 195.

[17] Rec. Doc. 265.

[18] Rec. Doc. 277.

[19] Rec. Doc. 295.

[20] Rec. Doc. 307.

Federal Rule of Civil Procedure 12(b)(6) for two reasons.[21] First, General Star argues that Plaintiffs failed to comply with the Court's January 26, 2021 Order because Plaintiffs failed to amend the complaint or set forth any new allegations regarding how the "Excess Automobile Liability Insurance Policy" issued by General Star to Q&M Motor for the period of May 20, 2017 to May 20, 2018 (the "Excess Policy") applies to the instant action.[22]

Second, General Star argues that Plaintiffs have not asserted a plausible claim against General Star under the Excess Policy.[23] Specifically, according to General Star, the Excess Policy provides coverage only for incidents arising out of the "Master Transporter Agreement" between Q&M Motor and US AutoLogistics.[24] General Star asserts that Plaintiffs cannot state a claim against General Star within the terms and limits of the Excess Policy.[25]

**B.**     *Plaintiffs' Arguments in Opposition to the Re-Urged Motion to Dismiss*

In opposition, Plaintiffs contend that the instant motion should be denied because the Excess Policy issued by General Star identifies Q&M Motor as a named insured and Plaintiffs "correctly and properly identified [General Star] as the excess and/or umbrella carrier for [Q&M Motor]" in the Amended Complaint.[26] According to Plaintiffs, the "clear intent" from the Excess Policy language is to apply to "any accidents involving [Q&M Motor]."[27] Plaintiffs contend that Q&M Motor was "in the course and scope of transporting vehicles for [Hertz] when this accident

---

[21] Rec. Doc. 295-1 at 8–12.

[22] *Id.* at 8–9.

[23] *Id.* at 9–12.

[24] *Id.* at 11.

[25] *Id.* at 12.

[26] Rec. Doc. 307 at 2–3.

[27] *Id.* at 4.

occurred" and an affidavit from a Hertz employee "showed that [Hertz] was provided a Certificate of Liability insurance listing [General Star] as an excess carrier in addition to the underlying limits of liability of 1,000,000.00 with Northland Insurance Company."[28]

Second, Plaintiffs contend that General Star ignores the "well pled" allegations in the Amended Complaint and "there is nothing for Plaintiff[s] to amend."[29] Plaintiffs also assert that General Star's argument that the Excess Policy was limited to transactions between Q&M Motor and US AutoLogistics "defies the very language in the General Star policy."[30]

### III. Legal Standards

#### A. *Legal Standard for 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[31] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[32] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[33] "Factual allegations must be enough to raise a right to relief above the speculative level."[34] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct

---

[28] *Id.* at 4–5.

[29] *Id.* at 6.

[30] *Id.* at 8.

[31] Fed. R. Civ. P. 12(b)(6).

[32] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[34] *Twombly*, 550 U.S. at 556.

alleged."[35]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[36] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[37] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[38] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[39] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[40] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[41] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[42] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[43]

---

[35] *Id.* at 570.

[36] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[37] *Iqbal*, 556 U.S. at 677–78.

[38] *Id.* at 679.

[39] *Id.* at 678.

[40] *Id.*

[41] *Id.*

[42] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[43] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

6

B. *The Louisiana Direct Action Statute*

Louisiana Revised Statute 22:1269(B)(1), known as the Louisiana Direct Action Statute, "affords a victim the right to sue the insurer directly when the liability policy covers a certain risk."[44] The statute pertinently provides: "The injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . ."[45] Additionally, the statute provides that such action may be brought against the insurer alone under certain enumerated conditions.[46]

## IV. Analysis

General Star urges the Court to dismiss Plaintiffs' claims against General Star pursuant to Federal Rule of Civil Procedure 12(b)(6).[47] General Star contends (1) Plaintiffs failed to comply with this Court's January 26, 2021 Order because Plaintiffs did not amend the complaint to state a claim against General Star; and (2) Plaintiffs have failed to state a claim against General Star upon which relief can be granted.[48] In opposition, Plaintiffs argue (1) they were not required to amend the Complaint by the Court's January 26, 2021 Order; and (2) the Excess Policy applies to any accidents involving Q&M Motor.[49]

---

[44] *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 8/30/2013); 144 So. 3d 771, 780; *see also* La. Rev. Stat. § 22:1269.

[45] La. Rev. Stat. § 22:1269(B)(1).

[46] *Id.*

[47] Rec. Doc. 295.

[48] *Id.* at 1.

[49] Rec. Doc. 307.

As an initial matter, Plaintiffs urge the Court to consider evidence in the record obtained through discovery.[50] In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.[51] In addition, the Fifth Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[52] Accordingly, the Court limits its review of this matter to the contents of the pleadings and the "Excess Automobile Liability Policy" attached by General Star to the instant motion[53] because the Excess Policy is referenced in the Amended Complaint and is central to Plaintiffs' allegation that General Star provided insurance coverage to Q&M Motor for the alleged collision.[54]

This tort action arises out of a motor vehicle collision that Plaintiffs allege was caused by the negligent operation of an 18-wheeler driven by Ingle.[55] Plaintiffs name Q&M Motor as a defendant in the instant action under the doctrine of *respondeat superior*.[56] In the Amended Complaint, Plaintiffs set forth the following allegations against General Star:

> Paragraph 2(A): **GENERAL STAR INDEMNITY COMPANY**, a foreign corporation upon information and belief, incorporated in a State other than the State of Louisiana, who **upon information and belief at all times relevant herein provided excess and/or umbrella coverage to [Q&M Motor] and/or**

---

[50] *See, e.g.*, Rec. Doc. 307 at 4 (urging the Court to consider an affidavit provided by Hertz to Plaintiffs' counsel during discovery).

[51] Fed. R. Civ. P 12(b)(6).

[52] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).

[53] Rec. Doc. 295-2.

[54] Rec. Doc. 180 at 7.

[55] Rec. Doc. 1.

[56] *Id.* at 5.

> **[US AutoLogistics] for the August 9, 2017 motor vehicle collision at issue**.[57]
> . . .
> Paragraph 14(A): **General Star Indemnity Company, at all times relevant herein, had in full force and effect a policy of liability insurance coverage of excess and/or umbrella coverage in favor of defendants, [Q&M Motor], Defendant Ingle and/or [US AutoLogistics]**, as the permissive operator of the insured vehicle, for his negligence in connection with the August 9, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, General Star Indemnity Company has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability.[58]

Pursuant to the Louisiana Direct Action Statute, Plaintiffs may sue General Star as an insurer "within the terms and limits of the policy."[59]

As described in this Court's January 26, 2021 Order, the Excess Policy issued by General Star names "John C Benton DBA Q & M Motors" as the "first named insured" under the policy.[60] Therefore, Plaintiffs are correct that Q&M Motors is a named insured on the Excess Policy.[61] However, the "Designated Truckload Carrier Agreement Endorsement" included in the Excess Policy provides as follows:

> The insurance provided by this policy applies only to ultimate net loss in excess of underlying insurance for damages for which the insured is legally liable, or costs or expenses, arising out of, resulting from, caused or contributed to by:
> a.  An occurrence which is covered by the controlling underlying policy; and
> b.  **The designated contract in the Schedule above**.[62]

---

[57] Rec. Doc. 180 at 1–2 (emphasis added).

[58] *Id.* at 7 (emphasis added).

[59] La. Rev. Stat. § 22:1269(B)(1).

[60] Rec. Doc. 295-2 at 3.

[61] *See* Rec. Doc. 307 at 3.

[62] Rec. Doc. 295-2 at 21 (emphasis added).

The "underlying insurance" referenced in this clause of the Excess Policy is the insurance policy issued by Northland to Q&M Motor which provides up to $1,000,000 in liability coverage, as provided by the "Schedule of Underlying Insurance" in the Excess Policy.[63] In addition, the "designated contract in the Schedule above" referenced in this clause of the Excess Policy is a "Master Transporter Agreement" contract "between Q & M Motors, Inc. and US AutoLogistics, LLC."[64]

For these reasons, this Court previously found that the terms of the Excess Policy indicate that the policy applies only to incidents "arising out of, resulting from, caused or contributed to by" the specified contract between Q&M Motor and US AutoLogistics where liability exceeds $1,000,000.[65] Because it was unclear how the Excess Policy is implicated in the instant action following dismissal of Plaintiffs' claims against US AutoLogistics and Hertz, the Court ordered Plaintiffs to file a more definite statement alleging how the Excess Policy issued by General Star to Q&M Motor is implicated in this action pursuant to Federal Rule of Civil Procedure 12(e).[66]

In response to the Court's January 26, 2021 Order, Plaintiffs filed a response in which Plaintiffs assert that when Q&M Motors is not transporting for US AutoLogistics, the Excess Policy issued by General Star provides excess coverage for "any other types of negligence once the underlying policy limits [sic] with Northland Insurance Company of $1 million dollars is exhausted."[67] According to Plaintiffs, the Excess Policy is not restricted to transports involving

---

[63] *Id.* at 4.

[64] *Id.* at 21.

[65] Rec. Doc. 265 at 14.

[66] *Id.* at 16–17.

[67] Rec. Doc. 227 at 3.

US AutoLogistics.[68] In addition, Plaintiffs contend that if the Excess Policy is ambiguous, it must be construed against General Star and in favor of coverage.[69] Finally, Plaintiff points to email communications to argue that General Star was "on notice" that the claim arising from the accident at issue could exceed the underlying policy limits of $1 million.[70] Plaintiffs reassert several of these arguments again in opposition to the instant motion to dismiss.[71]

Plaintiffs' arguments ignore the plain language of the Excess Policy, which states that the Excess Policy provides coverage for excess losses "arising out of, resulting from, caused or contributed to by . . . the designated contract [between Q&M Motor and US AutoLogistics]."[72] Plaintiffs do not allege—either in the Amended Complaint or in response to the Court's Order requiring Plaintiffs to provide a more definite statement—that the alleged accident occurred in conjunction with the specified contract between Q&M Motor and US AutoLogistics. In fact, Plaintiffs admit that "Q&M Motor[] was not transporting for US AutoLogistics [] when this accident occurred"[73] and "Q&M Motor [t]ransport towing of vehicles for Hertz Corporation had nothing to do with US AutoLogistics []."[74] Because Plaintiffs do not sufficiently allege that the Excess Policy is implicated in this action, the claims against General Star must be dismissed.

---

[68] *Id.* at 4–5.

[69] *Id.* at 6–8.

[70] *Id.* at 8–9.

[71] *See* Rec. Doc. 307.

[72] *See* Rec. Doc. 295-2 at 21.

[73] Rec. Doc. 277 at 3.

[74] *Id.* at 5; *see also id.* at 4 ("[D]iscovery revealed that Q&M Motors was not in the course and scope of its agreement with US AutoLogistics, LLC when it was transporting vehicles at the time of this accident. Discovery revealed that Q&M Motors was transporting vehicles for Hertz Corporation.").

## V. Conclusion

For the foregoing reasons, the Court finds that Plaintiffs fail to state a claim that the Excess Policy issued by General Star to Q&M Motor is applicable to this action. Accordingly,

**IT IS HEREBY ORDERED** that Defendant General Star Indemnity Company's "Re-Urged Motion to Dismiss"[75] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted by Plaintiffs against General Star Indemnity Company are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this  8th   day of June, 2021.

                                              **NANNETTE JOLIVETTE BROWN**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**

---

[75] Rec. Doc. 295.