UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Co.'s (collectively, "Defendants") "Motion in Limine Regarding Evidence of Prior Conviction."[2] Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Co. ("Northland") in this Court, seeking recovery for injuries and property damage that Plaintiffs

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 380.

[3] Rec. Doc. 404.

1

allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On November 2, 2021, Defendants filed the instant "Motion in Limine Regarding Evidence of Prior Conviction."[10] Plaintiffs filed an opposition on November 7, 2021.[11]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion in Limine*

Defendants move the Court to issue an Order "excluding from evidence at trial and prohibiting any mention of, interrogation about, and exhibits pertaining to a Citation and conviction on same, dating back to 2013, for possession of a controlled substance, issued to Mark

---

[4] Rec. Doc. 1. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

[5] Rec. Doc. 1.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 380.

[11] Rec. Doc. 404.

2

Ingle."[12] According to Defendants, "the fact that Ingle received a citation in 2013 for possession of a controlled substance has no conceivable relevance to any issues related to the alleged traffic incident in 2017 that forms the basis of this litigation, whether as to liability or damages."[13] Additionally, Defendants argue that any potential relevance is outweighed by the likelihood of unfair prejudice and misleading the jury.[14] Finally, Defendants assert that the prior conviction is not admissible under Federal Rule of Evidence 609 because Ingle was not convicted of a crime that was punishable by more than one year imprisonment or a crime involving a dishonest act or false statement.[15]

### B. Plaintiffs' Arguments in Opposition to the Motion in Limine

In response, Plaintiffs contend that Defendants are downplaying Ingle's conviction.[16] Plaintiffs assert that Ingle was convicted of "DUI (1st offense), Possession of Marijuana in a [Motor Vehicle] and Possession of Paraphernalia" and that his driver's license was suspended for six months.[17] According to Plaintiffs, Ingle testified falsely at his deposition when he said that his only prior conviction was for possession of marijuana.[18]

Plaintiffs contend that they should be able to rely on Ingle's prior convictions when cross-examining Defendants' expert on insurance adjusting, Louis Fey.[19] Plaintiffs assert that Fey

---

[12] Rec. Doc. 380-1 at 1.

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.* at 4.

[16] Rec. Doc. 404 at 1.

[17] *Id.* at 1–2.

[18] *Id.* at 3.

[19] *Id.*

should have considered Ingle's prior conviction when determining whether there were "red flags" in the insurance investigation of this incident.[20]

Next, Plaintiffs argue that Ingle's prior conviction is relevant because "Ingle admitted in deposition that he committed perjury in that 2013 offense."[21] Specifically, Ingle testified that the marijuana belonged to his son, but Ingle "took the rap" because his son had custody of Ingle's grandson.[22] According to Plaintiffs, Ingle admitted that he lied to the court and the investigating officer about possessing the marijuana. Therefore, Plaintiffs contend that the evidence should be admitted under Rule 609.[23]

Finally, Plaintiffs argue that Ingle "has a habit of lying since at least 2013 and this habit evidence is admissible to show that Ingle acted in conformity" with this habit.[24] Plaintiffs argue that his conviction is admissible "to show Ingle's habit of untruthfulness and that he acted in conformity with this habit under Rule 406 of being untruthful."[25]

### III. Legal Standard

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of

---

[20] *Id.* at 2–3.

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.* at 5–6.

[24] *Id.* at 6.

[25] *Id.* at 9.

Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[26] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[27]

Pursuant to Federal Rule of Evidence 609, evidence of a criminal conviction may be introduced as impeachment evidence to attack a witness's character for truthfulness. Evidence of a criminal conviction for a crime that was punishable by death or by imprisonment for more than one year "must be admitted, subject to Rule 403," in a civil or criminal case when the witness is not a defendant.[28] Evidence of any criminal conviction, regardless of the punishment, that required proving a dishonest act or false statement must also be admitted.[29]

## IV. Analysis

Defendants move the Court to issue an Order "excluding from evidence at trial and prohibiting any mention of, interrogation about, and exhibits pertaining to a Citation and conviction on same, dating back to 2013, for possession of a controlled substance, issued to Mark

---

[26] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[27] *Id*. at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[28] Fed. R. Evid. 609(a)(1)(A).

[29] Fed. R. Evid. 609(a)(2).

Ingle."[30]

Rule 609(a) provides for admission of prior convictions as impeachment evidence where the crime is punishable by imprisonment for more than one year, or where the crime involves a dishonest act or false statement. Plaintiffs have not presented any evidence to show that Ingle was convicted of a crime punishable by imprisonment for more than one year. Moreover, possession of a controlled substance does not involve a dishonest act or false statement.

Plaintiffs' argument that the Court should consider the offense to involve a false statement because "Ingle admitted in deposition that he committed perjury in that 2013 offense"[31] is a complete mischaracterization of the deposition testimony. Ingle testified that he had a prior conviction for possession of marijuana.[32] Ingle stated that he "got busted for about a joint of marijuana that belonged to [his] son."[33] Ingle stated that his son had custody of his grandson so Ingle "took the rap instead of [his son] having it on him."[34] According to Plaintiffs, Ingle admitted that he lied to the court and the investigating officer about possessing the marijuana. The deposition testimony does not support this quantum leap of logic. Ingle's explanation that the marijuana belonged to his son does not suggest that Ingle lied under oath regarding his possession of the marijuana. Instead, the deposition testimony suggests that the marijuana belonged to Ingle's son but Ingle admitted to possessing the marijuana. Therefore, evidence of Ingle's prior conviction is not admissible under Rule 609.

---

[30] Rec. Doc. 380-1 at 1.

[31] Rec. Doc. 404 at 4.

[32] Rec. Doc. 380-6 at 7.

[33] *Id.*

[34] *Id.*

Plaintiffs suggest that evidence of the prior conviction should be admitted because it shows that Ingle has a "habit" of lying. As an initial matter, Plaintiffs have not shown that Ingle did in fact lie about his prior conviction. During the deposition, Plaintiffs counsel asked Ingle if he "ever received a citation for having a controlled substance," and Ingle responded affirmatively.[35] Ingle then stated that he "got busted for about a joint of marijuana that belonged to [his] son."[36] Plaintiffs' counsel then turned to a different line of questioning.[37] Plaintiffs now rely on a Notice of Appeal in the criminal case which references a conviction for "DUI First Offense, possession of marijuana in a motor vehicle, and possession of paraphernalia."[38] Plaintiffs have not shown how the Notice of Appeal renders Ingle's deposition testimony untruthful. Ingle was asked about the conviction for possession of marijuana, and he admitted to the conviction.

Additionally, Plaintiffs have not shown that Ingle has a "habit" of lying. Federal Rule of Evidence 406 provides that "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit."[39] "To offer evidence of a habit, a party must at least demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct."[40] "Habit suggests a regular response to a repeated specific situation that has become semi-automatic."[41] Plaintiffs have not shown that lying is a

---

[35] Rec. Doc. 380-6 at 6–7.

[36] *Id.* at 7.

[37] *Id.*

[38] Rec. Doc. 404-1.

[39] Fed. R. Evid. 406.

[40] *United States v. Anderson*, 755 F.3d 782, 794 (5th Cir. 2014) (quoting *United States v. Heard*, 709 F.3d 413, 434 (5th Cir. 2013)).

[41] *Id.*

regular practice of Ingle such that it is semi-automatic. Therefore, the prior conviction is not admissible under Rule 406.

Finally, Ingle's prior conviction must be excluded under Rule 403. Ingle's 2013 criminal conviction is of limited probative value to the alleged traffic accident that occurred in 2017. Any limited probative value that the conviction may have is substantially outweighed by the danger of unfair prejudice. Accordingly, the Court excludes any evidence or testimony regarding Ingel's 2013 criminal conviction.

### V. Conclusion

Ingle's 2013 conviction is not admissible as impeachment evidence under Rule 609(a). Additionally, Plaintiffs have not shown that the prior conviction is admissible under Rule 406 to show Ingle's alleged "habit" of lying. Finally, Ingle's prior conviction must be excluded under Rule 403. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Company's "Motion in Limine Regarding Evidence of Prior Conviction"[42] is **GRANTED**. Any evidence pertaining to Mark Ingle's criminal conviction from 2013 is hereby excluded.

**NEW ORLEANS, LOUISIANA**, this 12th day of November, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 380.