## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WAYLAND COLLINS, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                     **NO. 18-7465**

**JOHN C. BENTON, et al.**                                     **SECTION: "G"(5)**

## ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Company's (collectively, "Defendants") "Motion in Limine to Exclude Phone Records of Mark Ingle."[2] Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Company ("Northland") in this Court, seeking recovery for injuries and property damage that

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 370.

[3] Rec. Doc. 377.

1

Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On October 29, 2021, Defendants filed the instant "Motion in Limine to Exclude Phone Records of Mark Ingle."[10] Plaintiffs filed an opposition on November 1, 2021.[11]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion in Limine*

Defendants move the Court "to issue an Order excluding from evidence at trial and prohibiting any mention of, interrogation about, and exhibits pertaining to cell phone records of

---

[4] Rec. Doc. 1. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

[5] Rec. Doc. 1.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 370.

[11] Rec. Doc. 377.

defendant, Mark Ingle."[12] According to Defendants, Ingle's cell phone records from the date of the alleged accident should be excluded for three reasons: (1) they are not relevant to this litigation; (2)  any potential relevance is outweighed by the likelihood of unfair prejudice to defendants and by misleading the jury; and (3) the records lack the requisite foundation and authentication for admissibility.[13]

Defendants point out that the accident occurred at or around 5:18 PM.[14] Defendants note that the cell phone records show that Ingle last sent a text message at 4:30 PM.[15] Defendants argue that Ingle's "use of a cell phone prior to the accident is wholly irrelevant" to this litigation.[16] "Defendants expect that [P]laintiffs will attempt to introduce the cell phone records in an effort to establish that Ingle caused the accident due to alleged inattentiveness and/or failure to comply with unspecified rules or regulations."[17] However, Defendants assert that "the phone records do not make the existence of the proposition that Ingle caused or contributed to the accident more or less probable than it would otherwise be without the evidence."[18]

Next, Defendants argue that any potential relevance is outweighed by the likelihood of unfair prejudice and misleading the jury.[19] Defendants assert that the phone records do not support

---

[12] Rec. Doc. 370.

[13] *Id.*

[14] Rec. Doc. 370-1 at 3.

[15] *Id.* at 2.

[16] *Id.* at 3.

[17] *Id.* at 3–4.

[18] *Id.* at 4.

[19] *Id.*

Plaintiffs' claim that Ingle was inattentive at the time of the accident.[20] Therefore, Defendants argue that the introduction of these records will cause confusion.[21]

Finally, Defendants argue that the phone records lack the necessary foundation and authentication for admissibility.[22] Defendants note that the records do not include any custodian certification that evidences the authenticity of the documents as required by Federal Rule of Evidence 902(11).[23] Additionally, Defendants note that Plaintiffs have not identified a witness to authenticate the phone records at trial.[24] Since the records cannot be properly authenticated, Defendants assert that the do not meet the requirements of the business records exception to the hearsay rule.[25]

## B.    *Plaintiffs' Arguments in Opposition to the Motion in Limine*

In response, Plaintiffs concede that the cell phone records are hearsay.[26] Nevertheless, Plaintiffs argue that Ingel's cell phone records are relevant and admissible.[27] First, Plaintiffs assert that Ingle was in violation of state and federal law when he was texting, talking, and downloading apps on his phone while operating an 18-wheeler on Interstate 10.[28] Plaintiffs point to the Federal Motor Carrier Safety Regulations ("FMCSR"), which prohibit drivers of

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 6.

[26] Rec. Doc. 377 at 1.

[27] *Id*. at 1.

[28] *Id*. at 2.

commercial vehicles from using cell phones for talking, texting, or downloading apps while operating a commercial vehicle.[29] According to Plaintiffs, Ingle's cell phone records show that while he was driving on "Interstate 10 and traveling in excess of 60 m.p.h, [Ingle] made or received at least 14 texts, made 15 phone calls and was also downloading apps on his phone."[30] Plaintiffs posit that the records show "Ingle was operating this dangerous vehicle as a distracted driver."[31] According to Plaintiffs, "Ingle's cell phone records conclusively prove that Ingle was violating federal and state laws as a matter of habit while operating his vehicle moments before this accident occurred which also goes to the veracity of Ingle in this case."[32] Plaintiffs assert that evidence of a habit of a person is admissible under Rule 406 of the Federal Rules of Evidence.[33]

Second, Plaintiffs argue that Ingle's veracity is at question in this case, and the cell phone records assist Plaintiffs in showing that Ingle was a distracted driver at the time of the accident.[34] "Even if this Court accepted Ingle's claim that he was not on the cell phone the moment this accident occurred, it does not mean that Ingle was not in the active process of using his cell phone at the time this accident occurred."[35] Plaintiffs posit that the jury has the right and duty to conclude whether or not Ingle was in the process of dialing a phone number when the accident occurred, writing a text to someone which he did not send, or using an app.[36] Plaintiffs assert that the cell

---

[29] *Id.* (citing FMCFR 392.82; FMCSR 392.80).

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* at 5–6.

phone records support their argument that "Ingle habitually disregards these federal and state laws" governing commercial drivers.[37] Plaintiffs submit that their expert, Larry Cole, "has reviewed the cell phone records of Ingle a[n]d will testify to the jury that Ingle's use of a cell phone made him a distracted driver on the interstate and will also provide the jury with the standard in the commercial industry as to why companies strictly prohibit their drivers from using cell phones."[38] For these reasons, Plaintiffs argue that the cell phone records are "relevant to explain to the jury why Ingle was distracted and did not see Plaintiffs' vehicle in the other lane when this accident occurred."[39]

### III. Legal Standard

#### A.      *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should

---

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.* at 9.

occur only sparingly[.]"[40] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[41]

## B.    *Authentication and Hearsay*

Except in limited circumstances, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, and subject to certain exceptions, is not admissible as evidence.[42] Federal Rule of Evidence 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not hearsay if:

(A)    the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C)    making the record was a regular practice of that activity;

(D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)    the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[43]

Pursuant to Federal Rule of Evidence 902(11), "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C)," is self-authenticating "as shown by a certification of the custodian or another qualified person."[44] "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair

---

[40] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[41] *Id*. at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[42] *See* Fed. R. Evid. 801–805.

[43] Fed. R. Evid. 803(6).

[44] Fed. R. Evid. 902(11).

opportunity to challenge them."[45]

"There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy."[46] "Furthermore, there is no requirement that the records be created by the business having custody of them." Instead, "the primary emphasis of [R]ule 803(6)'s is on reliability or trustworthiness of the records."[47]

## IV. Analysis

Defendants move the Court "to issue an Order excluding from evidence at trial and prohibiting any mention of, interrogation about, and exhibits pertaining to cell phone records of defendant, Mark Ingle."[48] According to Defendants, Ingle's cell phone records from the date of the alleged accident should be excluded for three reasons: (1) they are not relevant to this litigation; (2) any potential relevance is outweighed by the likelihood of unfair prejudice to defendants and by misleading the jury; and (3) the records lack the requisite foundation and authentication for admissibility.[49] In response, Plaintiffs concede that the cell phone records are hearsay.[50] Nevertheless, Plaintiffs argue that Ingel's cell phone records are relevant and admissible. [51]

As an initial matter, Plaintiffs do not respond to Defendants argument that the cell phone records are not properly authenticated. Defendants note that the records do not include any

---

[45] *Id.*

[46] *United States v. Duncan,* 919 F.2d 981, 986 (5th Cir. 1990) (internal citations omitted).

[47] *Id.*

[48] Rec. Doc. 370.

[49] *Id.*

[50] Rec. Doc. 377 at 1.

[51] *Id.*

custodian certification that evidences the authenticity of the documents as required by Federal Rule of Evidence 902(11).[52] Additionally, Defendants note that Plaintiffs have not identified a witness to authenticate the phone records at trial.[53] The Court does not have sufficient information to rule on this issue. Under Rule 902(11), "a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C)," is self-authenticating "as shown by a certification of the custodian or another qualified person."[54] Defendants represent that the phone records do not contain such a certification, but they do not present a copy of the records with the motion. Therefore, the Court cannot determine whether the records are self-authenticating under Rule 902(11). This issue must be resolved at trial.

Assuming that the records will be properly authenticated at trial, Defendants' argument that the phone records are irrelevant is unavailing. Plaintiffs assert that they plan to present the phone records to show that Ingle was distracted on the date of the alleged accident. According to Plaintiffs, the phone records show that while driving on Interstate 10 on the date of the alleged accident Ingle made or received at least 14 texts, made 15 phone calls, and was downloading apps. Defendants argue that this evidence is irrelevant because the phone records do not show that Ingle was making a phone call or sending a text at the exact time of the alleged accident. However, as Plaintiffs point out, the jury could infer from the evidence that Ingle was distracted by his cell phone at the time of the accident. Defendants will be free to argue to the jury that Ingle was not using his phone at the time of the accident. Defendants have not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice or confusion of

---

[52] Rec. Doc. 370-1 at 5.

[53] *Id.*

[54] Fed. R. Evid. 902(11).

the issues.

### V. Conclusion

As discussed above, neither party presents a copy of the phone records for the Court to determine whether the records are self-authenticating under Rule 902(11). This issue must be resolved at trial. Assuming that the records will be properly authenticated at trial, Defendants' argument that the phone records are irrelevant is unavailing. Moreover, Defendants have not shown that the probative value of the evidence is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Company's "Motion in Limine to Exclude Phone Records of Mark Ingle"[55] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __12th__ day of November, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 370.