# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") "Motion in Limine to Prohibit Defendant from [Offering] Any Evidence or Testimony of Affirmative Defenses not Pled in Their Answer."[2] Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Co.'s (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Co.

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 407.

[3] Rec. Doc. 426.

1

("Northland") in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On November 8, 2021, Plaintiffs filed the instant "Motion in Limine to Prohibit Defendant from [Offering] Any Evidence or Testimony of Affirmative Defenses not Pled in Their Answer."[10] Defendants filed an opposition on November 9, 2021.[11]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion in Limine*

Plaintiffs argue that Defendants should be precluded from presenting evidence that

---

[4] Rec. Doc. 1. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

[5] Rec. Doc. 1.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 407.

[11] Rec. Doc. 426.

Plaintiffs' medical expenses were incurred in bad faith because Defendants did not plead "bad faith" as an affirmative defense.[12] Plaintiffs assert that the failure to adequately plead an affirmative defense can result in a waiver of the defense.[13] Therefore, Plaintiffs contend that Defendants cannot introduce evidence on the reasonableness of Plaintiffs' medical bills because the bills can only be reduced if they were incurred in bad faith.[14]

**B.      *Defendants' Arguments in Opposition to the Motion in Limine***

Defendants contend that the motion must be denied because they provided fair notice to Plaintiffs that they would present evidence to establish that Plaintiffs' medical expenses were incurred in bad faith.[15] Defendants argue that the Answer meets the fair notice pleading requirement by asserting that Plaintiffs staged the accident and that Plaintiffs "suffered no injury due to the fault of [D]efendants."[16] According to Defendants, "Plaintiffs cannot argue that they were either ambushed or were the victim of an unfair surprise if [D]efendants present evidence that [P]laintiffs' medical expenses were incurred in bad faith."[17] Defendants suggest that "[i]t naturally follows that if an accident is staged, then all subsequent medical treatment of the alleged injuries in that accident would be incurred in bad faith."[18]

### III. Legal Standard

Black's Law Dictionary defines an affirmative defense as "[a] defendant's assertion of

---

[12] Rec. Doc. 407-1 at 1.

[13] *Id.* at 2.

[14] *Id.* at 3.

[15] Rec. Doc. 426 at 1.

[16] *Id.* at 2.

[17] *Id.* at 3.

[18] *Id.*

facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."[19] Generally, an affirmative defense is subject to pleading requirements set out in Federal Rule of Civil Procedure 8(c). Under Rule 8(c), defendants must plead an affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[20] "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."[21]

"The concern is that a defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense."[22] "Where the [affirmative defense] is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal."[23] "More specifically, a defendant does not waive an affirmative defense if it is raised at a 'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'"[24] "[T]he aim of the relaxed notice pleading standards of Federal Rule of Civil Procedure 8 is to prevent parties from being defaulted for committing technical errors."[25]

---

[19] DEFENSE, Black's Law Dictionary (11th ed. 2019).

[20] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

[21] *Id.*

[22] *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (internal quotation marks omitted)).

[23] *Id.* at 385–86 (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983)).

[24] *Id.* at 386 (quoting *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007); *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)).

[25] *Woodfield v. Bowman*, 193 F.3d at 362.

## IV. Analysis

Plaintiffs argue that Defendants should be precluded from presenting evidence that Plaintiffs' medical expenses were incurred in bad faith because Defendants did not plead "bad faith" as an affirmative defense.[26] Defendants contend that the motion must be denied because the Answer meets the fair notice pleading requirement by asserting that Plaintiffs staged the accident and that Plaintiffs' "suffered no injury due to the fault of defendants."[27] Defendants suggest that "[i]t naturally follows that if an accident is staged, then all subsequent medical treatment of the alleged injuries in that accident would be incurred in bad faith."[28]

In *Rogers v. McDorman*, the Fifth Circuit considered whether the defendants waived their affirmative defense of *in pari delicto* by not specifically mentioning the defense in the Answer.[29] In the Answer, the defendants asserted that "[t]he injuries, damages, and losses alleged in the Original Complaint were caused in whole or in part by the acts or omissions of [p]laintiffs, [p]laintiffs' agents, and/or others," and that Directors had violated "the law, rules and regulations governing the operations of a national banking association."[30] The Fifth Circuit held that this language was sufficient to give the plaintiffs fair notice that the *in pari delicto* affirmative defense would be used in trial.[31] Moreover, the court noted that the parties knew that *in pari delicto* was at issue, as they contested its applicability in a pretrial brief.[32]

---

[26] Rec. Doc. 407-1 at 1.

[27] Rec. Doc. 426 at 1–2.

[28] *Id.* at 3.

[29] *Rogers*, 521 F.3d at 386.

[30] *Id.*

[31] *Id.*

[32] *Id.*

In this case, Plaintiffs clearly had fair notice that Defendants will argue that Plaintiffs incurred their medical expenses in bad faith. Defendants asserted as the "Eighth Defense" in their Answer to Plaintiffs' First Supplemental and Amending Complaint, which states "Defendants plead the affirmative defense that plaintiffs conspired to stage the alleged subject accident and that the alleged subject accident in this case was intentionally caused and/or staged by the plaintiffs, and that plaintiffs suffered no injury due to the fault of [D]efendants."[33] Defendants assert that the affirmative defense that the accident was staged naturally carries with it the assertion that any affiliated medical expenses were incurred in bad faith. Even assuming that the Eighth Defense did not put Plaintiffs on notice that Defendants would argue that the medical expenses were incurred in bad faith, Plaintiffs have been on notice of Defendants argument since at least September 1, 2020, when Defendants stated in a brief filed in opposition to one of Plaintiffs' motions in limine that they "intend to introduce evidence and testimony that all of the medical treatment of plaintiffs was incurred in bad faith."[34] Moreover, in this Court's February 18, 2021 Order, the Court specifically explained that "[it would] instruct the jury not to decrease Plaintiffs' recoverable medical expenses without a finding of bad faith."[35] Accordingly, Defendants have not waived the defense as it was raised at a "pragmatically sufficient time, and [Plaintiffs were] not prejudiced in [their] ability to respond.'"[36]

Accordingly,

---

[33] Rec. Doc. 183 at 3.

[34] Rec. Doc. 236 at 13.

[35] Rec. Doc. 285 at 14.

[36] *Rogers*, 521 F.3d at 386.

**IT IS HEREBY ORDERED** that Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") "Motion in Limine to Prohibit Defendant from [Offering] Any Evidence or Testimony of Affirmative Defenses not Pled in Their Answer"[37] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 12th day of November, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[37] Rec. Doc. 407.