UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYLAND COLLINS, et al.**                                   **CIVIL ACTION**

**VERSUS**                                                     **NO. 18-7465**

**JOHN C. BENTON, et al.**                                    **SECTION: "G"(5)**

## ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Co.'s (collectively, "Defendants") "Motion in Limine to Limit the Testimony of Officer Jack Kounlavong, Exclude Portions of the Accident Report, and Exclude Evidence of the Traffic Citation and Payment."[2] Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Co.

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 378.

[3] Rec. Doc. 402.

1

("Northland") in this Court, seeking recovery for injuries and property damage that Plaintiffs allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On November 2, 2021, Defendants filed the instant "Motion in Limine to Limit the Testimony of Officer Jack Kounlavong, Exclude Portions of the Accident Report, and Exclude Evidence of the Traffic Citation and Payment."[10] Plaintiffs filed an opposition on November 7, 2021.[11]

---

[4] Rec. Doc. 1. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

[5] Rec. Doc. 1.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 378.

[11] Rec. Doc. 402.

## II. Parties' Arguments

*A.    Defendants' Arguments in Support of the Motion in Limine*

Defendants move the Court to issue an Order "limiting the testimony of Officer Jack Kounlavong, excluding portions of the accident report of the alleged accident, and excluding evidence, testimony, and argument regarding the traffic Citation issued to Mark Ingle and Ingle's payment of the Citation."[12]

First, Defendants argue that Officer Kounlavong's lay testimony regarding his opinion as to the cause of or fault for the alleged accident should be excluded at trial.[13] Defendants note that Officer Kounlavong of the New Orleans Police Department was called to the scene to investigate the alleged accident, but he did not personally observe the accident.[14] Defendants concede that Officer Kounlavong issued a citation to Ingle.[15] According to Defendants, Ingle paid the Citation due to the time, expense, and loss of work that would have been involved in returning to New Orleans to contest the citation.[16] However, Defendants submit that payment of a traffic citation does not automatically constitute an admission of guilt under Louisiana law.[17] Since Officer Kounlavong has not been identified as an expert in this matter and did not personally observe the accident, Defendants assert that any lay testimony concerning the cause of the accident and fault should be excluded.[18]

---

[12] Rec. Doc. 378.

[13] Rec. Doc. 378-1 at 1.

[14] *Id.* at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 3–4.

3

Second, Defendants submit that certain portions of Officer Kounlavong's accident report containing opinions on causation and fault should be excluded because they contain inadmissible hearsay.[19] Defendants assert that these statements are hearsay, and only the portions of the report that reflect the police officer's first-hand observations based on his investigation and experience are properly admissible under Federal Rule of Evidence 803(8)(A)(iii).[20]

Finally, Defendants submit that evidence, testimony, and argument regarding the traffic citation issued to Ingle should be excluded because it is inadmissible under Louisiana law.[21] Defendants point to Ingle's testimony that he paid the citation to save time and prevent him from missing work.[22] Defendants concede that the computer printout from the Orleans Parish Traffic Court indicates that Ingle entered a "guilty" plea.[23] However, Defendants suggest that "Ingle should not be considered to have pled guilty when the payment was a result of expediency and compromise."[24] Moreover, Defendants cite Louisiana Revised Statute § 13:2516, which provides that "[n]o conviction in the traffic court of New Orleans or in the municipal court of New Orleans may be used in any trial in any district court of this state arising out of the same facts and circumstances in connection with which the defendant was charged in the municipal or traffic courts of New Orleans."[25] Therefore, Defendants argue that evidence regarding payment of the

---

[19] *Id.* at 4–5.

[20] *Id.* (citing *Williams v. Gaitsch*, No. 08-0772, 2011 WL 13286179, at *2 (W.D. La. May 26, 2011)).

[21] *Id.* at 5–6.

[22] *Id.* at 6.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 6–7.

citation should be excluded.[26]

### B. Plaintiffs' Arguments in Opposition to the Motion in Limine

In response, Plaintiffs argue that Ingle's plea of guilty to the citation is relevant and admissible.[27] Plaintiffs assert that a certified copy of the record from the Municipal and Traffic Court of Orleans show that Ingle pled guilty to the offense on September 12, 2017, and paid a fine.[28] Plaintiffs contend that Defendants argument that the evidence should be excluded because Ingle pled guilty as a matter of convenience has been rejected by appellate courts in Louisiana.[29]

Next, Plaintiffs argue that Officer Kounlavong can provide lay opinion testimony as to "the facts and circumstances surrounding this accident."[30] In support, Plaintiffs cite *Puga v. RCX Solutions, Inc.*, a Fifth Circuit case holding that the district court did not abuse its discretion in allowing the investigating police officer to provide opinion testimony on the cause of an accident.[31] Plaintiffs assert that Officer Kounlavong has the education, training, and experience as an accident investigator for the City of New Orleans to provide opinions as to the facts and circumstances surrounding this accident.[32]

Finally, Plaintiffs argue nothing in the accident report needs to be redacted because Ingle pled guilty to the traffic offense.[33]

---

[26] *Id.* at 7.

[27] Rec. Doc. 402 at 2.

[28] *Id.*

[29] *Id.* (citing *Hopkins v. Nola*, 46,114, p. 6 n.2 (La. App. 2 Cir. 3/9/11); 58 So. 3d 1075, 1078, 1081 n.2).

[30] *Id.* at 4–5.

[31] *Id.* (citing *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019)).

[32] *Id.* at 5.

[33] *Id.* at 8.

### III. Legal Standard

**A.** *Lay Opinion and Expert Opinion Testimony*

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[34]

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[35]

**B.** *Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26*

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports.[36] Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were exempt from Rule 26's disclosure requirements under certain circumstances.[37] Following the 2010 amendments, however, a non-retained expert is "subject to a separate, less

---

[34] Fed. R. Evid. 701.

[35] Fed. R. Civ. 702.

[36] Fed. R. Civ. P. 26(a)(2)(B).

[37] *Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).

stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C).[38] "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[39] A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[40] A reason for requiring less stringent disclosures for non-retained experts is that "these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[41]

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[42] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely to rebut or contradict such evidence.[43]

---

[38] *Id. See also Causey v. State Farm Mut. Auto. Ins. Co.*, No. 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018) (Africk, J.) "[T]reating physicians fall under the limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

[39] *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017).

[40] *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

[41] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement.").

[42] Fed. R. Civ. P. 26(a)(2)(C).

[43] Fed. R. Civ. P. 26(a)(2)(D).

## IV. Analysis

Defendants move the Court to issue an Order: (1) prohibiting Officer Kounlavong from testifying as to the cause of the alleged accident; (2) excluding portions of the accident report containing evidence of Officer Kounlavong's lay opinion regarding causation and fault; and (3) excluding any evidence of the traffic citation issued to Ingle.[44] Plaintiffs oppose the motion and argue that none of the evidence should be excluded.[45] The Court addresses each argument in turn.

### A.   *Testimony Concerning the Cause of the Accident*

Defendants argue that Officer Kounlavong should be prohibited from testifying as to the cause of the alleged accident and fault.[46] Plaintiffs argue that Officer Kounlavong can provide lay opinion testimony as to "the facts and circumstances surrounding this accident."[47]

In *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[48] The Fifth Circuit noted that the officer was not qualified as an expert in accident reconstruction and did not personally witness the accident.[49] Therefore, the Fifth Circuit affirmed the exclusion of the testimony under the "general rule" that "police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701."[50] In support of this "general rule" the Fifth Circuit cited *Ernst v. Ace Motor Sales,*

---

[44] Rec. Doc. 378.

[45] Rec. Doc. 402.

[46] Rec. Doc. 378-1 at 3–4.

[47] Rec. Doc. 402 at 4–5.

[48] 33 F. App'x 703, 2002 WL 432383, at *4 (5th Cir. 2002).

[49] *Id.*

[50] *Id.*

*Inc.*, an Eastern District of Pennsylvania case holding that an officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact.[51] The district court in *Ernst* reasoned that the officer's opinion "about the point of impact was based upon his perception of physical evidence found at the accident scene; more particularly, his opinion was based upon a trail of debris leading from the highway to the plaintiff's car."[52]

In *Puga v. RCX Solutions, Inc.*, the Fifth Circuit reviewed a district court decision to allow a state trooper to testify as an expert on an accident investigation.[53] There, the state trooper was driving behind the defendant when the accident occurred, saw the accident happen from afar, observed the conditions of the road, knew the defendant was talking on the phone, and looked at various tire markings in the median and on the pavement.[54] The Fifth Circuit determined that the district court did not err in allowing the state trooper to testify as an expert witness on causation.[55]

This case is easily distinguishable from *Puga*, where the investigating officer saw the accident happen from afar[56] and was designated as an expert accident investigator.[57] Here, Plaintiffs admit that they have not designated Officer Kounlavong as an expert.[58] Pursuant to the Scheduling Order, Plaintiffs were required to disclose any written reports of retained experts on

---

[51] *Id.* (citing 550 F. Supp. 1220, 1223 (E.D. Pa.1982), *aff'd without op.*, 720 F.2d 661 (3d Cir. 1982)).

[52] *Ernst*, 550 F. Supp. at 1223.

[53] *Puga*, 922 F.3d at 293.

[54] *Id.* at 295.

[55] *Id.*

[56] *Id.* ("[Officer] Smith was driving some distance behind Brown when the accident occurred and saw it happen from afar.").

[57] *Id.* at 294.

[58] Rec. Doc. 402 at 8 ("Officer Kounlavong is not testifying as an expert. Kounlavong will testify as a lay witness and any opinion testimony he provides will be rationally based on his perception, helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge.").

or before December 18, 2020.[59] Plaintiffs did not disclose any such expert report. If Plaintiffs intended to call Officer Kounlavong as a non-retained expert, a summary disclosure was required under Federal Rule of Civil Procedure 26(a)(2)(C). Summary disclosures must be made at least 90 days before trial.[60] Therefore, Plaintiffs cannot offer expert opinion testimony by Officer Kounlavong because Plaintiffs did not properly designate him as an expert.

Courts have recognized that first-hand observations of a police officer, which are based on the officer's investigation and experience, are admissible.[61] As a lay witness, Officer Kounlavong may provide opinion testimony that is rationally based on his perception, helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge.[62] If Officer Kounlavong formed an opinion about the point of impact that is rationally based on his perceptions at the scene, he may express such an opinion to the jury. However, Officer Kounlavong may not provide an opinion as to the cause of the accident because he did not witness the accident and has not been designated as an expert witness.[63]

B. *Portions of the Accident Report Referencing the Cause of the Alleged Accident*

Defendants argue that the Court should exclude any portion of the accident report referencing the cause of the alleged accident.[64] Defendants assert that these statements are hearsay, and only the portions of the report that reflect the police officer's first-hand observations

---

[59] Rec. Doc. 197 at 3.

[60] Fed. R. Civ. P. 26(a)(2)(D).

[61] *Reliastar Life Ins. Co. v. Thompson*, No. 07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Harris v. Browning–Ferris Indus. Chem. Servs., Inc.*, 635 F. Supp. 1202, 1209 (M.D. La.1986), *aff'd without op.*, 806 F.2d 259 (5th Cir. 1986).

[62] Fed. R. Evid. 701.

[63] *Duhon*, 2002 WL 432383, at *4.

[64] Rec. Doc. 378-1 at 4–5.

based on his investigation and experience are properly admissible under Federal Rule of Evidence 803(8)(A)(iii).[65] Plaintiffs argue nothing in the accident report needs to be redacted because Ingle pled guilty to the traffic offense.[66]

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[67] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[68] After a party properly objects to the admission of evidence as hearsay, the proponent of the evidence bears the burden to show that the statement is not offered as hearsay or falls within an exception to the hearsay rule.[69]

Under Federal Rule of Evidence 803(8), a police report is excluded from the rule against hearsay if it sets out the "factual findings from a legally authorized investigation" and "the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness." First-hand observations of a police officer, which are based on the officer's

---

[65] *Id*.

[66] Rec. Doc. 402 at 8.

[67] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[68] Fed. R. Evid. 802.

[69] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. Dec. 2, 2015) (Africk, J.); *Broad. Music, Inc. v. Tex. Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

investigation and experience and incorporated into a police report, are also admissible.[70]

As discussed above, in *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[71] The Fifth Circuit also found no error in the district court's statement that the police report could be admitted after redacting the portions of the report that expressed an opinion about the cause of the accident.[72]

Defendants do not dispute that the police report is admissible under Federal Rule of Evidence 803(8). However, the portions of the police report referencing the cause of the accident or fault should be redacted because Officer Kounlavong is not testifying as an expert witness.

### C. *References to the Citation Issued to Ingle*

Finally, Defendants submit that evidence, testimony, and arguments regarding the traffic citation issued to Ingle should be excluded because it is inadmissible under Louisiana law.[73] Defendants point to Ingle's testimony that he paid the citation to save time and prevent him from missing work.[74] Defendants suggest that "Ingle should not be considered to have pled guilty when the payment was a result of expediency and compromise."[75] In response, Plaintiffs argue that Ingle's plea of guilty to the citation is relevant and admissible.[76] Plaintiffs assert that a certified copy of the record from the Municipal and Traffic Court of Orleans show that Ingle pled guilty

---

[70] *Reliastar Life Ins. Co.*, 2008 WL 4327259, at *4; *Harris*, 635 F. Supp. at 1209.

[71] 33 F. App'x 703, 2002 WL 432383 at *4 (5th Cir. 2002).

[72] *Id.*

[73] *Id.* at 5–6.

[74] *Id.* at 6.

[75] *Id.*

[76] Rec. Doc. 402 at 2.

to the offense on September 12, 2017, and paid a fine.[77]

Numerous federal district courts have held that evidence of a traffic citation is only admissible if the defendant pled guilty to the citation.[78] A guilty plea is admissible because it is an admission against interest that is relevant to show fault,[79] although it was not conclusive on the issue of fault.[80] The mere payment of a traffic citation does not constitute an admission against interest or confession of guilt.[81]

Defendants concede that the docket from the Orleans Parish Traffic Court indicates that Ingle entered a "guilty" plea.[82] However, Defendants suggest that "Ingle should not be considered to have pled guilty when the payment was a result of expediency and compromise."[83] Defendants rely on Louisiana Revised Statute § 13:2516, which provides that "[n]o conviction in the traffic court of New Orleans or in the municipal court of New Orleans may be used in any trial in any district court of this state arising out of the same facts and circumstances in connection with which

---

[77] *Id.*

[78] *See, e.g., Dawson v. Carbollosa*, No. 14–0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic violation is not. . . . Further, payment does not constitute an admission of guilt.") (internal citation omitted); *Iglinksy v. Player*, No. 08–650, 2010 WL 4925000, at *6 (M.D. La. July 26, 2010) ("A motorist's payment of a fine associated with a traffic citation cannot be equated with the entry of a guilty plea, and as a result, the citation is not admissible as an admission against interest in a personal injury action stemming from an automobile accident."); *Rhodes v. Curtis*, No. 04–476, 2006 WL 1047021, at *2 (E.D. Okla. Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty."); *Cunningham v. Wash. Gas Light Co.*, No. 86–2392, 1988 WL 90400, at *1 (D.D.C. Aug.11, 1988) ("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.") (collecting cases).

[79] *Shephard ex rel. Shephard v. Scheller*, 96-1690 (La. 10/21/97); 701 So. 2d 1308, 1315.

[80] *Hopkins v. Nola*, 46,114 (La. App. 2 Cir. 3/9/11); 58 So. 3d 1075, 1078, 1081 n.2 (internal citations omitted).

[81] *See Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015).

[82] Rec. Doc. 378-1 at 6; Rec. Doc. 378-3.

[83] *Id.*

the defendant was charged in the municipal or traffic courts of New Orleans."

Ingle received a citation for Failure to Use Reasonable Vigilance. The docket from the Municipal and Traffic Court of New Orleans indicates that Ingle paid a fine and pled "guilty" to the citation.[84] Louisiana courts have recognized that the payment of a traffic fine "is often the result of expediency or compromise."[85] "This is particularly true where there is no court appearance and no written plea of guilty."[86] In *Maricle v. Liberty Mutual Insurance Co.*, the Louisiana Court of Appeal for the Third Circuit held that the district court erred in allowing evidence that the plaintiff was issued a traffic citation and paid a fine because there was no evidence that the plaintiff entered a written guilty plea.[87]

Here, the traffic court docket indicates that Ingle entered a "guilty" plea.[88] However, Plaintiffs have not presented any evidence to show that Ingle entered a written guilty plea. Moreover, pursuant to Louisiana Revised Statute § 13:2516 any conviction in the New Orleans Traffic Court is not admissible in a subsequent civil suit arising from the same facts. Therefore, Plaintiffs have not shown that Ingle's the payment of the fine is an admission against interest where there is no evidence in the record to show that Ingle entered a written guilty plea.

---

[84] Rec. Doc. 378-3; Rec. Doc. 402-1.

[85] *Johnson v. Smith*, 2011-853 (La. App. 3 Cir. 3/14/12); 86 So. 3d 874, 881 (citing *Ruthardt v. Tennant*, 215 So. 2d 805 (La. 1968)).

[86] *Id.* at 881–82 (citing *Maricle v. Liberty Mut. Ins. Co.*, 2004–1149 (La. App. 3 Cir. 3/2/05); 898 So. 2d 565).

[87] *Maricle*, 898 So. 2d at 573 ("However, the defendants offered no evidence to establish that Ms. Maricle had executed a written plea of guilty as required by La. R.S. 32:641. The defendants have provided us with no reference to authority for the proposition that the mere payment of a fine without a corresponding written guilty plea satisfies the requirement of La. R.S. 32:641."). Section 154-177 of the New Orleans Code of Ordinances contains a similar provision, which provides that "[a]ny person charged with a traffic violation or traffic offense may appear at the traffic court violations bureau at any time prior to date of trial specified on the complaint or summons and may enter a waiver of trial, sign a written plea of guilty to the offense charged and may pay the fine."

[88] Rec. Doc. 378-3; Rec. Doc. 402-1.

## V. Conclusion

Considering the forgoing reasons, Officer Kounlavong is prohibited from testifying as to the cause of the alleged accident because he has not been designated as an expert witness. Portions of the accident report containing Officer Kounlavong's lay opinion regarding causation and fault must be redacted. Furthermore, any evidence, testimony, and argument regarding the traffic citation issued to Ingle is excluded. However, Officer Kounlavong may provide appropriate lay opinion testimony about what he saw when he arrived at the scene.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Co.'s "Motion in Limine to Limit the Testimony of Officer Jack Kounlavong, Exclude Portions of the Accident Report, and Exclude Evidence of the Traffic Citation and Payment"[89] is **GRANTED.** Officer Jack Kounlavong may not testify as to the cause of the alleged accident or fault. The portions of the accident report containing Officer Kounlavong's lay opinion regarding causation and fault must be redacted. Any evidence, testimony, and argument regarding the traffic citation issued to Ingle is excluded.

**NEW ORLEANS, LOUISIANA**, this ___12th___ day of November, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[89] Rec. Doc. 378.