UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLAND COLLINS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7465** |
| **JOHN C. BENTON, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

This action arises from an alleged motor vehicle collision in the Parish of Orleans, State of Louisiana.[1] Before the Court is Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") "Motion in Limine to Prohibit Exhibits Contained in Defendants Bench Book."[2] Defendants Mark Ingle, John C. Benton d/b/a Q&M Motor Transports, Innovative Transport Solution, Inc., Automotive Transport Services, Inc., and Northland Insurance Co.'s (collectively, "Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants Mark Ingle ("Ingle"), John C. Benton d/b/a Q&M Motor Transports ("Q&M Motor"), and Northland Insurance Co. ("Northland") in this Court, seeking recovery for injuries and property damage that Plaintiffs

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 419.

[3] Rec. Doc. 428.

1

allegedly sustained in an automobile accident.[4] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an 18-wheeler driven by Ingle.[5] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[6] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[7] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[8] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[9]

On November 9, 2021, Plaintiffs filed the instant "Motion in Limine to Prohibit Exhibits Contained in Defendants Bench Book."[10] Defendants filed an opposition on November 10, 2021.[11]

## II. Parties' Arguments

### A.  *Plaintiffs' Arguments in Support of the Motion in Limine*

Plaintiffs argue that two proposed exhibits included in Defendants' Bench Book should be excluded: (1) employee records from C.E.C., Inc. ("CEC") regarding Plaintiff Alvin Polk and (2)

---

[4] Rec. Doc. 1. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

[5] Rec. Doc. 1.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.*

[10] Rec. Doc. 419.

[11] Rec. Doc. 428.

employee records from Lafarge Concrete ("Lafarge") concerning Plaintiff Alvin Polk.[12]

Plaintiffs advance four arguments that the Court should exclude employee records from CEC regarding Plaintiff Alvin Polk.[13] First, Plaintiffs assert that Polk is not making a wage claim, and thus Plaintiffs argue that the employment records are irrelevant.[14] Second, Plaintiffs contend that the records are hearsay and the records contain numerous markings and notations from individuals who are not identified.[15] Third, Plaintiffs argue that the employment records of CEC were not kept in the ordinary course of business, but instead were put together for purposes of a subpoena issued to CEC by Defendants.[16] Fourth, Plaintiffs assert that Defendants have not provided reasonable notice of their intent to offer the record or a certification of the custodian for inspection.[17]

Plaintiffs also contend that the Court should exclude employee records from Lafarge regarding Plaintiff Alvin Polk for two reasons.[18] First, Plaintiffs assert that these records are not self-authenticating.[19] Second, Plaintiffs argue that the records are irrelevant and prejudicial.[20]

---

[12] Rec. Doc. 419-1.

[13] *Id.* at 1.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.*

[19] *Id.*

[20] *Id.*

B.   *Defendants' Arguments in Opposition to the Motion in Limine*

Defendants contend that the motion must be denied.[21] Defendants argue that the CEC records are relevant because they contain significant information related to Polk's post-accident physical condition.[22] Defendants assert that Wanda Lanclos, CEC's Human Resources Administrator, certified that these records were a complete and true copy of the records kept in the regular course of business by CEC.[23] Defendants contend that these business records are admissible under Federal Rule of Evidence 803(6) and self-authenticating under Rule 902(11).[24] Nevertheless, Defendants note that they have identified Wanda Lanclos as a witness to authenticate these records at trial, if necessary.[25]

Similarly, Defendants assert that the Lafarge records contain relevant information regarding Polk's pre-accident and post-accident physical condition.[26] Defendants assert that Kim Davis, Office Manager for Lafarge, certified that these records were a complete and true copy of the records kept in the regular course of business by Lafarge.[27] Defendants contend that these business records are admissible under Federal Rule of Evidence 803(6) and self-authenticating under Rule 902(11).[28] Nevertheless, Defendants note that they have identified Kim Davis as a

---

[21] Rec. Doc. 428 at 1.

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.* at 2–3.

[25] *Id.* at 3.

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.*

witness to authenticate these records at trial, if necessary.[29]

### III. Legal Standard

#### A.   *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[30] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[31]

#### B.   *Authentication and Hearsay*

Except in limited circumstances, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, and subject to certain exceptions, is not admissible as evidence.[32] Federal Rule of Evidence 803(6) provides that "[a] record of an act, event, condition, opinion, or

---

[29] *Id.*

[30] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[31] *Id*. at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

[32] *See* Fed. R. Evid. 801–805.

diagnosis" is not hearsay if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[33]

Pursuant to Federal Rule of Evidence 902(11), "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C)," is self-authenticating "as shown by a certification of the custodian or another qualified person."[34] "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."[35]

"There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy."[36] "Furthermore, there is no requirement that the records be created by the business having custody of them." Instead, "the primary emphasis of [R]ule 803(6)'s is on reliability or trustworthiness of the records."[37]

### IV. Analysis

Plaintiffs argue that two proposed exhibits included in Defendants' Bench Book should

---

[33] Fed. R. Evid. 803(6).

[34] Fed. R. Evid. 902(11).

[35] *Id.*

[36] *United States v. Duncan,* 919 F.2d 981, 986 (5th Cir. 1990) (internal citations omitted).

[37] *Id.*

be excluded: (1) employee records from CEC regarding Plaintiff Alvin Polk and (2) employee records from Lafarge concerning Plaintiff Alvin Polk.[38] Plaintiffs contend that the records are hearsay and are not self-authenticating.[39] Plaintiffs also argue that the records are irrelevant and prejudicial.[40]

As an initial matter, the records include a custodian certification that evidences the authenticity of the documents as required by Federal Rule of Evidence 902(11). Under Rule 902(11), "a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C)," is self-authenticating "as shown by a certification of the custodian or another qualified person."[41] The records are admissible under Rule 803(6)(B) because they were kept in the course of a regularly conducted activity of a business. Plaintiffs argue, without support, that the CEC records were not kept in the ordinary course of business, but instead were put together for purposes of a subpoena issued to CEC by Defendants. The certification from CEC's HR Administrator, Wanda Lanclos, states that the records include Polk's personnel file, payroll records, application for employment, health related questionnaires, and drug testing result. These documents were clearly created by CEC in the ordinary course of its business. Many of these records are dated August 24, 2017, well before this litigation began. Therefore, Plaintiffs' argument that these documents were prepared for litigation is baseless.

Plaintiffs also argue, without support, that the procedures for self-authentication of business records were not followed. Defendants present email correspondence showing that they

---

[38] Rec. Doc. 419-1.

[39] *Id.*

[40] *Id.*

[41] Fed. R. Evid. 902(11).

disclosed the records to Plaintiffs' counsel on August 26, 2019 (CEC records)[42] and June 3, 2019 (Lafarge records).[43] Therefore, in accordance with Rule 902(11), Defendants gave Plaintiffs reasonable written notice of the intent to offer the records so that Plaintiffs had a fair opportunity to challenge them. Accordingly, the Court concludes that the records were properly authenticated.

Finally, these employment records are relevant to Polk's pre-accident and post-accident physical condition. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Wayland Collins and Alvin Polk (collectively, "Plaintiffs") "Motion in Limine to Prohibit Exhibits Contained in Defendants Bench Book"[44] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 12th day of November, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[42] Rec. Doc. 428-2.

[43] Rec. Doc. 428-3.

[44] Rec. Doc. 419.