## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WAYLAND COLLINS, et al.**                              **CIVIL ACTION**

**VERSUS**                                              **NO. 18-7465**

**JOHN C. BENTON, et al.**                              **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiffs Wayland Collins and Alvin Polk's (collectively, "Plaintiffs")

"Omnibus Motion in Limine."[1] Defendants John C. Benton d/b/a Q & M Motor Transports, Mark

Ingle, and Northland Insurance Company (collectively, "Defendants") oppose the motion.[2]

Considering the motion, the memoranda in support and in opposition, the record, and the

applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

On August 7, 2018, Plaintiffs filed a complaint against Defendants in this Court, seeking

recovery for injuries and property damages that Plaintiffs allegedly sustained in an automobile

accident.[3] According to the Complaint, on August 9, 2017, Plaintiff Wayland Collins was

operating a vehicle on Interstate 10 when, while exiting onto Interstate 510, he collided with an

---

[1] Rec. Doc. 385.

[2] Rec. Doc. 388.

[3] Rec. Doc. 1 at 3. Candy Kelly was also originally named as a Plaintiff in this litigation. *Id.* On September 24, 2021, the Court granted a joint motion to dismiss Candy Kelly's claims. Rec. Doc. 357.

18-wheeler driven by Ingle.[4] Plaintiffs allege that Ingle was turning onto Interstate 510 and negligently misjudged his clearance, resulting in the motor vehicle incident at issue.[5] Plaintiffs additionally allege that Ingle was cited for an "improper lane change."[6] Plaintiffs bring negligence claims against Ingle and Q&M Motor, who is allegedly Ingle's principal, under the doctrine of *respondeat superior*.[7] Plaintiffs also bring claims against Northland, who purportedly insured the 18-wheeler operated by Ingle.[8]

On November 19, 2019, Plaintiffs filed their first omnibus motion in limine.[9] This Court granted in part and denied in part Plaintiffs' first motion.[10] In that Order, this Court denied a number of Plaintiffs' requests because they were overly-broad, abstract, and failed to specify with particularity the evidence which they sought to exclude.[11] On November 2, 2021, Plaintiffs filed the instant, second omnibus motion in limine.[12] In the motion, Plaintiffs seek an Order of this Court excluding additional evidence that Plaintiffs describe with greater particularity.[13] On November 5, 2021, Defendants filed an opposition to the motion.[14] On November 9, 2021, with

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] *Id.*

[9] Rec. Doc. 80.

[10] Rec. Doc. 224.

[11] *See id.* at 17–31.

[12] Rec. Doc. 385.

[13] *Id.* at 1.

[14] Rec. Doc. 388.

leave of Court, Plaintiffs filed a reply brief in further support of the motion.[15]

## II. Parties' Arguments

### A.      Plaintiffs' Arguments in Support of the Motion

Plaintiffs move the Court to exclude sixteen various categories of evidence.[16] First, Plaintiffs move to exclude police reports, statements, and/or testimony of other motor vehicle accidents not related to Plaintiffs.[17] Plaintiffs assert that the report of Defendants' expert, Louis Fey ("Fey"), relies on hearsay evidence of other similar accidents, which Plaintiffs argue should be excluded.[18] Second, Plaintiffs seek to exclude police reports of prior motor vehicle accidents involving Plaintiffs.[19] Plaintiffs contend that these prior accidents are not "substantially similar" and are not probative.[20]

Third, Plaintiffs argue that Defendants should be prohibited from discussing whether Plaintiffs' medical bills were incurred in bad faith because Defendants did not raise that issue as an affirmative defense.[21] Fourth, Plaintiffs contend that no witness may discuss the cell phone records relied upon in Fey's expert report because they are irrelevant and prejudicial.[22] Fifth,

---

[15] Rec. Doc. 416.

[16] Rec. Doc. 385 at 1–2.

[17] Rec. Doc. 385-1 at 1

[18] *Id.* at 2–6. Plaintiffs also re-argue that Fey's reliance on other similar accidents is not an industry standard and that other courts have prohibited different experts from testifying to similar accidents. *Id.* at 6 – 11. These arguments were addressed in the Court's Order denying Plaintiffs' second motion in limine to exclude Fey's testimony. Rec. Doc. 445. For the reasons more fully explained in that Order, the Court will not reconsider this argument.

[19] Rec. Doc. 385-1 at 11–13.

[20] *Id.*

[21] *Id.* at 13–17.

[22] *Id.* at 17–27.

Plaintiffs argue that Defendants may not introduce affidavits from three different witnesses: (1) Stephanie Danielson, (2) Doris Pranicevic, and (3) Kenneth Fust.[23] Plaintiffs assert that Defendants have not attempted to subpoena these witnesses and that their affidavits may not be admitted in lieu of live testimony.[24]

Sixth, Plaintiffs seek to exclude two email exchanges in Defendants' proposed exhibit list: (1) an exchange between Sean Alfortish and Eric Stein regarding treatment of Shirley Morgan, and (2) an exchange between Loy Ernst and Jana Siles regarding treatment of Wayland Collins.[25] Plaintiffs argue these emails contain inadmissible "hearsay within hearsay" and should be excluded.[26] Seventh, Plaintiffs seek to exclude five other items on Defendants' proposed exhibit list as inadmissible: (1) a settlement agreement from a prior accident involving Alvin Polk, (2) a petition for damages filed by Alvin Polk arising from a different accident, (3) a letter of representation by Lionel H. Sutton, (4) a letter of representation by Vanessa Motta, and (5) a settlement demand letter from Christine Reitano.[27]

Eighth, Plaintiffs contend that photographs of property damage from other motor vehicle accidents involving Plaintiffs should be excluded because they are hearsay and are more prejudicial than probative.[28] Ninth, Plaintiffs argue that Defendants' expert Fey relies on

---

[23] *Id.* at 27–29.

[24] *Id.*

[25] *Id.* at 29–31.

[26] *Id.* at 30.

[27] *Id.* at 31–35. Plaintiffs advance various theories of inadmissibility for each item. Plaintiffs assert the settlement agreement is inadmissible under Fed. R. Evid. 408. *Id.* at 31. Plaintiffs aver the petition is hearsay, not properly authenticated, and irrelevant. *Id.* at 32–33. Finally, Plaintiffs contend the remaining items are irrelevant under Fed. R. Evid. 401. *Id.* at 33–35.

[28] *Id.* at 35–36.

Facebook comments that constitute inadmissible hearsay and thus should be excluded.[29] Tenth, Plaintiffs move the Court to exclude medical records of Plaintiffs' prior injuries, arguing that they are irrelevant and unduly prejudicial.[30] Eleventh, Plaintiffs request that the Court prohibit Fey from making any reference to the fiancé of Plaintiffs' counsel, Sean Alfortish, because Plaintiffs assert his prior conviction is irrelevant.[31] Twelfth, Plaintiffs seek to exclude Defendants from discussing Plaintiffs' counsel's representation of other clients.[32]

Thirteenth, Plaintiffs argue that Melvin Robarts should be prohibited from testifying regarding his surveillance of Plaintiffs because Defendants never disclosed such evidence.[33] Fourteenth, Plaintiffs move to exclude the testimony of Eric Hernandez.[34] Plaintiffs assert that Hernandez was an EMT on the scene who attended only to Candy Kelly and, thus, should be precluded from testifying about Collins or Polk's lack of injuries.[35] Fifteenth, Plaintiffs seek to preclude Defendants from relying on materials produced by the National Insurance Crime Bureau ("NICB") or referencing a Special Investigative Unit ("SIU").[36] Plaintiffs argue that the NICB materials deal with fraud, which this Court prohibited Fey from testifying to in any instance.[37]

---

[29] *Id.* at 36–37. This argument was also addressed in the Court's Order denying Plaintiffs' second motion in limine to exclude Fey's testimony and will not be reconsidered. Rec. Doc. 445.

[30] Rec. Doc. 385-1 at 37–41.

[31] *Id.* at 41.

[32] *Id.* at 41–42.

[33] *Id.* at 42–43.

[34] *Id.* at 43.

[35] *Id.*

[36] *Id.* at 44.

[37] *Id. See also* Rec. Doc. 231.

Similarly, Plaintiffs assert that SIUs investigate fraud and therefore should not be discussed.[38] Sixteenth, Plaintiffs request that the Court prohibit Defendants from mentioning Plaintiffs' counsel's advertising slogans, arguing that they are not probative.[39]

## B.   *Defendants' Arguments in Opposition to the Motion*

In opposition, Defendants first note that some of Plaintiffs' arguments are the basis of separate motions in limine filed by the parties.[40] Defendants assert that Plaintiffs' medical bills are the subject of a separate motion.[41] Defendants contend that Plaintiffs should be limited to introducing evidence of medical expenses that Plaintiffs (1) have agreed in writing to be personally responsible for, or (2) have actually incurred.[42] Similarly, Defendants contend that the Pranicevic and Fust affidavits are dealt with in another motion.[43] Nevertheless, Defendants assert these affidavits are admissible because "only the amounts of medical expenses actually paid should be admitted into evidence."[44]

Turning to Plaintiffs' remaining requests, Defendants assert that this evidence is admissible. First, as to the police reports of prior accidents involving Plaintiffs, Defendants assert that this evidence is admissible and relevant because Plaintiffs have put their credibility at issue.[45] Defendants also contend that these police reports are admissible under the business records

---

[38] Rec. Doc. 385-1 at 44. *See also* Rec. Doc. 231.

[39] Rec. Doc. 385-1 at 44.

[40] Rec. Doc. 388 at 1.

[41] *Id.* at 5. *See also* Rec. Doc. 396.

[42] Rec. Doc. 388 at 5.

[43] *Id.* at 6. *See also* Rec. Doc. 396.

[44] Rec. Doc. 388 at 6.

[45] *Id.* at 2.

exception to hearsay.[46] Finally, Defendants submit that the police reports of prior accidents are admissible because they are sufficiently similar to the accident at issue here.[47]

Regarding Plaintiffs' cell phone records, Defendants argue these records are "highly relevant" to Defendants' affirmative defense that this accident was staged or intentional.[48] According to Defendants, this evidence is admissible under the business records exception to hearsay.[49] Defendants assert that the cases Plaintiffs cite in support of excluding this evidence concern motions to quash subpoena duces tecum issued to a cell phone provider and are, therefore, inapposite.[50]

Next, Defendants assert that certain evidence is relevant and admissible for impeachment purposes. First, Defendants argue that the email exchanges of Alfortish and Stein "may be admissible relative to cross-examination of Dr. Peter Lichety and/or Dr. Eric Lonseth . . . for impeachment purposes."[51] Second, Defendants contend that the January 29, 2018 letter of representation from Plaintiffs' counsel to Progressive Insurance Company ("Progressive") "is admissible and relevant to impeach [P]laintiffs."[52] Likewise, Defendants aver that the February 1, 2018 Acknowledgement of Representation from Progressive to Plaintiffs' counsel is relevant

---

[46] *Id.* at 3. Defendants also argue that the police records are admissible as proof of a habit under Fed. R. Evid. 406. *Id.* at 4.

[47] *Id.* at 4–5. According to Defendants, the December 26, 2014 accident was a "quite similar" side-swipe accident involving the same three Plaintiffs as here. *Id.* at 4. Defendants aver that the December 1, 2015 and February 26, 2016 accidents are also "quite similar" and involved Wayland Collins and Alvin Polk, respectively. *Id.* at 4–5.

[48] *Id.* at 5–6.

[49] *Id.*

[50] *Id.* at 6.

[51] *Id.* at 7.

[52] *Id.*

and admissible for impeachment.[53]

Defendants argue that the photographs of damage to Polk's vehicles from prior accidents are admissible.[54] Defendants point out that Plaintiffs cite no authority that these photographs should be excluded.[55] Defendants assert that the photographs are relevant and probative.[56]

Next, Defendants assert that the Facebook comments relied upon by Fey are indica of whether an accident was staged or intentional.[57] Defendants contend that, even if these comments are inadmissible hearsay, they may be relied upon by Fey in rendering his opinion.[58]

Defendants agree[59] to withdraw the following proposed trial exhibits:

1.     Confidential Receipt and Release Agreement regarding settlement of Alvin Polk's claim resulting from February 22, 2016 accident (identified as AmTrust Polk 001669-001672);

2.     Petition for Damages filed by Alvin Polk v. Southern Fastener & Tool Company, Inc.– filed in the CDC for the Parish of Orleans;

3.     Letter of Representation by Lionel H. Sutton dated July 13, 2016, concerning representation of Alvin Polk;

4.     Settlement demand letter from Christine Reitano dated November 1, 2018 regarding injuries sustained by Alvin Polk in a February 22, 2016 accident.

5.     Certified medical records of Ochsner Health System concerning treatment provided to Wayland Collins after a motorcycle accident in 2013;

6.     Certified medical records of Leonard J. Chabert Medical Center concerning treatment rendered to Wayland Collins in 2013;

---

[53] *Id.* at 7–8.

[54] *Id.* at 8.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.* at 7–9.

7.      Certified medical records of Versailles Health Clinic concerning medical treatment provided to Alvin Polk;

8.      Certified medical records of University Medical Center concerning treatment provided to Alvin Polk on August 29, 2015 relative to a "burning sensation" while he was in the bathroom;

9.      Certified medical records of Touro Infirmary concerning an injury to Alvin Polk's shoulder in 2010; and

10.      Certified medial records of Ochsner Health System concerning treatment provided to Alvin Polk for a nasal injury[60]

11.      Any surveillance evidence not produced to Plaintiffs

Additionally, Defendants agree to remove Eric Hernandez from their witness list because his testimony is no longer relevant since Candy Kelly has been dismissed.[61]

Finally, Defendants assert that Fey should be permitted to rely on information from the NICB.[62] Defendants contend that the case relied upon by Plaintiffs to support this argument concerned an accident reconstruction expert.[63] Defendants aver that Fey is not testifying as an accident reconstruction expert, and therefore this case inapplicable.[64]

### III. Legal Standard

#### A.      *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

---

[60] In agreeing to withdraw these medical records, Defendants reserve the right to introduce any or all of them for impeachment purposes. *Id.* at 9.

[61] *Id.* at 9.

[62] *Id.*

[63] *Id.* at 9 (discussing *Baham v. Lovorn & Lovorn Trucking*, No. 18-8881, 2020 WL 1864848 (E.D. La. Apr. 13, 2020) (Zainey, J.)).

[64] *Id.* at 9–10.

consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[65] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[66]

## B.     Hearsay

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[67] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[68] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[69]

---

[65] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[66] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[67] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[68] Fed. R. Evid. 802.

[69] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy

## IV. Analysis

Plaintiffs seek to have sixteen different categories of evidence excluded at trial.[70] In response, Defendants agree to withdraw certain exhibits, evidence, and witnesses, but contend that the remaining evidence is admissible.[71] For clarity, the Court addresses each category in turn.

### A.   *Evidence of Other Similar Motor Vehicle Accidents Not Involving Plaintiffs*

Plaintiffs move the Court to exclude evidence of similar motor vehicle accidents in the New Orleans metropolitan area not involving Plaintiffs.[72] Although they seek an order prohibiting any witness from testifying to this evidence, Plaintiffs aver that this evidence will primarily be admitted through Defendants' expert Louis Fey ("Fey").[73]

Plaintiffs advance three arguments why this evidence should be excluded. First, Plaintiffs assert that Fey's expert report does not list any documents related to these other accidents that Fey relied upon in forming his opinion.[74] Plaintiffs aver that Fey's report details twenty allegedly similar accidents that he is "personally aware of."[75] Plaintiffs contend that it is "blatantly obvious

---

concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[70] Rec. Doc. 385.

[71] Rec. Doc. 388.

[72] Rec. Doc. 385-1 at 1–11.

[73] *Id.* at 1–2.

[74] *Id.* at 2–3.

[75] *Id.* at 3–6.

that Fey was 'spoon-fed'" summaries of other accidents.[76] Plaintiffs argue that this information is hearsay, irrelevant, and prejudicial.[77]  Second, Plaintiffs argue that other state and federal courts have prohibited experts from discussing evidence of other similar accidents.[78] Third, Plaintiffs assert that experts do not rely on other similar accidents.[79]

In opposition, Defendants note that Plaintiffs' separate motion in limine to further exclude Fey's testimony[80] raises many identical arguments.[81] Defendants also assert that "it is well settled that evidence of prior accidents, injuries, and claims is admissible insofar as the evidence bears [on] any issue presently before the court."[82]

Fey may testify generally about similar motor vehicle accidents occurring in the New Orleans area. The Court has already explained that Fey may rely on evidence of other similar accidents to the extent that such evidence is an indicia that a particular accident was staged or intentional.[83] Moreover, experts may rely on inadmissible evidence in reaching their ultimate conclusions.[84] Even assuming this evidence contains hearsay, Fey, as an expert, may rely on that

---

[76] *Id.* at 6.

[77] *Id.* at 6. Plaintiffs also assert that Fey relies on this evidence to opine that a fraud ring may exist. *Id.* To the extent that Plaintiffs reiterate this objection to Fey's testimony, this Court has already prohibited Fey from discussing fraud in any instance and has limited Fey's testimony to indicia of staged or intentional accidents. Rec. Doc. 231.

[78] Rec. Doc. 385-1 at 6–10.

[79] *Id.* at 10–11.

[80] Rec. Doc. 368.

[81] Rec. Doc. 388 at 1–2.

[82] *Id.* at 2 (discussing *Davis v. Wheeler*, 53,233 (La. App. 2 Cir. 3/4/20); 293 So. 3d 173 and *Pratt v. Culpepper*, 49,627 (La. App. 2 Cir. 2/27/15); 162 So. 3d 616).

[83] Rec. Doc. 445.

[84] *Sandifer v. Hoyt Archery, Inc.*, 907 F.3d 802, 808 (5th Cir. 2018) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993)). *See also* Fed. R. Evid. 703.

hearsay in reaching his opinion. Therefore, Fey may testify generally about his personal knowledge of other similar accidents, particularly to the extent that such evidence is an indicia that an accident was staged or intentional.

Federal Rule of Evidence 703 provides that, when an expert relies on otherwise inadmissible evidence in forming their opinion, "the proponent of the opinion may disclose [the inadmissible evidence] to the jury only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fey may testify generally about the similarities between this accident and other accidents, particularly to the extent that those similarities are indicia that this accident was staged. However, Fey may not describe these other accidents in great detail because that would unduly conflate Plaintiffs' case with other, unrelated cases. The Court finds that the probative value of disclosing detailed evidence regarding unrelated motor vehicle accidents to the jury is outweighed by its prejudicial effect.

## B.   *Evidence of Similar Motor Vehicle Accidents Involving Plaintiffs*

Plaintiffs also seek to exclude evidence of six prior motor vehicle accidents that involve Plaintiffs for two reasons.[85] First, Plaintiffs assert that in order to present evidence of an opposing party's prior accidents, the proponent "must establish relevance by showing that the incidents involved 'substantially similar' circumstances."[86] Plaintiffs argue that these prior accidents are not "substantially similar" to the underlying accident.[87] Second, Plaintiffs argue that the police reports detailing the prior accidents are inadmissible hearsay.[88] Plaintiffs concede that these

---

[85] Rec. Doc. 385-1 at 11–13.

[86] *Id.* at 11 (quoting *Avondale Indus., Inc. v. Bd. of Comm'rs of the Port of New Orleans*, 94-2786, 1996 WL 280787, at *3 (E.D. La. May 24, 1996) (Sear, J.))

[87] *Id.* at 12.

[88] *Id.* at 12–13.

police reports "may fall under the business records exception," but nevertheless assert that the "report[s] cannot be introduced . . . to assert the truth of the matter."[89]

In opposition, Defendants address only three prior accidents: (1) a December 26, 2014 accident, (2) a December 1, 2015 accident, and (3) a February 22, 2016 accident.[90] Defendants assert that these accidents are substantially similar because they involved Plaintiffs and similar underlying facts.[91] Defendants also argue that these reports are not hearsay.[92] Defendants assert that police reports of accidents are admissible as a public record under Federal Rule of Evidence 803(8).[93] Defendants aver that these records are presumed trustworthy and admissible and that Plaintiffs bear the burden of rebutting that presumption.[94]

The Court begins by noting that the parties misapply the case law. The "substantial similarity" rule apples in the products liability context to "litigants seeking to admit evidence of *subsequent* accidents."[95] Here, Defendants wish to introduce evidence of *prior* motor-vehicle accidents. Nevertheless, the Court finds that the limited probative value of the accident reports from Plaintiffs' prior accidents is substantially outweighed by a danger of unfair prejudice. In

---

[89] *Id.* at 12.

[90] Rec. Doc. 388 at 4–5.

[91] *Id.* Specifically, Defendants assert that the December 26, 2014 accident involved Wayland Collins, Alvin Polk, and Candy Kelly, and concerned an alleged side-swipe accident, like the accident at issue here. *Id.* at 4. Defendants aver that the December 1, 2015 accident involved Wayland Collins and a collision with another vehicle allegedly changing lanes, like the accident here. *Id.* Finally, Defendants submit that the February 22, 2016 accident involved Alvin Polk "and involved similarly suspicious circumstances." *Id.* at 5.

[92] *Id.* at 3.

[93] *Id.* (discussing *Williams v. Gaitsch*, No. 08-772, 2011 WL 13286179 (W.D. La. May 26, 2011)).

[94] *Id.* (citing *Moss v. Ole S. Real Est., Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)).

[95] *Rodriguez v. Crown Equip. Corp.*, 923 F.2d 416, 418 (5th Cir. 1991) (emphasis added). *See also Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082 (5th Cir. 1986) (explaining that the "substantially similar" requirement for proof of similar accidents is defined "by the defect" of the product at issue).

Defendants' opposition, Defendants respond to only three of six accidents that Plaintiffs seek to exclude.[96] Additionally, Defendants provide the Court with copies of only two of these accident reports—the December 26, 2014 accident report and the February 22, 2016 accident report.[97] Defendants generally assert these accidents are "quite similar."[98] However, neither of the accidents involve an 18-wheeler, neither occurred in the vicinity of the accident at issue here, and neither of these accidents occurred on the interstate. Moreover, both accidents occurred over a year and a half before the accident made the basis of this litigation.

Defendants assert that "it is well settled that evidence of prior accidents, injuries, and claims is admissible insofar as the evidence bears [on] any issue presently before the court."[99] Defendants continue that the credibility of the parties is at issue, and, thus, these prior accidents are admissible.[100] The Court does not find that evidence of prior accidents is probative of Plaintiffs' credibility. Therefore, the Court finds that the probative value of introducing these accident reports is substantially outweighed by the potential for unfair prejudice.

**C.     *Evidence That Plaintiffs' Medical Bills Were Incurred in Bad Faith***

Plaintiffs move the Court to exclude any evidence that Plaintiffs' medical bills were incurred in bad faith, arguing that Defendants did not plead bad faith as an affirmative defense.[101] This is an identical argument to Plaintiffs' Motion in Limine to Exclude Unpled Affirmative

---

[96] Rec. Doc. 388 at 4–5.

[97] Defendants did not include the accident report from December 1, 2015 in their bench book.

[98] Rec. Doc. 388 at 4–5.

[99] *Id.* at 2.

[100] *Id.*

[101] Rec. Doc. 385-1 at 13–14.

Defenses.[102] Therefore, the Court will not address this argument here.

### D.    Cell Phone Records in Fey's Report

Plaintiffs argue that no witness should be permitted to discuss, mention, or testify to the cell phone records described in Fey's report.[103] Plaintiffs concede that Collins' cell phone records are admissible for the limited purpose of comparative fault.[104]  However, Plaintiffs contend that Defendants seek to introduce the remaining cell phone records to lead the jury to believe Plaintiffs are "guilty by association."[105] Thus, Plaintiffs assert that these cell phone records are unduly prejudicial.[106] Defendants assert that these records are the basis of Fey's report.[107] Defendants also argue that these records are admissible under the business records exception.[108]

The Court finds that these records are admissible under the business records exception to the hearsay rule. Defendants have included the proper authentication with the records. Fey may discuss these records to the extent that they relate to an indicia that this accident was staged or intentional. Additionally, the Court has already held that "Plaintiffs' cell phone records are at minimum relevant to Defendants' defense that they are not at fault for the subject collision."[109] In that same Order, the Court also stated it would rule on the admissibility of specific cell phone

---

[102] *See* Rec. Doc. 407.

[103] Rec. Doc. 385-1 at 17–27.

[104] *Id.* at 18 (discussing Rec. Doc. 224).

[105] *Id.* at 19–20.

[106] *Id.* at 23.

[107] Rec. Doc. 388 at 5.

[108] *Id.* (citing Fed. R. Evid. 803(6)).

[109] Rec. Doc. 224 at 29.

records at trial.[110] Accordingly, Plaintiffs' request is denied.

**E.     *Danielson, Pranicevic, and Fust Affidavits***

Plaintiffs move to exclude three documents: (1) an affidavit of Stephanie Danielson, records custodian of Crescent View Surgery Center, LLA; (2) a declaration of Doris Pranicevic of MedPort LA, LLC; and (3) a declaration of Kenneth Fust of MedPort, LA, LLC.[111] Plaintiffs assert that Defendants will attempt to introduce these documents to the jury through an expert witness or as an exhibit.[112] Plaintiffs argue that these documents cannot be substituted for live testimony and are only admissible if they are being used to impeach.[113] In opposition, Defendants address only the Pranicevic and Fust declarations.[114] Defendants aver that these declarations concern whether the payments to Plaintiffs' healthcare providers by MedPort qualify as a collateral source.[115] Defendants submit that this issue is the subject of a separate motion in limine.[116]

The Court agrees that these documents are not an adequate substitute for live testimony. However, Defendants include Pranicevic and Fust in their witness list. Therefore, the declarations may be admissible for purposes of impeachment. To the extent that Plaintiffs move the Court to exclude the declarations, the Court denies that request as premature.

---

[110] *Id.*

[111] Rec. Doc. 385-1 at 27–29.

[112] *Id.* at 27.

[113] *Id.* at 27–29.

[114] Rec. Doc. 388 at 6.

[115] *Id.*

[116] *See* Rec. Doc. 396.

F.      **Email Exchange of Alfortish and Stein, and of Ernst and Siles**

Plaintiffs seek to exclude evidence of two different email exchanges concerning medical treatment of Plaintiffs: one between Sean Alfortish and Eric Stein, and one between Loy Ernst and Jana Siles.[117] Plaintiffs argue these exchanges are "hearsay within hearsay" and are irrelevant.[118] Plaintiffs also argue that Defendants will not be able to authenticate these emails because Defendants' witness lists do not list any recipient, author, or custodian of records.[119] In opposition, Defendants assert "[t]hese documents may be admissible relative to cross-examination of Dr. Peter Liechty and/or Dr. Eric Lonseth . . . for impeachment purposes."[120] Without more information about the purpose for which these email exchanges are introduced, the Court cannot determine whether they are inadmissible hearsay, properly authenticated, or impeach the testimony of Drs. Liechty or Lonseth. Accordingly, the Court will rule on this matter at trial, if necessary.

G.      **Other Hearsay Documents**

Plaintiffs move to exclude six items of "other hearsay documents" listed in Defendants' proposed exhibit list.[121] Defendants agree to withdraw four of the proposed trial exhibits: (1) the confidential receipt and release agreement of Polk's claim arising from February 22, 2016 accident, (2) a petition for damages filed by Polk in *Polk v. Southern Fastener and Tool Co., Inc.*, (3) a letter of representation from Lionel Sutton, and (4) a settlement demand letter from Christine

---

[117] Rec. Doc. 385-1 at 29–31.

[118] *Id.*

[119] *Id.* at 30.

[120] Rec. Doc. 388 at 7.

[121] Rec. Doc. 385-1 at 31–35.

Reitano.[122] Therefore, the Court only addresses the two remaining items.

First, Plaintiffs argue the letter of representation from Plaintiffs' counsel to Progressive Insurance Co. dated January 29, 2018 is hearsay and is not probative.[123] Defendants contend that this letter is admissible and is relevant to impeach Plaintiffs.[124] The Court finds that the letter of representation is not hearsay. Federal Rule of Evidence 801(d)(2) excludes from the definition of hearsay an opposing party's statement.[125] This includes statements made in a representative capacity.[126] The letter of representation is being offered against Plaintiffs, was made by Plaintiffs' counsel in a representative capacity, is a statement that "the party manifested that it adopted or believed to be true," was made by a person authorized to make a statement on the subject, and was made by Plaintiffs' "agent or employee on a matter within the scope of that relationship and while it existed."[127] Therefore, the letter of representation is not hearsay and is admissible. However, at this juncture, the Court does not have sufficient information to determine if this letter of representation impeaches a witness. Accordingly, the Court will reserve ruling upon the letter's impeachment value for trial, if necessary.

Second, Plaintiffs move to exclude an acknowledgement of representation from Progressive to Plaintiffs' counsel.[128] Plaintiffs argue this document is hearsay and that no witness

---

[122] Rec. Doc. 388.

[123] Rec. Doc. 385-1 at 33–34.

[124] Rec. Doc. 388 at 7.

[125] Fed. R. Evid. 801(d)(2).

[126] *Id.*

[127] *Id.*

[128] Rec. Doc. 385-1 at 33.

will "testify to its authenticity or relevance."[129] Defendants contend "this correspondence is relevant and admissible for impeachment purposes."[130] Upon review of this evidence, it is unclear to the Court whether it is hearsay because it is not clear the purpose for which the correspondence would be offered. Moreover, it would be premature for the Court to rule on the impeachment value of this evidence. Therefore, the Court will reserve this ruling for trial, if necessary.

## H.   *Photographs of Other Motor Vehicle Accidents Involving Plaintiffs*

Plaintiffs seek to exclude photographs of property damage from other motor vehicle accidents involving Plaintiffs because Plaintiffs argue the photographs are hearsay and irrelevant.[131] Defendants assert that the photographs are probative and relevant, and that Plaintiffs cite no authority for their exclusion.[132] Hearsay is an out of court statement introduced for the truth of the matter asserted by the declarant.[133] For the purposes of hearsay, a statement is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."[134] Ordinarily, a photograph is non-assertive in nature and is not hearsay.[135] Here, the Court finds these photographs are not hearsay. The photographs do not contain statements or make assertions. However, for the reasons explained above, the Court finds that the probative

---

[129] *Id.* at 34–35. Plaintiffs' motion is difficult to understand on this point. Plaintiffs' motion refers to "the document listed as Exhibit 'h', (sic) above." *Id.* at 34. However, the list directly above this reference contains numbers, not letters. *Id.* at 33. Plaintiffs' motion then refers to "the 2/1/18 accident." *Id.* at 35. Yet the acknowledgement of representation form dated February 1, 2018 regards a loss from January 20, 2018.

[130] Rec. Doc. 388 at 8.

[131] Rec. Doc. 385-1 at 35.

[132] Rec. Doc. 388 at 8.

[133] *United States v. Montes-Salas*, 669 F.3d 240, 251 (5th Cir. 2012).

[134] *Id.* (quoting Fed. R. Evid. 801(a)).

[135] *United States v. Oaxaca*, 569 F.2d 518, 525 (9th Cir. 1978). *See also CDx Holdings, Inc. v. Heddon*, No. 12-126, 2012 WL 130189686 (N.D. Tex. Nov. 9, 2012).

value of presenting evidence of other accidents involving Plaintiffs to the jury is outweighed by its prejudicial effect.[136] Accordingly, the Court grants Plaintiffs' request to exclude these photographs.

### I.     *Facebook Comments*

Plaintiffs contend that Facebook comments discussed in Fey's report should be excluded as inadmissible hearsay.[137] Defendants concede these comments "may constitute hearsay," but that Fey may rely on them because they are an indicia that an accident was staged or intentional.[138] As explained above, experts may rely on inadmissible evidence in reaching their ultimate conclusions.[139] Fey may rely on these comments in forming his opinion. Additionally, Fey may discuss these comments generally, to the extent that they are an indicia that an accident was staged or intentional. However, for the reasons explained above, Fey may not repeat the content of these comments before the jury because their probative value is substantially outweighed by their prejudicial effect.

### J.     *Medical Records of Plaintiffs' Prior Injuries from Unrelated Accidents*

Plaintiffs seek to exclude certain medical records of Plaintiffs' prior injuries, arguing these records will "confuse the jury about irrelevant prior accidents" and are prejudicial.[140] "Defendants agree to withdraw" six of the seven exhibits that Plaintiffs seek to exclude.[141] Defendants reserve

---

[136] *See supra* Part IV.B.

[137] Rec. Doc. 385-1 at 36–37.

[138] Rec. Doc. 388 at 8.

[139] *Sandifer*, 907 F.3d at 808 (quoting *Daubert*, 509 U.S. at 595). *See also* Fed. R. Evid. 703.

[140] Rec. Doc. 385-1

[141] Rec. Doc. 388 at 8–9. Defendants expressly agree with withdraw the following exhibits, reserving the right to introduce them for impeachment purposes if necessary:

1.   Certified medical records of Ochsner Health System concerning treatment provided to Wayland

their right to introduce these records for impeachment purposes.[142] Therefore, the Court grants Plaintiffs' motion as to these records. Defendants may introduce these records at trial for impeachment purposes, if necessary.

However, Defendants do not address the "certified records of Metropolitan Health Group concerning treatment provided to Wayland Collins" that Plaintiffs seek to exclude.[143] The Court has already held that evidence of similar injuries "is relevant because it addresses whether the subject collision in fact caused the injuries in question."[144] The Court also noted that it did not have sufficient information to "determine whether Plaintiffs' pre-existing similar injuries were asymptomatic [at the time of this accident]."[145] To the extent that Defendants intend to introduce these records for impeachment purposes, Plaintiffs' request is denied.

### K.   Reference to Plaintiffs' Counsel's Fiancé

Plaintiffs move the Court to prohibit any reference to Plaintiffs' counsel's fiancé Sean

---

Collins after a motorcycle accident in 2013;

2.   Certified medical records of Leonard J. Chabert Medical Center concerning treatment rendered to Wayland Collins in 2013;

3.   Certified medical records of Versailles Health Clinic concerning medical treatment provided to Alvin Polk;

4.   Certified medical records of University Medical Center concerning medical treatment provided to Alvin Polk on August 29, 2015 relative to a "burning sensation" while he was in the bathroom;

5.   Certified medical records of Touro Infirmary concerning an injury to Alvin Polk's shoulder in 2010; and

6.   Certified medical records of Ochsner Health System concerning treatment provided to Alvin Polk for a nasal injury.

*Id.* Defendants also reserve the right to introduce certified medical records of any injury or any issue made the basis of this litigation. *Id.*

[142] *Id.*

[143] *See* Rec. Doc. 385-1 at 38.

[144] Rec. Doc. 224 at 31.

[145] *Id.*

Alfortish.[146] Plaintiffs contend that the prior conviction of Alfortish discussed in Fey's report is over fifteen years old and irrelevant.[147] Defendants do not address this argument in their opposition. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds that evidence of Alfortish's prior conviction, and, more particularly, his relationship to Plaintiffs' counsel, is more prejudicial than probative and therefore grants Plaintiffs' request to have such evidence excluded.

### L.      *Reference to Plaintiffs' Counsel's Representation of Other Clients*

Similarly, Plaintiffs move the Court to exclude any discussion of Plaintiffs' counsel's representation of other clients.[148] Defendants do not address this argument. The Court agrees with Plaintiffs and finds that any reference to Plaintiffs' counsel's representation of other clients would be unduly prejudicial. Accordingly, the Court grants Plaintiffs' request to prohibit any reference to Plaintiffs' counsel's other clients.

### M.     *Surveillance Footage or Testimony from Melvin Robarts*

Plaintiffs move the Court to exclude the testimony of Melvin Robarts and any surveillance footage he may have taken of Plaintiffs.[149] Defendants agree to withdraw any surveillance evidence not produced to Plaintiffs and will not call Melvin Robarts.[150] Therefore, this evidence

---

[146] Rec. Doc. 385-1 at 41.

[147] *Id.*

[148] *Id.* at 41–42.

[149] Rec. Doc. 385-1 at 42.

[150] Rec. Doc. 388 at 9.

is excluded.

### N.     *Testimony of Eric Hernandez*

Plaintiffs seek to exclude the testimony of Eric Hernandez, the EMT who attended to Candy Kelly.[151] Defendants concede this testimony is no longer relevant because Candy Kelly settled her claims.[152] Defendants agree to remove Hernandez from their Witness List.[153] Therefore, this evidence is excluded.

### O.     *Articles from the NICB or Reference to SIU*

Plaintiffs move the Court to prohibit any witness from "mentioning or relying upon" information from the National Insurance Crime Bureau ("NICB") or from discussing a "Special Investigative Unit" ("SIU").[154] Plaintiffs argue that the NICB is "dedicated exclusively to insurance fraud and crime."[155] Likewise, Plaintiffs assert that SIUs are departments within an insurance company that investigate "fraudulent activities."[156] In support, Plaintiffs cite *Baham v. Lovorn & Lovorn Trucking*, where another district judge of this Court prohibited a defense expert from relying on NICB materials.[157] In opposition, Defendants assert that Plaintiffs' reliance on *Baham* is misplaced, because in that case, the defense expert was testifying as an accident

---

[151] Rec. Doc. 385-1 at 43.

[152] Rec. Doc. 388 at 9.

[153] *Id.*

[154] Rec. Doc. 385-1 at 44.

[155] *Id.* (emphasis omitted).

[156] *Id.* (emphasis omitted).

[157] *Id.* (citing *Baham v. Lovorn & Lovorn Trucking*, No. 18-8881, 2020 WL 1864848 (E.D. La. Apr. 14, 2020) (Zainey, J.)).

reconstruction expert.[158]

As this Court has repeatedly explained, the Court has already ruled that Fey may not testify regarding fraud in any instance.[159] The Court agrees that *Baham* is distinguishable. In that case, a defense expert was testifying as an expert in accident reconstruction.[160] The Court ordered portions of the expert's report opining on whether the accident was staged to be redacted because the Court had already "specifically . . . [prohibited] this type of testimony."[161] Here, unlike the expert in *Baham*, Fey is not permitted to testify about accident reconstruction.[162] Instead, Fey's expert testimony will discuss indicia of staged or intentional accidents. Fey may rely on materials from the NICB or from SIUs to the extent those materials inform his expertise on indicia of staged or intentional accidents. Accordingly, Plaintiffs' request is denied.

## P.    *Reference Plaintiffs' Counsel's Advertising Slogans*

Plaintiffs seek to exclude "any comments as to the slogans" of Plaintiffs' counsel, arguing they are not probative and are prejudicial.[163] Defendants do not address this argument in their opposition.[164] The Fifth Circuit has explained that whether or not an attorney chooses to advertise

---

[158] Rec. Doc. 388 at 9.

[159] Rec. Doc. 231 at 4.

[160] *Baham*, 2020 WL 1864848, at *1.

[161] *Id.* at *2.

[162] Rec. Doc. 231 at 4.

[163] Rec. Doc. 385-1 at 44. Plaintiffs also begin this section by stating that they "seek to exclude from evidence the timing and purpose of retaining an attorney." *Id.* The Court has already ruled on this request. Rec. Doc. 224 at 21–22. There, the Court said it could not determine if such information would be relevant and would revisit the issue at trial, if necessary. *Id.* at 22. Plaintiffs present no new evidence, information, or argument to aid the Court in making this determination in advance of trial. Therefore, the Court, as previously stated, reserves the matter for trial.

[164] *See generally* Rec. Doc. 388.

her practice is "obviously irrelevant" to the issue of liability.[165] Therefore, the Court grants Plaintiffs' request and will prohibit any mention of Plaintiffs' advertising slogans at trial.

### V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Wayland Collins and Alvin Polk's "Omnibus Motion in Limine"[166] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent it seeks to exclude: (1) accident reports of other accidents involving Plaintiffs; (2) photographs of other accidents involving Plaintiffs; (3) Fey from repeating explicit details of inadmissible hearsay; (4) reference to Plaintiffs' counsel's fiancé; (5) reference to Plaintiffs' counsel's representation of other clients; (6) surveillance footage or testimony from Melvin Robarts; (7) testimony from Eric Hernandez; (8) reference to Plaintiffs' counsel's advertising slogans; and (9) all evidence that Defendants agreed to withdraw.[167]

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent it seeks to exclude the following: (1) Fey from testifying generally about evidence of similar motor vehicle accidents not involving Plaintiffs; (2) Fey from testifying generally about evidence of similar motor vehicle accidents involving Plaintiffs; (3) evidence that Plaintiffs' medical bills were incurred in bad faith; (4) cell phone records discussed in Fey's report; (5) declarations from Danielson, Pranicevic, and Fust; (6) email exchanges of Alfortish and Ernst; (7) Plaintiffs' counsel's letter of representation to Progressive Insurance Co.; (8) Progressive Insurance Co.'s

---

[165] *Mayes v. Kollman*, 560 F. App'x 389, 395 (5th Cir. 2014).

[166] Rec. Doc. 385.

[167] Defendants reserve their right to introduce any withdrawn evidence for impeachment purposes, if necessary.

acknowledgement of representation; (9) Fey from testifying generally about Facebook comments;

(10) medical records of Plaintiffs' prior injuries from unrelated accidents; and (11) reliance on

materials from the NICB or reference to SIUs.

    **NEW ORLEANS, LOUISIANA**, this 12th day of November, 2021.


**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**